1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LUIS MANUEL GARCES,                   No.  1:21-cv-00392-NONE-EPG (PC)

12              Plaintiff,

13         v.                               ORDER ADOPTING FINDINGS AND
                                            RECOMMENDATIONS
14    M. GAMBOA, et al.,
                                            (Doc. No. 18)
15              Defendants.

16

17         Plaintiff Luis Manuel Garces is a state prison inmate proceeding *pro se* and *in forma*

18    *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a

19    United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         On July 23, 2021, the assigned magistrate judge entered findings and recommendations

21    recommending that this action proceed on plaintiff's claims against defendants Hernandez,

22    Hubbard, Huerta, Cathey, Wolf, and Allison for excessive use of force in violation of the Eighth

23    Amendment and against defendants Hernandez, Hubbard, Ravijot, Ibarra, Camacho, Argon,

24    Ramadan, and Boyd for deliberate indifference to serious medical needs in violation of the Eighth

25    Amendment.  (Doc. No. 18.)  The assigned magistrate judge further recommended that all other

26    claims and defendants be dismissed for failure to state a claim upon which relief may be granted.

27    (*Id.*)  Those findings and recommendations were served on plaintiff and contained notice that any

28    objections thereto were to be filed within twenty-one (21) days from the date of service. (*Id*. at

1

1    28-29.)  On August 12, 2021, plaintiff filed objections to the findings and recommendations.

2    (Doc. No. 19.)

3         In his objections, plaintiff first argues that he has stated a cognizable failure-to-protect

4    claim.  (*Id.* at 1.)  However, the magistrate judge recommended dismissing this claim in part

5    because plaintiff did not allege he was injured by other inmates.  (Doc. No. 18 at 19.)  Plaintiff

6    does not show any flaws with the magistrate judge's reasoning on this point.

7         Second, plaintiff objects to the recommendation to dismiss the supervisory liability claim

8    brought against defendant Allison.  (Doc. No. 19 at 2.)  However, the magistrate judge

9    recommended that plaintiff's Eighth Amendment claim against defendant Allison in fact be

10   permitted to proceed.  (Doc. No. 18 at 28.)

11        Third, plaintiff argues that he adequately alleged that the prison's wardens and captains

12   are aware of the unconstitutional conditions on the 3B Yard and have not corrected it.  (Doc. No.

13   19 at 3–4.)  Plaintiff also argues that defendants Kern Klark and M. Gamboa are second-level-

14   grievance reviewers, are aware of the excessive-force grievances filed against their subordinates,

15   and have implemented a prison policy to deny medical care to assaulted inmates and to avoid

16   reporting coordinated assaults.  (*Id.*)  The magistrate judge considered these arguments, and

17   plaintiff has not shown any flaws with the magistrate judge's analysis in his objections.

18        Fourth, plaintiff indicates a desire to dismiss his fourth claim asserting a due process

19   violation without prejudice.  The magistrate judge found that plaintiff's Fourteenth Amendment

20   claims fail, in part, because plaintiff did not allege that any criminal proceedings concluded in his

21   favor.  Plaintiff states in his objections that plaintiff's "extra prison time has not been adjudicated

22   yet" and requests that his fourth claim be dismissed without prejudice.  (Doc. No. 19 at 4.)  The

23   court will grant this request by dismissing this claim without prejudice.

24        Fifth, plaintiff objects on the grounds that the magistrate judge erroneously dismissed his

25   fifth cause of action, which was brought against defendants V. Cathey and T. Wolf for excessive

26   use of force in violation of the Eight Amendment.  (*Id.*; Doc. No. 15 at 28–32 (second amended

27   complaint).)  Plaintiff argues that the magistrate judge erred by failing to note that the claims are

28   separate.  However, because the legal causes of action are similar, the magistrate judge properly

2

1  analyzed them together.  (Doc. No. 18 at 15–16.)

2         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

3  *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the

4  magistrate judge's findings and recommendations are supported by the record and by proper

5  analysis.

6         Accordingly,

7    1.    The findings and recommendations entered on July 23, 2021 (Doc. No. 18) are

8          adopted;

9    2.    This case proceeds only on plaintiff's claims against defendants Hernandez,

10          Hubbard, Huerta, Cathey, Wolf, and Allison for excessive force in violation of the

11          Eighth Amendment and against Defendants Hernandez, Hubbard, Ravijot, Ibarra,

12          Camacho, Argon, Ramadan, and Boyd for deliberate indifference to serious

13          medical needs in violation of the Eighth Amendment;

14    3.    All other claims and defendants are dismissed, without prejudice, due to plaintiff's

15          failure to state a claim upon which relief may be granted;

16    4.    The Clerk of the Court is directed to terminate M. Gamboa, Kern Klark, Babb, and

17          A. Arisco as defendants on the docket and to add Kathleen Allison, Gill Ravijot,

18          Ibarra Jaime, Camacho Emilia, Argon Lorena, Ramadan Amr., and Boyd Donnie

19          as defendants on the docket; and

20    5.    The matter is referred back to the assigned magistrate judge for further

21          proceedings.

22  IT IS SO ORDERED.

23    Dated:   **December 27, 2021**      _____

24                          UNITED STATES DISTRICT JUDGE

25

26

27

28

3