UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. HERNANDEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 29) |

　　　　Plaintiff Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　On March 3, 2022, Plaintiff filed a motion for appointment of counsel along with a supporting declaration and memorandum of points and authorities. (ECF No. 29.) Plaintiff requests appointment of counsel because he is unable to afford counsel; the issues involved in the case are complex; Plaintiff is in segregated housing and has limited access to the law library; he has been unable to find an attorney to help him on his own; and Plaintiff has limited knowledge of the law and is illiterate. (*Id.*).

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

1

U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.[1]

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **March 7, 2022**         /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] As to Plaintiff's assertion that he has limited law library access, the Court notes that the defendants have not yet appeared in the case and there are no pending deadlines at this time. However, if Plaintiff needs an extension of time in the future based on his limited ability to access the law library, he may file an appropriate request with the Court as soon as the need for the extension becomes apparent. Any such request should describe Plaintiff's efforts to access the law library and the prison's response, if any.