1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10

11   LUIS MANUEL GARCES,                    Case No. 1:21-cv-00392-JLT-EPG (PC)

12                  Plaintiff,

13         v.                                FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING THAT PLAINTIFF'S
14   D. HERNANDEZ, et al.,                   REQUEST FOR ENTRY OF DEFAULT BE
                                             DENIED
15                  Defendants.
                                             (ECF No. 52.)
16
                                             OBJECTIONS, IF ANY, DUE WITHIN
17                                           FOURTEEN (14) DAYS

18

19          Plaintiff Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding pro se and in

20   forma pauperis in this action pursuant to 42 U.S.C. § 1983. On July 19, 2022, Plaintiff filed a

     request for entry of default against Defendants Allison, Hernandez, Hubbard, Cathey, Wolf,
21
     Huerta, Ravijot, Ibarra, Camacho, Argon, Ramadan, and Boyd[1] ("Defendants"). (ECF No. 52.)
22
     For the following reasons, the Court recommends that Plaintiff's request be denied.
23
            **I.      LEGAL STANDARDS**
24
            Federal Rule of Civil Procedure 55 provides, "[w]hen a party against whom a judgment
25
     for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown
26
     by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before a
27

28   _____
     [1] Plaintiff also requested entry of default against Gamboa, who has been terminated from this case and is not a
     defendant. (*See* ECF Nos. 18, 21.)

default will be entered, the clerk must be satisfied from the request and accompanying documentation that: 1) the defendant has been served with the summons or has agreed to waive serve; 2) the time allowed by law for responding has expired; and 3) the defendant has failed to file a pleading or motion permitted by law. *U.S. ex rel. Felix Haro Const., Inc. v. St. Paul Fire and Marine Ins. Co.,* 2009 WL 1770156, at *3 (E.D. Cal. June 23, 2009) (citing *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 512 (9th Cir. 1986)); *see also Chambers v. Knight,* 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("A default may not enter against a defendant unless the plaintiff has properly served the defendant.").

Federal Rule of Civil Procedure 4 governs service of the summons and provides:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
. . .

(j) Serving a Foreign, State, or Local Government.
(1) *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.
(2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
(A) delivering a copy of the summons and of the complaint to its chief executive officer; or
(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(e), (j). California law, in turn, permits service by personal delivery as well as substitute service on an individual:

If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served ... a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent

member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. Proc. § 415.20(b); *see also* Cal. Code Civ. Proc. § 415.10. California law further permits service on public entities by delivering a copy of the summons and complaint to the clerk, secretary, president, presiding officer, or other head of its governing body. Cal. Code Civ. Proc. § 416.50.

## II.   DISCUSSION

Defendants were served with the summons and operative complaint through the Court's E-Service pilot program for civil rights cases. (ECF No. 22.) Defendants returned waivers of service on April 8, 2022, April 13, 2022, and May 13, 2022. (ECF Nos. 35, 39.) Defendants filed their first request for an extension of time to file a responsive pleading on April 11, 2022. (ECF No. 39.) The Court granted the request and extended the responsive pleading deadline to July 11, 2022. (ECF No. 41.) On July 8, 2022, Defendants requested a second extension of the responsive pleading deadline, which Plaintiff opposed. (ECF Nos. 48, 49.) The Court entered an order on July 19, 2022 granting the motion and extending Defendants' responsive pleading deadline to August 11, 2022. (ECF No. 50.)

Plaintiff's request for entry of default is dated July 5, 2022, before Defendants' previous responsive deadline expired and before the Court issued an order further extending the deadline to August 11, 2022. Therefore, Defendants are not in default because the time to respond has not yet expired. The Court will accordingly recommend that Plaintiff's request for entry of default be denied.

## III.   CONCLUSION AND RECOMMENDATION

In light of the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's request for entry of default against Defendants (ECF No. 52) be denied.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen

(14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 20, 2022**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE