UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>  Plaintiff,<br><br>  v.<br><br>D. HERNANDEZ, et al.,<br><br>  Defendant. | Case No.: 1:21-cv-0392 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT<br>(Doc. 53)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br>(Doc. 59) |

Luis Manuel Garces asserts he suffered violations of his civil rights while incarcerated and seeks to hold the defendants liable pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge determined service was proper, and the defendants were served with the summons and complaint though the Court's e-Service program. (Doc. 22.)  Defendants returned waivers of service on April 8, 2022, April 13, 2022, and May 13, 2022.  (Docs. 35, 39, 43.)  The magistrate judge granted Defendants' requests to extend the deadline to file a responsive pleading. (Docs. 38, 41, 48, 50.)

On July 19, 2022, the magistrate judge granted a request for further extension of time and ordered Defendants to file a responsive pleading no later than August 11, 2022.  (Doc. 50.) Defendants were also informed that "no further extensions [would] be granted absent good cause."

(*Id.* at 2.)  The same date, Plaintiff filed a request for entry of default.  (Doc. 52.)  The magistrate judge noted this request was filed before the deadline for Defendants to file a responsive pleading had expired.  (Doc. 53 at 3.)  Therefore, the magistrate judge recommended the request for entry of default be denied on July 20, 2022.  (*Id.*)

On August 1, 2022, Plaintiff filed timely objections to the Findings and Recommendations.  (Doc. 58.)  Plaintiff contends the magistrate judge exceeded her authority in granting the extensions of time for Defendants to respond to his complaint.  (*Id.* at 1-3.)  In addition, Plaintiff asserts "the Findings and Recommendations are contrary to the Federal Rule of Civil Procedure" because Defendants were granted a 90-day extension but did not file an answer.  (*Id.* at 4.)  On August 3, 2022, Plaintiff then filed a motion for default judgment.  (Doc. 59.)

To the extent Plaintiff now contends the magistrate judge erred in granting the further extension of time, he has not properly raised the matter as a request for reconsideration.  Regardless, the Federal Rules of Civil Procedure clearly authorize the Court to extend the deadline to file a responsive pleading for good cause.  *See* Fed.R.Civ.P. 6(b).  Notably, this rule "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on their merits."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010).  As the magistrate judge determined, counsel exhibited good cause due to a recent reassignment to the matter, a pre-planned vacation, and need for additional time to meet and confer with Plaintiff concerning early settlement conference.  (*Id.* at 1-2.)  Thus, Plaintiff's objection that the magistrate judge exceeded her authority by extending the responsive pleading deadline is overruled.  With the ordered deadline of August 11, 2022, Plaintiff's request for default was premature under Rule 55 of the Federal Rules of Civil Procedure and the magistrate judge did not err in denying the request.

Further, default judgment may not be entered, because default has not been entered by the Court.  *See* Fed.R.Civ.P. 55; *see also Symantec Corp v. Glob. Impact Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting the two-step process under Rule 55 of entering default and then entering a default judgment); *Ortiz v. Diversified Consultants, Inc.*, 2017 WL 3593728 at *3-4 (E.D. Cal. Aug 21, 2017) (denying a motion for default judgment because no default had been entered); *Thielwisemiller v. Eder*, 2014 WL 1796323 at *3 (D. Nev. May 6, 2014) (explaining default is a "precondition to the entry of a

default judgment"). Moreover, Defendants filed their Answer on August 11, 2022, in compliance with the deadline ordered by the Court. (Doc. 60.) Accordingly, Plaintiff's motion for default judgment is likewise denied.

Pursuant to 28 U.S.C. § 636 (b)(1)(C), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire matter—including Plaintiff's objections—the Court concludes the Findings and Recommendations are supported by the record and by proper analysis. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations dated July 20, 2022 (Doc. 53) are **ADOPTED** in full.
2. Plaintiff's request for entry of default (Doc. 52) is **DENIED**.
3. Plaintiff's motion for default judgment (Doc. 59) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 29, 2022**

UNITED STATES DISTRICT JUDGE