UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>D. HERNANDEZ, *et al.*,<br><br>        Defendant(s). | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS |

Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 31, 2022, the Court issued an order requiring the parties to file scheduling and discovery statements. (ECF No. 63). The parties have now filed their statements. (ECF Nos. 72 & 73).

The Court has reviewed this case and the parties' statements. In an effort to secure the just, speedy, and inexpensive disposition of this action,[1] the Court will direct that certain documents that are central to the dispute be promptly produced.[2]

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

Accordingly, IT IS ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[3]

    a. Documents regarding exhaustion of Plaintiff's claims, including 602s, Form 22s, and responses from the appeals office, including Health Care Grievance Log Number 19001233.

    b. All documents regarding the Rules Violation Report associated with the incident(s) alleged in the complaint, including disciplinary charges and findings.

    c. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[4]

    d. Incident reports regarding the use of force incident(s) alleged in the complaint, including Incident Log Number COR-03B-19-06-0682, and photographs of evidence logged.

    e. All of Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case, including CDCR Form 7219 Medical Report of Injury or Unusual Occurrence; radiology images, reports, and

---

[3] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

[4] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

The Court notes that Defendant(s) only need to produce documents such as a Confidential Appeal Inquiry or a Use of Force Critique to the extent those documents contain witness statements related to the incident(s) alleged in the complaint and/or evidence related to the incident(s) alleged in the complaint that will not be provided to Plaintiff separately.

    medical chart notes taken at Adventist Health Bakersfield on June 12, 2019; and relevant portions of Plaintiff's Unit Health Records.

  f. Chronos for transfer or Administrative Segregation placement related to the incident(s) alleged in the complaint, including Custody Appeal Log Number CSPC-5-19-04351.

  g. Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s), including the Staff Complaint Interview of Plaintiff on July 3, 2019.[5]

  h. Superior records from Kings County Superior Court regarding Case Number 19CMS-5296 for dates June 5, 2020 through May 24, 2022.

  i. Abstracts of judgment from San Diego County Superior Court Case Number SCD133238 dates September 19, 2016; March 29, 2017; November 2, 2005; and August 30, 2004.

  j. Abstracts of judgment from Lassen County Superior Court Case number CH033155 dated February 17, 2016.

  k. Declaration from Kern Valley State Prison custodian of medical records, M.Arias, dated March 14, 2022.

  l. Declaration from Kern Valley State Prison custodian of central file records, B. Hancock, dated March 11, 2022.

  m. Classification Committee Review Reports and relevant portions of Plaintiff's Central File to the extent those documents are related to the event(s) at issue in the complaint.

2. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.

---

[5] If Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s).

3. Parties do not need to produce documents or evidence that they have already produced.

4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

5. Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within ninety days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response. If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated: __October 26, 2022__       /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE