1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   LUIS MANUEL GARCES,                     Case No. 1:21-cv-00392-JLT-EPG (PC)

11                  Plaintiff,               ORDER GRANTING MOTION FOR LEAVE
                                             TO AMEND
12          v.
                                             (ECF No. 56).
13   D. HERNANDEZ,

14                  Defendant.

15

16

17          Plaintiff Luis Manuel Garces ("Plaintiff") is a state inmate proceeding *pro se* and *in forma*

18   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a

19   United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          Before the Court is Plaintiff's motion for leave to amend. (ECF No. 56). Plaintiff seeks to

21   add defendants, to add additional factual allegations, and to add a Fourteenth Amendment

22   procedural due process claim pursuant to 42 U.S.C. § 1983.

23          For the reasons that follow, the Court will grant Plaintiff's motion for leave to amend, and

24   order that this action proceed on Plaintiff's Fourteenth Amendment claim against Defendants

25   Babb, Sanders, and Gamboa for procedural due process violations, as well as Plaintiff's Eighth

26   Amendment excessive force and deliberate indifference claims pursuant to the Court's previous

27   orders (*See* ECF Nos. 18 and 21).

28
                                             1

1    I.    **BACKGROUND**

2        The Court screened Plaintiff's Second Amended Complaint ("SAC") on July 23, 2021.

3    (ECF No. 18). Plaintiff's SAC alleged a Fourteenth Amendment procedural due process claim

4    against Captain Warden M. Gamboa, Lieutenant T. Sanders, Captain Babb, and Gallegher. (Id. at

5    24). As described in the Court's screening order,

6        Plaintiff alleges that he was placed in administrative segregation without being
         provided a CDCR 114-D or other notice of the charges against him. Plaintiff also
7        alleges that Captain Babb and T. Sanders fabricated and falsified statements to be
         able to issue RVR 115 and place Plaintiff in administrative segregation and to
8        prosecute him without due process of law.

9    (Id.) Based on Plaintiff's allegations in the SAC, the Court's screening order included the relevant

10   procedural due process legal standards regarding administrative segregation and false rules

11   violation reports. (Id. at 20-24).

12       Plaintiff's Fourteenth Amendment claim regarding his placement in administrative

13   segregation was premised on the allegation that prison officials failed to explain the factual basis

14   for the charges made against Plaintiff. (ECF No. 18, p. 25). As explained in the Court's screening

15   order, the applicable Supreme Court and Ninth Circuit case law "do[es] not require prison

16   officials to provide notice on a particular form or to explain the factual bases for any charges

17   upon placement in administrative segregation." (Id. at 25). The Court found that Plaintiff failed to

18   state a cognizable claim arising out of his placement in administrative segregation because

19   Plaintiff's own factual allegations indicated that he was "notified of the charges against him

20   shortly after being placed in administrative segregation." (Id. at 25).

21       As for Plaintiff's Fourteenth Amendment claim regarding the false rules violations report

22   made against him, the Court explained that Plaintiff could only state a claim on those grounds if:

23       (1) [T]he false allegations were made in retaliation for Plaintiff exercising his
         constitutional rights, (2) he was not afforded procedural due process in a
24       proceeding concerning the false report, or (3) the false statement was used to
         subject Plaintiff to a criminal proceeding in accordance with *Devereaux*.

25   (ECF No. 18, p. 25). With respect to retaliation, the Court found that the SAC failed to allege that

26   the relevant defendants created the false rules violation report against Plaintiff in retaliation for

27   exercising a constitutional right. (Id.) Further, because Plaintiff did not allege any procedural due

28   process violations beyond the fact that Plaintiff was not informed of the underlying factual basis

of the charges made against him, the SAC failed to state a cognizable procedural due process claim. (Id.) As for a potential *Devereaux* claim, the Court found that:

> [B]ecause the SAC alleges that the criminal proceedings arising out of the false rules violation report have not ended in his favor, Plaintiff fails to adequately allege a *Devereaux* deliberate fabrication claim.

(Id. at 26). For those reasons, the Court found that Plaintiff's allegations that Captain Babb and Lieutenant Sanders fabricated and falsified statements against him failed to state a cognizable constitutional violation. (Id. at 25).

The Court's screening order recommended that the case proceed on Plaintiff's Eighth Amendment excessive force claim against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison, and Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Hernandez, Hubbard, Gill[1], Ibarra, Camacho, Argon, Ramadan, and Boyd. (ECF No. 18 at 28). The Court further recommended that "[a]ll other claims and defendants be dismissed for failure to state a claim upon which relief may be granted." (Id.)

The Court's screening order was adopted on December 29, 2021. (ECF No. 21). In the order adopting, District Judge Dale A. Drozd dismissed Plaintiff's Fourteenth Amendment claim without prejudice, explaining that:

> [P]laintiff indicates a desire to dismiss his fourth claim asserting a due process violation without prejudice. The magistrate judge found that plaintiff's Fourteenth Amendment claims fail, in part, because plaintiff did not allege that any criminal proceedings concluded in his favor. Plaintiff states in his objections that plaintiff's "extra prison time has not been adjudicated yet" and requests that his fourth claim be dismissed without prejudice. The court will grant this request by dismissing this claim without prejudice.

(Id. at 2) (internal citations omitted).

On July 25, 2022, Plaintiff filed the instant motion for leave to amend (ECF No. 56) and proposed amended complaint (ECF No. 57). Plaintiff requests leave to add the following defendants named in his original complaint: Captain Warden M. Gamboa, Captain Babb, and Lieutenant T. Sanders. (Id. at 1). Because the Court granted Plaintiff's request to deny the due process claim without prejudice, Plaintiff's proposed amended complaint seeks to add new factual allegations "to reflect the identity and the action of officers M. Gamboa, Babb, and T.Sanders" to

---

[1] Defendant R. Gill was previously identified as Defendant Gill Ravijot in the Court's screening orders. According to Defendants' scheduling statement, R. Gill is the correct name. (*See* ECF No. 73, p. 2, n.1).

1  support a Fourteenth Amendment procedural due process claim. (Id.) In particular, the proposed

2  amended complaint alleges that Defendants Gamboa, Babb, and Sanders retaliated against

3  Plaintiff by fabricating or altering various types of evidence so as to falsely accuse Plaintiff. (ECF

4  No. 57, p. 25). Plaintiff alleges the fabricated and altered evidence was the basis for a criminal

5  case against Plaintiff, which was decided in Plaintiff's favor on June 24, 2022. (Id.)

6          Defendants did not file an opposition to Plaintiff's motion for leave to amend.

7  **II.      LEAVE TO AMEND**

8          Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P.

9  15(a)(2). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission*

10  *Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Waldrip v. Hall*, 548 F.3d 729, 732

11  (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations.

12  Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility,

13  and undue delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th

14  Cir. 2011) (citations and internal quotation marks omitted); *see also Waldrip*, 548 F.3d at 732.

15          Plaintiff seeks to add defendants, to add additional factual allegations, and to add a

16  Fourteenth Amendment procedural process claim. Here, the Court does not find undue delay in

17  Plaintiff's request for leave to amend. Indeed, Plaintiff specifically requested that the procedural

18  due process claim be dismissed without prejudice as the criminal case against Plaintiff had not yet

19  been adjudicated. According to Plaintiff's proposed amended complaint, a favorable outcome was

20  reached in that case on June 24, 2022, and Plaintiff promptly filed the instant motion for leave to

21  amend on July 25, 2022. Further, although this case has been pending since March 12, 2022, the

22  Court only recently issued discovery and scheduling orders in this case. (*See* ECF Nos. 77 and

23  78), and so this case is still in a relatively early stage of litigation. Additionally, there is little

24  indication that Plaintiff filed his motion in bad faith. As for any possible prejudice to Defendants,

25  Defendants have not opposed Plaintiff's motion for leave to amend, and given the stage of this

26  case, no undue delay will result from leave to amend. Indeed, Defendants have requested and

27  received several extensions in this case to waive service and file a responsive pleading. (*See* ECF

28  Nos. 33, 41, 42, and 50). For those reasons, the Court will grant Plaintiff's motion for leave to

amend and will screen Plaintiff's proposed amended complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

### IV.   SUMMARY OF PLAINTIFF'S PROPOSED AMENDED COMPLAINT

Based on the Court's review, Plaintiff's proposed amended complaint is largely identical to the screened SAC. As explained above, the Court's screening order addressed Plaintiff's procedural due process claim regarding Plaintiff's placement in administrative segregation as well

as Plaintiff's allegations concerning the false rules violations reports. (*See* ECF No. 18, p. 20-26). The Court found that Plaintiff failed to state a cognizable constitutional violation based on Plaintiff's allegations regarding his placement in administrative segregation. (Id. at 24-25). Because Plaintiff's motion for leave to amend and proposed complaint do not appear to reallege a procedural due process claim based on those allegations, the Court will not readdress Plaintiff's allegations regarding his placement in administrative segregation. Further, because the proposed amended complaint is otherwise identical to the screened SAC, the Court provides the following brief summary.

Plaintiff's procedural due process claim arises from an incident that took place on June 12, 2019, where Plaintiff was assaulted by a group of officers after he requested protection. (ECF No. 57, p. 25). Plaintiff was sent to the hospital. (Id. at 24). When Plaintiff returned, he was placed in A.S.U. (Id.) At some point, Plaintiff was told that he was placed in ad/seg for assault on a peace officer. (Id.)

Plaintiff was subsequently criminally charged. (Id.) After Plaintiff received the criminal complaint, he discovered that Captain Babb and Lieutenant T. Sanders were responsible for the initial procedural due process violation. (Id.)

After the June 12, 2019, incident, Defendants Captain Babb and Lieutenant T. Sanders coordinated with Captain Warden M. Gamboa to deliberately alter and fabricate evidence, officer's reports, medical reports, and other information so as to deny Plaintiff's due process rights and to create false probable cause for Plaintiff to be prosecuted. (Id. at 25). Plaintiff's motion for leave to amend also states that Defendants Gamboa, Babb and Sanders fabricated and planted evidence of a boot print with the help of third-party individuals identified as I.G.I Rodriguez and Arisco. (ECF No. 56, p. 3). Plaintiff appears to allege that those third parties cleaned up evidence of Plaintiff's blood before taking pictures after the June 12, 2019, incident underlying Plaintiff's excessive force claim. (Id. at 2-3).

Plaintiff alleges that the false accusations were both retaliatory and part of a cover up to interfere with any future civil action brought by Plaintiff regarding Plaintiff's excessive force allegations. (ECF No. 57, p. 25). The criminal prosecution against Plaintiff was based on the fabricated evidence and reports. The resulting criminal case "went to Judge trial, who entered a

direct verdict dismissing all counts per P.C. 1118" on June 24, 2022. (Id.) Plaintiff alleges that as a result of the false accusations, he was placed in solitary confinement for two years, and in Super Max prison for three years. (Id.)

Plaintiff's proposed amended complaint states that Defendants Gamboa, Babb, and Sanders are sued both individually and in their official capacity. (Id. at 5).

## V.    SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard

7

'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

**A. Procedural Due Process**

1. General Procedural Due Process Legal Standards

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "A due process claim is cognizable only if there is a recognized liberty or

property interest at stake." *Coakley v. Murphy*, 884 F.2d 1218, 1220 (9th Cir.1989). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state law or prison regulations. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

2.   Due Process Legal Standards Re: *Devereaux* Claim

In the criminal context and in the context of certain administrative proceedings, deliberately false allegations can give rise to a due process claim where there was a resulting deprivation of liberty. *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc) ("[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government."); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101 (9th Cir. 2010) (denying summary judgment on a fabrication of evidence claim against a defendant based on evidence that the defendant falsified evidence that was used in an administrative proceeding, and which led to the revocation of Plaintiff's foster care license and loss of guardianship of two minor children); *Chappell v. Bess*, 2012 WL 3276984, at *22 (E.D. Cal. Aug. 9, 2012) ("The court finds that plaintiff has alleged the deprivation of a cognizable liberty interest based on his allegations that, as a result of defendants' alleged fabrication of evidence, plaintiff was subjected to unwarranted disciplinary proceedings and criminal prosecution, and was retained in administrative segregation for more than two years, the latter, particularly if unwarranted, constituting an atypical and significant hardship ... in relation to the ordinary incidents of prison life." (alteration in original) (citation and internal quotation marks omitted)).

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted). In addition, a plaintiff must wait until the criminal case finishes before

1   bringing the action. *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) (holding an acquitted

2   plaintiff "could not bring his fabricated-evidence claim under § 1983 prior to favorable

3   termination of his prosecution").

4         Here, Plaintiff alleges that Defendants Babb and Sanders coordinated with Defendant

5   Gamboa to alter and fabricate officer reports and medical records regarding the June 12, 2019,

6   incident between Plaintiff and Defendants Hernandez, Hubbard, Huerta, Cathey, and Wolf.

7   Plaintiff further alleges Defendants Babb, Sanders and Gamboa deliberately fabricated and

8   altered evidence, which was used as probable cause to prosecute Plaintiff for assault on a peace

9   officer. As a result of the criminal charges, Plaintiff was placed in solitary confinement and in a

10  Super Max facility. Further, Plaintiff received favorable termination in the criminal prosecution

11  via a directed verdict. These allegations plausibly state a claim for deliberate fabrication.

12  Therefore, the Court finds that Plaintiff's proposed amended complaint states cognizable claims

13  against Defendants Gamboa, Babb, and Sanders for violation of Plaintiff's Fourteenth

    Amendment procedural due process rights.

14  **VI.   ORDER**

15        Accordingly, based on the foregoing, IT IS ORDERED that:

16     1.   Plaintiff's motion for leave to amend the complaint (ECF No. 56) is GRANTED;

17     2.   The Clerk of Court is directed to file Plaintiff's lodged Third Amended Complaint

18          (ECF No. 57);

19  \\\

20  \\\

21  \\\

22  \\\

23  \\\

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

3. This case proceeds on Plaintiff's Third Amended Complaint on Plaintiff's claims against Defendants Gamboa, Babb, and Sanders for procedural due process in violation of the Fourteenth Amendment, as well as Plaintiff's claims against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison for excessive force in violation of the Eighth Amendment and against Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Argon, Ramadan, and Boyd for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (*See* ECF Nos. 18 and 21).

IT IS SO ORDERED.

Dated:   __**October 27, 2022**__                    __/s/ Erica P. Grosjean__

UNITED STATES MAGISTRATE JUDGE

11