1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS MANUEL GARCES, | Case No.  1:21-cv-00392-JLT-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REVOKE CONSENT TO MAGISTRATE JUDGE (Doc. 68) |
| v. | |
| D. HERNANDEZ, *et al.*, | ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND DENYING PLAINTIFF'S REQUEST TO WITHDRAW CONSENT (Doc. 70) |
| Defendants. | |
| | ORDER DENYING PLAINTIFF'S RENEWED REQUESTS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT (Doc. 74) |
| | ORDER DENYING MISCELLANEOUS RELIEF (Docs. 66, 69, 75) |

Luis Manuel Garces proceeds *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. Currently before the Court are various motions, objections, and filings submitted by Plaintiff: a second motion for extension of time, (Doc. 69), a motion for the Court to hear the amended complaint, lodged objections, motion for default judgment, and request for extension of time, (Doc. 66), a motion to revoke consent to the assigned magistrate judge, (Doc. 68), objections to the magistrate judge's ruling and request to withdraw consent, (Doc. 70), a reply to Defendants' counterclaims, (Doc. 71), a reply to Defendants' answer and renewed request for entry of default and default judgment against Defendants, (Doc. 74), and a motion for

1   an extension of time to respond to Defendants' scheduling statement, (Doc. 75).

2          For the following reasons, the Court will deny Plaintiff's motion to revoke consent,

3   motion for the Court to act, renewed request for entry of default and motion for default judgment,

4   and motions for extensions of time. The Court warns Plaintiff that further frivolous filings may

5   result in sanctions up to and including dismissal of this action.

6   **I.        BACKGROUND**

7          On August 30, 2022, this Court issued an order adopting findings and recommendations

8   that Plaintiff's request for entry of default be denied. (Doc. 62.) The Court also denied Plaintiff's

9   motion for default judgment. (*Id.* at 2-3.) Plaintiff had objected to the findings and

10  recommendations on the grounds that "the magistrate judge exceeded her authority in granting the

11  extensions of time for Defendants to respond to his complaint." (*Id.* at 2 (internal citations

12  omitted).) Furthermore, Plaintiff asserted the findings and recommendations were contrary to the

13  Federal Rules of Civil Procedure based on the fact that Defendants were granted a 90-day

14  extension, but did not file an answer. (*Id.*) The Court noted that "the Federal Rules of Civil

15  Procedure clearly authorize the Court to extend the deadline to file a responsive pleading for good

16  cause." (*Id.*) As the Court explained, entry of default, and thus, default judgment, would be

17  premature because Defendants filed a responsive pleading within the deadline. (*Id.* at 2-3.)

18         On August 31, 2022, Plaintiff filed a motion for a 21-day extension of time to respond to

19  Defendants' answer. (Doc. 64.) The magistrate judge denied Plaintiff's request on September 6,

20  2022. (Doc. 65.)

21         On September 6, 2022, Plaintiff filed a second motion for extension of time to respond to

22  "both Defendants answers." (Doc. 69.) Plaintiff asserts that his first request for extension of time

23  was submitted on August 25, 2022, and that his request was "ignored by the magistrate judge."

24  (*Id.* at 1.)

25         On September 8, 2022, Plaintiff filed a request for "this District Court to move the Court

26  to Process the Second/Third Amended Complaint that has been sent to this Court, as well as

27  objection to Magistrate Judge; Motion for Default Judgment, and Request for Extension of time."

28  (Doc. 66.) Plaintiff requests that the Court issue a decision on his motion for leave to amend and

motion for default judgment. (*Id.* at 1-2.) Plaintiff also states that the Court has taken no action at all regarding his motion for default judgment that was submitted on July 29, 2022, or his request for an extension of time that was submitted on August 25, 2022. (*Id.* at 2.) Plaintiff further asserts that in not promptly hearing his objections to the magistrate judge the Court is "harassing the Plaintiff" by forcing him to respond to untimely answers. (*Id.*) Plaintiff also request the Court to "stop" Defendants from filing motions or requests until a resolution is reached on Plaintiff's pending motions. (*Id.* at 3.)

On September 12, 2022, Plaintiff filed a motion to revoke consent to the assigned magistrate judge. (Doc. 68.) Plaintiff alleges that United States Magistrate Judge Erica P. Grosjean is biased toward Defendants and has not properly followed the Federal Rules of Civil Procedure. (*Id.* at 1.) Plaintiff also states that his motion for leave to amend the complaint "has been submitted to her office of the Clerk with no avail." (*Id.* at 2.) For those reasons, Plaintiff states that he withdraws magistrate consent and requests the Court to assign his case to a District Judge. (*Id.*)

On September 16, 2022, Plaintiff filed objections to the magistrate's denial of Plaintiff's request for extension of time, and a request to withdraw consent. (Doc. 70.) Plaintiff asserts that the magistrate judge screened Plaintiff's complaint without providing Plaintiff "the opportunity to reply to Defendants' counterclaims that has been submitted to Plaintiff in the Defendants' answer." (*Id.* at 1.) Further, Plaintiff objects to the magistrate judge's denial of his request for an extension of time to respond to Defendants' answer. (*Id.* at 2.) Plaintiff requests this Court to withdraw consent to the magistrate judge, and to grant his request for a 21-day extension. (*Id.* at 3.)

Plaintiff subsequently filed a reply addressing Defendants' counterclaims on September 19, 2022. (Doc. 71.) On October 3, 2022, Plaintiff filed a second reply to Defendants' answer. (Doc. 74.) Plaintiff asserts that Defendants have failed to answer the complaint according to the Federal Rules of Civil Procedure. (*Id.* at 20.) Further, Plaintiff requests that this Court grant his "declaration for entry of default and his filed motion for default judgment." (*Id.*)

On October 14, 2022, Plaintiff filed an "emergency request" for a 30-day extension of

3

1   time to respond to Defendants' scheduling statement. (Doc. 75.)

2   **II.      LEGAL STANDARDS REGARDING FRIVOLOUS FILINGS**

3       **A. Federal Rule of Civil Procedure 11**

4         Federal "Rule [of Civil Procedure] 11 provides for the imposition of sanctions when a

5   filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an

6   improper purpose." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996)

7   (footnote omitted).  Rule 11 sanctions may be imposed on "a showing of objectively unreasonable

8   conduct." *In re DeVille*, 361 F.3d 539, 548 (9th Cir. 2004).

9         "'Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a

10   plaintiff's *pro se* status when it determines whether the filing was reasonable.'" *Warren v.*

11   *Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (quoting *Harris v. Heinrich*, 919 F.2d 1515, 1516

12   (11th Cir. 1990).  However, a district court "cannot decline to impose any sanction where a

13   violation has arguably occurred simply because the plaintiff is proceeding *pro se*." *Simpson*, 77

14   F.3d at 1177 (citing *Warren*, 29 F.3d at 1390).  In relevant part, Rule 11 reads:

15       (b) *Representations to the Court.*  By presenting to the court a pleading, written
         motion, or other paper—whether by signing, filing, submitting, or later advocating
16       it—an attorney or unrepresented party certifies that to the best of the person's
         knowledge, information, and belief, formed after an inquiry reasonable under the
17       circumstances:

18         (1) it is not being presented for any improper purpose, such as to harass, cause
           unnecessary delay, or needlessly increase the cost of litigation;

19       . . .

20         (3) the factual contentions have evidentiary support or, if specifically so
           identified, will likely have evidentiary support after a reasonable opportunity for
21         further investigation or discovery;

22       . . .

23       (c) *Sanctions.*

24         (1) *In General.*  If, after notice and a reasonable opportunity to respond, the court
           determines that Rule 11(b) has been violated, the court may impose an
25         appropriate sanction on any attorney, law firm, or party that violated the rule or is
           responsible for the violation.

26

27   Fed. R. Civ. P. 11.

28   *///*

1    **B.   Inherent Authority**

2        The Court has inherent power to sanction parties for improper conduct. *Chambers v.*

3    *Nasco, Inc.*, 501 U.S. 32, 43-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766

4    (1980); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the

5    court's inherent authority is discretionary. *Air Separation, Inc. v. Underwriters at Lloyd's of*

6    *London*, 45 F.3d 288, 291 (9th Cir. 1995). The Court's "inherent power 'extends to a full range of

7    litigation abuses.' " *Fink*, 239 F.3d at 992 (quoting *Chambers*, 501 U.S. at 46-47). However, such

8    pre-filing orders are an extreme remedy and should rarely be used since such sanctions can tread

9    on a litigant's due process right of access to the courts. *Molski*, 500 F.3d at 1057.

10        "When acting under its inherent authority to impose a sanction, as opposed to applying a

11    rule or statute, a district court must find either: (1) a willful violation of a court order; or (2) bad

12    faith. … [A] sanction may be awarded either for willful disobedience of a court order or when a

13    party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Unites for*

14    *Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021) (citing *Roadway Exp.*, 477 U.S. at 766).

15    Although mere recklessness is insufficient to support sanctions under the court's inherent powers,

16    "recklessness when combined with an additional factor such as frivolousness, harassment, or an

17    improper purpose" is sufficient. *Fink*, 239 F.3d at 993-94. A litigant may be sanctioned for acting

18    for an improper purpose, even if the act was "a truthful statement or non-frivolous argument or

19    objection." *Id.* at 992. "[I]nherent powers must be exercised with restraint and

20    discretion." *Chambers*, 501 U.S. at 44.

21    **III.    DISCUSSION**

22        As a general matter, Plaintiff's impatience with the rate at which the Court processes his

23    various requests and motions is unreasonable. The Court advises Plaintiff that this Court has "one

24    of the heaviest caseloads in the nation" and operates under a declared judicial emergency. *See*

25    Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District.

26    Moreover, Plaintiff often requests the Court to act on filings shortly after the Court's receipt of

27    such filings. Indeed, Plaintiff's second motion for extension, filed on September 6, 2022,

28    complains that the Court had not yet answered his first request, filed on August 31, 2022. The

1    order regarding Plaintiff's first request was issued on September 6, 2022. Though Plaintiff states

2    the first request was submitted on August 25, the Court did not receive the filing until August 31.

3    Even considering Plaintiff's own dates of submission, Plaintiff's requests are unreasonable.

4    Plaintiff's second motion for extension indicates that it was drafted on August 31, 2022—a mere

5    six days after Plaintiff drafted and submitted his first request. These requests for the Court to

6    issue a ruling are unreasonable, redundant and unwarranted. Moreover, as for his request to the

7    hear the motion to amend (Doc. 66), that request is now moot because the request has been

8    granted (Doc. 76).

9         Plaintiff's numerous filings regarding a reply to Defendants' answer are largely irrelevant

10   or otherwise unreasonable. (*See* Docs. 66, 69, 70). The Federal Rules of Civil Procedure

11   contemplate a reply to the answer only when ordered by the Court. Fed. R. Civ. P. 12(a)(1)(C).

12   Because Plaintiff was not ordered to reply to Defendants' answer, the magistrate judge's denial of

13   Plaintiff's request for an extension of time to reply was based on a correct application of the

14   Federal Rules. Furthermore, though Plaintiff asserts that he has a right to respond to Defendants'

15   counterclaims, Defendants have not asserted any counterclaims against Plaintiff. (*See* Doc. 60.)

16        Plaintiff's objections to certain facts and affirmative defenses raised in Defendants'

17   answer could also be interpreted as a motion to strike. Federal Rule of Civil Procedure 12(f)

18   provides that a defectively pled affirmative defense may be removed. Motions to strike

19   affirmative defenses are disfavored, and often require a showing of prejudice by the moving

20   party. *See King v. Valley State Prison*, 2022 WL 190457, at *1 (E.D. Cal. Apr. 21, 2022) (internal

21   citations omitted.) Plaintiff has not demonstrated that he would be prejudiced by the inclusion of

22   any of Defendants' affirmative defenses. Thus, the replies filed by Plaintiff, (Docs. 71 and 74),

23   are disregarded. Also, Plaintiff's second motion for extension of time to file a response, (Doc.

24   69), will be denied.

25        Plaintiff's renewed request for entry of default and default judgment against Defendants is

26   unwarranted. (Doc. 74, p. 20.) As stated in the Court's previous order, Defendants responded to

27   Plaintiff's complaint, making default judgment improper. (Doc. 62, p. 2-3.) Plaintiff's renewed

28   request also fails to comply with the Local Rule 230(j) which provides that a motion for

1   reconsideration must include "what new or different facts or circumstances are claimed to exist

2   which did not exist or were not shown upon such prior motion, or what other grounds exist for the

3   motion." L.R. 233(j)(3). Because Plaintiff has failed to demonstrate why the Court's previous

4   order denying entry of default and default judgment against Defendants should be reconsidered,

5   Plaintiff's renewed request and motion will be denied.

6       As for Plaintiff's motion to revoke consent, to the extent Plaintiff is suggesting that this

7   matter is being treated as one in which any party has "consented" to have the magistrate judge

8   rule on dispositive matters, Plaintiff is mistaken. Even absent consent from all parties, which has

9   not been obtained, the assigned magistrate judge may still perform various roles as set forth in the

10  Local Rules of the Eastern District of California. *See, e.g*., Local Rules 302, 303.

11      Plaintiff's motion to revoke consent could be interpreted as a request for disqualification

12  in so far that Plaintiff argues the magistrate judge is not impartial and does not follow the rule of

13  law in terms of granting Defendants' requests for extensions while denying Plaintiff's requests for

14  extension to respond the Defendants' answer. (Doc. 68, p. 1-2.) However, having carefully

15  reviewed the entire record, the Court concludes that the magistrate judge's orders simply reject

16  Plaintiff's procedural moves as irrelevant or unauthorized. Plaintiff's disagreement with those

17  conclusions is not a valid basis for disqualification. *See Raiser v. City of Temecula*, 2020 Westlaw

18  193788, at *2 (C.D. Cal. Jan. 7, 2020) ("Plaintiff's mere disagreements with a ruling or even a

19  court's error (if there is one) does not transform that ruling into basis for disqualification.".)

20      As for Plaintiff's objections to the magistrate judge's rulings in this case, the Court notes

21  that Plaintiff was advised in a prior order that such objections are properly raised as a request for

22  reconsideration. (Doc. 62, p. 2.) The Court previously overruled Plaintiff's objection to the

23  magistrate judge on the grounds that she improperly granted extensions to Defendants. (Doc. 62,

24  p. 2.) Plaintiff's renewed objection on those same grounds is unreasonable. (*See* Doc. 68, p. 1-2.)

25  Additionally, Plaintiff's objections on the grounds that the magistrate improperly denied his

26  request for an extension to respond to Defendants' answer and ignored Defendants' counterclaims

27  when screening Plaintiff's complaint are overruled. (*See* Doc. 70, p. 1-2). As discussed above, a

28  response to Defendants' answer was not authorized, and Defendants have not made any

1  counterclaims against Plaintiff in this action. Plaintiff is advised that future objections to the

2  magistrate judge's rulings must be raised as a request for reconsideration.

3       Plaintiff's motion for a thirty-day extension of time to file a response to Defendants'

4  scheduling statement is denied. (Doc. 75.) The Court's order requiring the parties to file

5  scheduling statements did not authorize a response. (*See* Doc. 63.) As such, Plaintiff's motion is

6  unreasonable. Plaintiff is advised that any filing purporting to substantively respond to

7  Defendants' scheduling statement will be disregarded.

8       Finally, in considering Plaintiff's request that the Court prevent Defendants from filing

9  "harassing" motions or requests until Plaintiff receives a ruling on his pending motions, (Doc. 66,

10  p. 3), a review of the record does not suggest that Defendants are filing unwarranted motions or

11  requests with the intent to harass Plaintiff. Rather, as this order has discussed at great length, it is

12  Plaintiff who has submitted numerous unreasonable requests to the Court. Because Plaintiff has

13  made objectively unreasonable, and thus frivolous, filings, the Court formally warns Plaintiff that

14  any further frivolous filings may result in sanctions, including dismissal of this action.

15  **IV.   CONCLUSION AND ORDER**

16       For the foregoing reasons, the Court **ORDERS**:

17       1.  Plaintiff's motion to revoke consent to the magistrate judge (Doc. 68) is **DENIED**.

18       2.  Plaintiff's second motion for extension of time (Doc. 69) is **DENIED**.

19       3.  Plaintiff's motion requesting that this Court hear the amended complaint, objection to

20            the magistrate judge, motion for default judgement, and request for extension of time

21            (Doc. 66) is **DENIED**.

22       4.  Plaintiff's objections to the magistrate judge (Docs. 68, 70) are **OVERRULED**.

23       5.  Plaintiff's renewed request for entry of default and default judgment against

24            Defendants (Doc. 74) is **DENIED**.

25       6.  Plaintiff's motion for a thirty-day extension of time to file a response to Defendants'

26            scheduling statement (Doc. 75) is **DENIED.**

27  ///

28  ///

1          Plaintiff is warned that future frivolous filings may subject Plaintiff to sanctions, including

2    dismissal of this action.

3

4    IT IS SO ORDERED.

5        Dated:   **November 7, 2022**

                                                      UNITED STATES DISTRICT JUDGE