UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. HERNANDEZ, *et al.*,<br><br>　　　　Defendants. | Case No.  1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY SCHEDULING ORDER<br><br>(ECF No. 90). |

　　　　Plaintiff Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion to stay, or in the alternative extend, the scheduling order (ECF No. 90). Plaintiff's motion requests a general stay because Plaintiff became ill after going on a fourteen-day hunger strike based on alleged interference with Plaintiff's kosher meals. (ECF No. 90, p. 1-2). In the alternative, Plaintiff requests that the scheduling order be extended by sixty days.

　　　　The Court does not find that Plaintiff's situation warrants a stay in discovery. Fed. R. Civ. P. (c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, forbidding discovery or limiting its scope.). Here, the scheduling order issued on October 17, 2022, allows Plaintiff ample time to recover from his illness. (ECF No. 78). The scheduling order provides the following dates: Exhaustion Motions due by March 24, 2023; Motions to Compel

1

due by April 24, 2023; Settlement Conference Reports due by July 10, 2023; Non-expert discovery due by August 24, 2023; and Dispositive Motions due by September 25, 2023. (Id.) Additionally, Plaintiff fails to identify any specific deadlines that he is unable to meet due to his illness. If Plaintiff requires an extension of specific discovery deadlines outlined in the Court's scheduling order, then Plaintiff may file a request for an extension of that specific deadline. Further, Plaintiff's concerns regarding his kosher meals are not at issue in this case. Finally, since filing the instant motion, Plaintiff has filed a discovery related motion (ECF No. 93) and request for entry of default (ECF No. 94), which indicate his continuing ability to litigate this case.

Based on the foregoing, the Court will deny Plaintiff's request because Plaintiff has not demonstrated that good cause warrants a stay in discovery. *See* Fed. R. Civ. P. (c)(1); *Tradebay, LLC v. eBay Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied.") (internal citations omitted). For those same reasons, the Court will also deny Plaintiff's request for a sixty-day extension.

Accordingly, IT IS ORDERED that Plaintiff's request for a stay, or in the alternative an extension, of the scheduling order (ECF No. 90) is DENIED.

IT IS SO ORDERED.

Dated:   **January 3, 2023**               /s/ Eric P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

2