UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. GAMBOA, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR THIRD-PARTY SUBPOENA<br><br>(ECF No. 93)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COPY OF FORM AO 88B AND FORM USM-285<br><br>**THIRTY-DAY DEADLINE** |

　　　　Plaintiff Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 19, 2022, Plaintiff filed a motion requesting leave to issue a third-party subpoena. (ECF No. 93).

　　　　Plaintiff seeks to subpoena trial transcripts and photographic evidence from the related state criminal case that he represents are in the possession of his defense attorney, Melina Benninghoff. (Id. at 1-2). According to the motion, Defendants Hernandez, Hubbard, Cathey and Huerta testified about the incident at issue in Plaintiff's complaint on May 24, 2022, during a criminal proceeding in Hanford Superior Court. (Id. at 1). Plaintiff states that he has attempted to acquire the trial transcripts from Ms. Benninghoff on several occasions. (Id. at 1-2). Plaintiff also

1

states that Ms. Benninghoff has only provided Plaintiff with eleven photographs. (Id. at 2).

The Court's authorization of a *subpoena duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a *subpoena duces tecum* is required under Rule 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. 2008); *see also* 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a *subpoena duces tecum* should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Id.*

Plaintiff's claims concern, in part, an incident between Plaintiff and Defendants Hernandez, Hubbard, Huerta, Cathey, and Wolf. (ECF No. 1, 80). As a result of that incident, Plaintiff was criminally charged in state court. Plaintiff has previously filed court documents from the state case that indicate the criminal charges were dismissed after Defendants Cathey and Huerta testified. (ECF No. 84, p. 9-11). Plaintiff's motion states that the evidence presented during the criminal case is within the custody of his defense attorney. For those reasons, the Court finds that the information sought is relevant to Plaintiff's prosecution of this action, and that Plaintiff has sufficiently identified the documents sought from his defense attorney.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a third-party subpoena (ECF No. 93) is GRANTED;
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285;

3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated: **January 4, 2023**         /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE