UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR VIOLATING FEDERAL RULE OF CIVIL PROCEDURE 11<br><br>**RESPONSE DUE IN THIRTY (30) DAYS** |

      Plaintiff Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. On December 27, 2022, Plaintiff filed a request for entry of default against Defendants Gamboa, Babb, and Sanders. (ECF No. 94). Upon review, it appears that Plaintiff's request is without legal or evidentiary support. Accordingly, the Court will order Plaintiff to show cause why sanctions should not issue for violating Federal Rule of Civil Procedure 11.

**I.    LEGAL STANDARDS**

  **A. Federal Rule of Civil Procedure 11**

      Federal "Rule [of Civil Procedure] 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an

1

improper purpose." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) (footnote omitted). Rule 11 sanctions may be imposed on "a showing of objectively unreasonable conduct." *In re DeVille*, 361 F.3d 539, 548 (9th Cir. 2004).

"'Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable.'" *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (quoting *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990). However, a district court "cannot decline to impose any sanction where a violation has arguably occurred simply because the plaintiff is proceeding *pro se*." *Simpson*, 77 F.3d at 1177 (citing *Warren*, 29 F.3d at 1390). In relevant part, Rule 11 reads:

> (b) *Representations to the Court*. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information
>
> (c) *Sanctions*.
>
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Fed. R. Civ. P. 11.

**B. Inherent Authority**

The Court has inherent power to sanction parties for improper conduct. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766

(1980); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the court's inherent authority is discretionary. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995). The Court's "inherent power 'extends to a full range of litigation abuses.'" *Fink*, 239 F.3d at 992 (quoting *Chambers*, 501 U.S. at 46-47). However, such pre-filing orders are an extreme remedy and should rarely be used since such sanctions can tread on a litigant's due process right of access to the courts. *Molski*, 500 F.3d at 1057.

"When acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find either: (1) a willful violation of a court order; or (2) bad faith. … [A] sanction may be awarded either for willful disobedience of a court order or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021) (citing *Roadway Exp.*, 477 U.S. at 766). Although mere recklessness is insufficient to support sanctions under the court's inherent powers, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient. *Fink*, 239 F.3d at 993-94. A litigant may be sanctioned for acting for an improper purpose, even if the act was "a truthful statement or non-frivolous argument or objection." *Id.* at 992. "[I]nherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

## II.     DISCUSSION

Although Plaintiff's motion states that "the default of the defendants has been entered for failure to appear in this action (failure to answer complaint and failure to waver [sic] the time," Plaintiff provides no further details supporting Plaintiff's claim that Defendants Gamboa, Babb, and Sanders are in default. (ECF No. 94, p. 2). Plaintiff does not state when Defendants were provided e-service, when Defendants' response was due, or why he believes they are in default.

In fact, Defendants Gamboa, Babb, and Sanders are not in default. Defendants Gamboa, Babb, and Sanders were served with the summons and operative complaint through the Court's E-Service pilot program for civil rights cases. (ECF No. 82). Defendants filed a notice of intent to waive service on December 6, 2022. (ECF No. 91). Accordingly, Defendants Gamboa, Babb, and Sanders are not required to return waivers of service until January 5, 2023. Thus, Plaintiff's request for entry of default is premature.

Moreover, this is not the first time Plaintiff has improperly sought default against a party in this case. On July 19, 2022, Plaintiff filed a Request for Entry of Default as to Kathleen Allison, Ramadan Amr., V. Cathey, Boyd Donnie, Camacho Emilia, M. Gamboa, D. Hernandez, J. Hubbard, M. Huerta, Ibarra Jaime, Argon Lorena, Gill Ravijot, T. Wolf. (ECF No. 52). The Court issued finding and recommendations recommending that Plaintiff's request for entry of default be denied. (ECF No. 55). The Court found entry of default was not proper because the time for Defendants to respond had not yet expired. On August 30, 2022, District Judge Jennifer L. Thurston entered an order adopting the Court's findings and denying Plaintiff's motion for default judgment. (ECF No. 62).

On November 7, 2022, Judge Thurston issued an order denying Plaintiff's renewed request for entry of default and default judgement, stating[1]:

> Plaintiff's renewed request for entry of default and default judgment against Defendants is unwarranted. (Doc. 74, p. 20.) As stated in the Court's previous order, Defendants responded to Plaintiff's complaint, making default judgment improper. (Doc. 62, p. 2-3.) Plaintiff's renewed request also fails to comply with the Local Rule 230(j) which provides that a motion for reconsideration must include "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 233(j)(3). Because Plaintiff has failed to demonstrate why the Court's previous order denying entry of default and default judgment against Defendants should be reconsidered, Plaintiff's renewed request and motion will be denied.

(ECF No. 84, p. 6-7). At that time, Judge Thurston provided Plaintiff with the relevant legal standards regarding Rule 11 as well as the Court's inherent authority to issue sanctions. (*See id.* at 4-5). Judge Thurston concluded that "[b]ecause Plaintiff has made objectively unreasonable, and thus frivolous, filings, **the Court formally warns Plaintiff that any further frivolous filings may result in sanctions, including dismissal of this action**." (*Id.* at 8) (emphasis added).

As discussed above, Plaintiff's request for entry of default as to Defendants Gamboa, Babb, and Sanders is improper and without legal justification. Plaintiff has been advised by the Court on several occasions regarding the legal standards and procedural requirements for entry of default. Further, Plaintiff has been formally warned by the presiding district judge that future frivolous filings may result in sanctions. Thus, the Court will order Plaintiff to show cause why

---

[1] Judge Thurston's November 7, 2022, order also denied various other motions and requests filed by Plaintiff. (*See e.g.*, ECF No. 83).

4

sanctions, up to and including dismissal, should not issue for violating Rule 11.

Accordingly, IT IS HEREBY ORDERED that:

Within **thirty (30) days** of service of this order, Plaintiff shall show cause in writing why sanctions should not issue for violating Rule 11.

IT IS SO ORDERED.

Dated: __**January 4, 2023**__   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

5