UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>           Plaintiff,<br><br>     v.<br><br>M. GAMBOA, *et al.*,<br><br>           Defendants. | Case No.  1:21-cv-00392-JLT-EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 106). |

Plaintiff Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983.

On January 17, 2023, Plaintiff filed a motion to compel Defendants' production of the documents identified in Plaintiff's First Request for Production of Documents. (ECF No. 106). Plaintiff's motion states that Plaintiff submitted a written request for these documents on November 3, 2022, and that Defendants have failed to respond within the forty-five day deadline set by the Court's scheduling order. (*Id.* at 1-2).[1]

On January 11, 2023, prior to the filing of Plaintiff's motion to compel, Defendants filed a motion for administrative relief seeking a *nunc pro tunc* extension of time to serve responses and

---

[1] Plaintiff further notifies the Court of his belief that Defendants have violated his right to privacy by requesting health care records before obtaining Plaintiff's consent on March 11, 2022. (ECF No. 106, p. 2). While Plaintiff's motion to compel attaches 901 pages of documents, including copies of Plaintiff's informal request to Defendants to compel and request for production, Plaintiff does not point otherwise support this claim.

1

objections to Plaintiff's First Request for Production of Documents. (ECF No. 101). Defendants' motion requested that the deadline be extended to January 20, 2023. (*Id.*) The attached declaration of Defendants' counsel stated as follows:

> 4. On the afternoon of Friday, January 6, 2023, I received a letter from Plaintiff seeking to meet and confer regarding responses to a request for production of documents. I was previously unaware of a request for production, and promptly began searching the file to determine if the Office of the Attorney General received these requests.
>
> 5. During this search I located a first set of requests for production from Plaintiff, indicating that the requests were served November 3, 2022, and scanned to the file on November 14, 2022. Although I was not aware of the requests for production until receiving Plaintiff's letter, I also searched for and located an email, dated November 14, 2022, from secretarial staff at the Office of the Attorney General advising that requests for production were received. I do not recall seeing or reviewing this email previously. Due to my inadvertent oversight, the deadline for responses and objections was not calendared. In accordance with the Court's Scheduling Order, the deadline for responses and objections was December 21, 2022.
>
> 6. I apologize to Plaintiff and the Court for this oversight, and respectfully request leave, *nunc pro tunc*, to serve responses and objections by January 20, 2023. Although there are certain requests that correspond to documents previously exchanged, there are other categories of requests that require additional searches.
>
> 7. I am diligently seeking these materials to avoid further delay. There are also requests that may exceed the scope of permissible discovery under Federal Rule of Civil Procedure 26, and may warrant objections. Nevertheless, Plaintiff will be provided all nonconfidential materials in Defendants' possession, custody, and control. Any confidential or privileged materials will be provided to the Court for in camera review, in accordance with the Scheduling Order. (ECF No. 78, at ¶ 5.)
>
> 8. Although Defendants have sought other extensions of time during the pendency of this case, this is the first request to extend time for the deadline to serve responses and objections to Plaintiff's first set of requests for production of documents.
>
> 9. This request is not brought for the purpose of delay or harassment, or for any improper purpose. I do not believe that any party will be prejudiced by the relief sought, as nonexpert discovery remains open until August 24, 2023. 10. Plaintiff is currently incarcerated and proceeding *pro se*, and could not easily be contacted under shortened time regarding his position on this extension request.

(*Id.* at 3-5).

On January 12, 2023, the Court granted Defendants' motion for administrative relief. (ECF No. 102) ("Based on the declaration of Defendants' counsel, the Court will grant Defendants' motion.").

Accordingly, it appears that Plaintiff's pending motion to compel concerns the same request for production as Defendants' motion for administrative relief. Because the Court granted Defendants' *nunc pro tunc* request to extend to deadline to respond to Plaintiff's First Set of Requests for Production, the Court will deny Plaintiff's motion, without prejudice.[2]

IT IS SO ORDERED.

Dated:   **January 31, 2023**                    /s/ Erica P. Grosjean
                                                           UNITED STATES MAGISTRATE JUDGE

---

[2] Nothing in this order prevents Plaintiff from filing a new motion to compel if Defendants' responses are insufficient.