UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. GAMBOA, *et al.*,<br><br>　　　　Defendants. | Case No.  1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENA FOR PLAINTIFF'S MEDICAL RECORDS<br><br>(ECF No. 89). |

Plaintiff Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion "to cancel any production of Plaintiff's Health Care Record." (ECF No. 89). Because Plaintiff's motion objects to Defendants' subpoena seeking medical records held by a third-party medical provider, the Court will construe Plaintiff's motion as a motion to quash pursuant to Federal Rule of Civil Procedure 45(d)(3). On December 13, 2022, Defendants[1] filed an opposition to Plaintiff's motion. (ECF No. 92). For the following reasons, the Court will deny Plaintiff's motion to quash.

I.　　BACKGROUND

The Court refers to its prior orders (ECF Nos. 12, 18, 79) for a more complete background

---

[1] Defendants' opposition is brought on behalf of the defendants in this case who have filed an answer: Defendants Camacho, Ibarra, Hubbard, Allison, Huerta, Gill, Aragon, Ramadan, Boyd, Cathey, Hernandez, and Wolf. (ECF No. 92, p. 1). The deadline for Defendants Gamboa, Babb, and Sanders to file a responsive pleading to Plaintiff's Third Amended Complaint is February 6, 2023. (*See* ECF Nos. 98, 105, 107).

1

of this case. This action proceeds on Plaintiff's Third Amended Complaint ("TAC") on Plaintiff's claims against Defendants Gamboa, Babb, and Sanders for procedural due process in violation of the Fourteenth Amendment, as well as Plaintiff's claims against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison for excessive force in violation of the Eighth Amendment and against Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Argon, Ramadan, and Boyd for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (*See* ECF Nos. 79, 80).

Plaintiff's claims arise from an incident that took place on June 12, 2019, between Plaintiff and Defendants Hernandez, Hubbard, Cathey, Wolf, and Huerta after Plaintiff requested protection. As a result of that incident, Plaintiff was sent to a medical facility for treatment. Plaintiff alleges that his injuries became infected because he did not receive timely medical assistance. Following the incident, Plaintiff was placed in administrative segregation and criminally charged for assault on a peace officer. Plaintiff further alleges that Defendants Gamboa, Babb, and Sanders deliberately altered and fabricated evidence related to the June 12 incident.

On October 27, 2022, after reviewing the scheduling statements provided by the parties, the Court issued an order requiring the parties to produce "certain documents that are central to the dispute[.]" (ECF No. 77). Specifically, the Court's discovery order provides that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:

. . .

e. All of Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case, including CDCR Form 7219 Medical Report of Injury or Unusual Occurrence; radiology images, reports, and medical chart notes taken at Adventist Health Bakersfield on June 12, 2019; and relevant portions of Plaintiff's Unit Health Records.

(*Id.* at 2-3 (footnote omitted). The discovery order also states "Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third-party subpoena is required." (*Id.* at 2, n3). Finally, the discovery order provides that "[p]arties may object to producing any of the

2

above-listed documents and/or evidence . . . within ninety days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence)." (*Id.* at 4).

The Court also issued a scheduling order setting case deadlines through the filing of dispositive motions. (ECF No. 78). Due to Plaintiff's then-pending motion for leave to amend, the scheduling order specifically "extended all timelines for discovery by two months to allow time for any new defendants to be added and for those new defendants to take their own discovery." (*Id.* at 1, n1).

On December 1, 2022, Plaintiff filed the instant motion in response to Defendants' subpoena issued to the custodian of records at Adventist Health Bakersfield.[2] (ECF No. 89). Defendants' subpoena seeks Plaintiff's medical and radiology records dated from June 12, 2019, to the present. (*Id.* at 2). Plaintiff's motion argues that Plaintiff's health care records are protected under the right to privacy. (*Id.* at 1). Plaintiff also argues that Plaintiff is unable to afford the cost of the documents, and that he will submit all health care records that he intends to use at trial to Defendants. (*Id.*) Alternatively, Plaintiff requests that the Court inspect the documents *in camera*, and that he be provided a free copy of all documents produced in response to the subpoena. (*Id.* at 2).

On December 13, 2022, Defendants filed an opposition to Plaintiff's motion. (ECF No. 92). Defendants "oppose Plaintiff's motion on the grounds that the medical records sought are relevant to the claims and defenses in this action and are reasonably calculated to lead to the discovery of admissible evidence. Further, by placing his medical condition in issue by filing this action, Plaintiff waived his privacy rights." (*Id.* at 1-2). However, "Defendants acknowledge Plaintiff's concern about potential cost to him obtaining the records, and assure Plaintiff and the Court that copies of all materials obtained will be provided to Plaintiff without cost to him." (*Id.* at 3). Finally, Defendants "do not object to Plaintiff's request for in camera review of these materials should the Court deem this necessary." (*Id.*)

## II.     LEGAL STANDARDS

The Federal Rules provide that:

Unless otherwise limited by court order, the scope of discovery is as follows:

---

[2] Plaintiff concurrently filed a motion to stay, or in the alternative, extend the scheduling order. (ECF No. 90). On January 4, 2023, the Court denied Plaintiff's motion. (ECF No. 95).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevant information means information "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (internal citations omitted). A party seeking discovery from a third party may obtain a subpoena for the evidence. *See e.g.*, Fed. R. Civ. P. 45. "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that. . .requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

"The question of whether defendant[] should obtain access to plaintiff's medical records depends upon whether the confidentiality of these records was waived by putting privileged information 'at issue.'" *Warner v. Velardi*, 2017 WL 3387723, at *2 (S.D. Cal. Aug. 7 2017) (citing *Fritch v. City of Chula Vista*, 187 F.R.D. 614, 625-26 (S.D. Cal. 1999), *modified on other grounds by* 196 F.R.D. 562 (S.D. Cal. 1999). "Privacy rights in medical records are neither fundamental nor absolute." *Williams v. Baron*, 2007 WL 433120, at *1 (E.D. Cal. Feb. 5, 2007) (plaintiff waived privacy interest in medical records by alleging medical deliberate indifference claims against state prison defendants) (citing *Whalen v. Roe*, 429 U.S. 589, 603-604 (1977)). "The holder of a privacy right can waive it through a variety of acts, including by written authorization or instituting a lawsuit. Moreover, where an individual institutes a lawsuit in which his health and medical records are at issue, release of the records would likely be ordered, even over objection, during discovery." *Id.*

### III. ANALYSIS

Plaintiff objects to the following subpoena issued by Defendants:

> Any and all writings defined by Evidence Code section 250 from June 12, 2019 to the present, including but not limited to any and all medical and office records and reports, including but not limited to all doctors' and nurses' notes, findings, medical histories, physical examination files, prescriptions, consultation reports, x-ray reports, which pertain to the care and treatment prescribed, recommended

4

>and/or given, physical therapy treatment, trauma treatment and emergency room.
>
>Any and all radiological films, images, and documents pertaining to the above-named individual. To include but not limited to X-rays, CT-scans, MRIs, or other radiological methods. Please provide a complete list of film inventory along with a cost to obtain copies of each image/study in electronic and/or CD/DVD format. The desired studies will be selected from the inventory list provided. From June 12, 2019 to the present.

(*Id.* at 2 (Plaintiff's Exhibit of Defendants' subpoena)).

The Court finds that Plaintiff waived his privacy rights regarding his medical records that relate to the excessive force and medical deliberate indifference claims raised in the operative complaint. Specifically, Plaintiff's complaint alleges that Defendants Hernandez, Hubbard, Cathey, Wolf, and Huerta injured the left side of Plaintiff's forehead, as well as his neck, shoulder, and back. (ECF No. 80, p. 8). Plaintiff also alleges that after that incident he did not receive timely treatment. (*Id.* at 9). Plaintiff's complaint states that he was taken to the emergency room at Adventist Health Hospital Bakersfield by ambulance where "he received an amputation of his forehead skin, and medical evaluation for his neck, back, and shoulder." (*Id.*) Plaintiff alleges that his face is now disfigured. (*Id.*) Accordingly, Plaintiff has waived his privacy rights to his medical records by initiating this lawsuit.

Further, the medical records from Adventist Health are highly relevant and important to Plaintiff's claims as documentation from the medical facility where Plaintiff received treatment following the underlying incident of Plaintiff's complaint. The scope of the subpoena is also proportionate to the needs of the case as the request only seeks medical records from the date of the incident to the present. The Court also finds that the subpoena does not impose any undue burden on Plaintiff as the cost of the subpoena will be borne by Defendants, and Plaintiff will be provided with copies of the medical records pursuant to the Court's scheduling order.

Upon weighing the applicable factors—relevance, proportionality, importance of the issues at stake, the parties' resources—against any undue burden or cost, the Court finds that the information sought by Defendants' subpoena is discoverable. Moreover, because the medical records at issue are highly relevant to Plaintiff's claims, the Court does not find it necessary to review the medical records *in camera.*

//

### IV. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion to quash (ECF No. 89) is DENIED.

IT IS SO ORDERED.

Dated: **January 31, 2023**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE