UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 97). |

       On January 4, 2023, the Court issued an order directing Plaintiff to show cause why sanctions should not issue for violating Federal Rule of Civil Procedure 11. (ECF No. 97). As the Court's order explained, Plaintiff filed a request for entry of default against Defendants Gamboa, Babb, and Sanders that appeared to be without legal or evidentiary support. (*Id.* at 1). The Court directed Plaintiff to respond, in writing, within thirty days. (*Id.*) On January 20, 2023, Plaintiff filed a response. (ECF No. 109).

       Plaintiff's response states that the November 10, 2022 answer filed by Defendants Camacho, Ibarra, Hubbard, Allison, Huerta, Gill, Argon, Ramadan, Boyd, Cathey, Hernandez, and Wolf quoted "Defendants," and in doing so, "Defendants' attorneys' stated that the Third Amended Complaint has been answered by all Defendants including M. Gamboa, T. Sanders, and Babb" in an attempt to avoid having Defendants Gamboa, Sanders, and Babb actually answer the

complaint. (ECF No. 109, p. 1). Further, Plaintiff states that this Court has found that the Third Amended Complaint ("TAC") was answered on November 10, 2022, without any waiver of service having been filed. (*Id.* at 2). Accordingly, Plaintiff argues that the request for entry of default was not premature because the TAC was answered by all Defendants on November 10, 2022. It was then discovered that Defendants Gamboa, Sanders, and Babb had not responded to the complaint. Further, no notice of waiver of service or request for extension of time was submitted to Plaintiff before or after the complaint was answered. (*Id.*) Plaintiff denies that Defendants served Plaintiff with notice of waiver or that Plaintiff ever received such notice from any other office or institution. (*Id.*)

First, contrary to Plaintiff's assertion, this Court did not find that Plaintiff's TAC was answered on November 10, 2022 by *all* Defendants[1]. Indeed, as the Court explained in its January 4, 2023 order:

> Defendants Gamboa, Babb, and Sanders are not in default. Defendants Gamboa, Babb, and Sanders were served with the summons and operative complaint through the Court's EService pilot program for civil rights cases. (ECF No. 82). Defendants filed a notice of intent to waive service on December 6, 2022. (ECF No. 91). Accordingly, Defendants Gamboa, Babb, and Sanders are not required to return waivers of service until January 5, 2023.

(ECF No 97, p. 3). On January 5, 2023, the California Attorney General's office filed a waiver of service of summons on behalf of Defendant Gamboa. (ECF No. 98). That same day, Defendants Babb and Sanders, making a special appearance, filed a motion for administrative relief that sought a fourteen-day extension of time to file service waivers. (ECF No. 99). On January 6, 2023, the Court granted the request, but supplied the following relevant details:

> As defendants acknowledge, the deadline for Defendants Gamboa, Sanders, and Babb to file a waiver of service of process is January 5, 2023. However, Defendants Babb and Sanders have not filed a waiver of service. Defense counsel states in a declaration in support of the motion that "[d]espite diligent efforts to contact Babb and Sanders, Defendants' counsel has been unable to reach them or determine whether the Office of the Attorney General can represent them in this action."

---

[1] Plaintiff's operative complaint also states claims against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison for excessive force in violation of the Eighth Amendment and against Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Argon, Ramadan, and Boyd for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF No. 79; see also ECF Nos. 18 and 21).

> It is also worth noting the Plaintiff filed a premature motion for entry of default on December 27, 2022. (ECF No. 94). The Court issued an order to show cause why sanctions should not issue against Plaintiff for filing such a motion before Defendants' response was due, especially in light of previous warnings against such filings. (ECF No. 97). While Plaintiff's request for default judgment was improper and untimely, the Court recognizes Plaintiff's intention to seek default judgment to the extent Defendants fail to timely respond to Plaintiff's complaint.
>
> With this background in mind, the Court will grant one final extension of 14 days for Defendants Babb and Sanders to file their waiver of service. If Defendants Babb and Sanders fail to do so, counsel for the Attorney General's office, who filed the notice of intent to waive service and have requested this extension, shall file a report regarding their position on how the Court should proceed with personal service and/or default regarding Defendants Babb and Sanders.

(*Id.* at 1-2). On January 13, 2023, the California Attorney General's office filed a waiver of service of summons on behalf of Defendant Babb. (ECF No. 105). On January 18, 2023, the California Attorney General's office filed a waiver of service of summons on behalf of Defendant Sanders. (ECF No. 107). On February 3, 2023, Defendants Gamboa, Babb, and Sanders filed an answer to Plaintiff's TAC. (ECF No. 113). Thus, Defendants Gamboa, Babb, and Sanders have timely responded to Plaintiff's complaint, and the Court will issue findings and recommendations that Plaintiff's request for default be denied consistent with that finding.

In light of Plaintiff's representation that he was unaware that Defendants Gamboa, Sanders, and Babb had filed a notice indicating their intent to waive service, the Court will discharge the order to show cause. The Court also notes that Defendants Babb and Sanders did not file a motion for administrative relief requesting an extension of time to return waivers of service until January 5, 2023—the day of the filing deadline. (*See* ECF No. 99).

However, as Defendants Gamboa, Sanders, and Babb timely answered Plaintiff's Third Amended Complaint on February 3, 2023, any future request as to entry of default against any Defendant[2] named in the operative complaint would be improper and without legal justification. In the event that Plaintiff files such a frivolous request, and in light of this warning and the previous warning issued by the presiding district judge (*see e.g.*, ECF No. 84), the Court will strongly consider issuing sanctions, up to and including dismissal.

---

[2] On November 7, 2022, District Judge Jennifer L. Thurtson issued an order denying Plaintiff's renewed request for entry of default and default judgment against Defendants Allison, Ramadan, Cathey, Boyd, Camacho, Gamboa, Hernandez, Hubbard, Huerta, Ibarra, Argon, Gill, and Wolf. (ECF No. 84, p. 6-7).

Based on the foregoing, IT IS ORDERED that the Court's January 4, 2023 order directing Plaintiff to show cause (ECF No. 97) is DISCHARGED.

IT IS SO ORDERED.

Dated: __**February 21, 2023**__                    /s/ Erica P. Grosjean
                                                                         UNITED STATES MAGISTRATE JUDGE