UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BE DENIED<br><br>(ECF No. 94). |

Plaintiff Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. On December 27, 2022, Plaintiff filed a request for entry of default against Defendants Gamboa, Babb, and Sanders. (ECF No. 94). For the following reasons, the Court recommends that Plaintiff's request be denied.[1]

**I.    LEGAL STANDARDS**

Federal Rule of Civil Procedure 55 provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown

---

[1] Plaintiff has requested entry of default and default judgment several times in this case. (*See* ECF Nos. 52, 59, 66). Because Plaintiff was previously "advised by the Court on several occasions regarding the legal standards and procedural requirements for entry of default," the Court directed Plaintiff to show cause in writing as to why sanctions should not issue. (ECF No. 97). After reviewing Plaintiff's response (ECF No. 109), the Court discharged the order to show cause.

by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before a default will be entered, the clerk must be satisfied from the request and accompanying documentation that: 1) the defendant has been served with the summons or has agreed to waive serve; 2) the time allowed by law for responding has expired; and 3) the defendant has failed to file a pleading or motion permitted by law. *U.S. ex rel. Felix Haro Const., Inc. v. St. Paul Fire and Marine Ins. Co.,* 2009 WL 1770156, at *3 (E.D. Cal. June 23, 2009) (citing *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 512 (9th Cir. 1986)); *see also Chambers v. Knight,* 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("A default may not enter against a defendant unless the plaintiff has properly served the defendant.").

Federal Rule of Civil Procedure 4 governs service of the summons and provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>> (2) doing any of the following:
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
>
> . . .
>
> (j) Serving a Foreign, State, or Local Government.
>> (1) *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.
>> (2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>>> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>>> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(e), (j). California law, in turn, permits service by personal delivery as well as substitute service on an individual:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served ... a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a

> United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. Proc. § 415.20(b); *see also* Cal. Code Civ. Proc. § 415.10. California law further permits service on public entities by delivering a copy of the summons and complaint to the clerk, secretary, president, presiding officer, or other head of its governing body. Cal. Code Civ. Proc. § 416.50.

## II.  DISCUSSION

On October 27, 2022, the Court screened Plaintiff's Third Amended Complaint and ordered that this action proceed on Plaintiff's claims against Defendants Gamboa, Babb, and Sanders for violations of Plaintiff's Fourteenth Amendment procedural due process rights, in addition to claims already allowed to proceed.[2] (ECF No. 79). On October 28, 2022, the Court directed service of the TAC on Defendants Gamboa, Babb, and Sanders. (ECF No. 81). Defendants were served with summons and operative complaint through the Court's E-service pilot program for civil rights cases. (ECF No. 82). On December 6, 2022, the CDCR filed a "CDCR Notice of E-Service Waiver" advising the Court that Defendants Gamboa, Babb, and Sanders intended to waive service of process. (ECF No. 91). Accordingly, the California Attorney General's Office was required to file waivers waiving service of process for Defendants Gamboa, Babb, and Sanders no later than January 5, 2023. Further, Defendants Gamboa, Babb, and Sanders were required to file an answer to Plaintiff's TAC no later than February 6, 2023.

On January 5, 2023, the California Attorney General's office filed a waiver of service of summons on behalf of Defendant Gamboa. (ECF No. 98). That same day, Defendants Babb and Sanders, making a special appearance, filed a motion for administrative relief that sought a fourteen-day extension of time to file service waivers. (ECF No. 99). On January 6, 2023, the Court granted the request. (ECF No. 100). On January 13, 2023, the California Attorney

---

[2] Plaintiff's operative complaint also states claims against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison for excessive force in violation of the Eighth Amendment and against Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Argon, Ramadan, and Boyd for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF No. 79; see also ECF Nos. 18 and 21).

General's office filed a waiver of service of summons on behalf of Defendant Babb. (ECF No. 105). On January 18, 2023, the California Attorney General's office filed a waiver of service of summons on behalf of Defendant Sanders. (ECF No. 107).

Plaintiff's request for entry of default is dated December 27, 2022, before Defendants Gamboa, Sanders, Babb's responsive deadline expired and before the Court issued an order further extending the deadline for Defendants Sanders and Babb to file waivers of service. Therefore, Defendants were not in default at the time of Plaintiff's request because the time to respond had not yet expired. Further, Defendants Gamboa, Babb, and Sanders filed a timely answer to Plaintiff's TAC on February 3, 2023. (ECF No. 113). Thus, Defendants Gamboa, Babb, and Sanders are not in default. The Court will accordingly recommend that Plaintiff's request for entry of default be denied.

### III.    CONCLUSION AND RECOMMENDATION

In light of the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's request for entry of default against Defendants (ECF No. 94) be denied.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 21, 2023**              /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

4