UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>v.<br><br>M. GAMBOA, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(ECF No. 103). |

      Plaintiff Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Third Amended Complaint ("TAC") on Plaintiff's claims against Defendants Gamboa, Babb, and Sanders for procedural due process in violation of the Fourteenth Amendment, as well as Plaintiff's claims against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison for excessive force in violation of the Eighth Amendment and against Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Argon, Ramadan, and Boyd for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (*See* ECF Nos. 79, 80).

      Plaintiff's claims arise from an incident that took place at California State Prison—Corcoran ("CSP—Corcoran") on June 12, 2019, between Plaintiff and Defendants Hernandez, Hubbard, Cathey, Wolf, and Huerta after Plaintiff requested protection. As a result of that incident, Plaintiff was sent to a medical facility for treatment. Plaintiff alleges that his injuries

1

became infected because he did not receive timely medical assistance. Following the incident, Plaintiff was placed in administrative segregation and criminally charged for assault on a peace officer. Plaintiff further alleges that Defendants Gamboa, Babb, and Sanders deliberately altered and fabricated evidence related to the June 12 incident.

On January 12, 2023, Plaintiff filed a motion for a temporary restraining order. (ECF No. 103). On January 20, 2023, Plaintiff filed a second emergency motion for temporary restraining order. (ECF No. 108). Because Plaintiff's motion for injunctive relief is not related to the claims at issue in Plaintiff's operative complaint, the Court will recommend that both motions be denied.

## I. SUMMARY OF PLAINTIFF'S MOTIONS

Plaintiff's first motion seeks a temporary restraining order against all defendants.[1] (ECF No. 103, p. 1). Specifically, Plaintiff asks the Court to enter a TRO against Defendants Allison, Gamboa, and Babb, as well as Ken Klark, Kern Valley State Prison Warden Smith, and all subordinates of Defendant Allison at Kern Valley State Prison. (*Id.* at 9). Plaintiff asks for a court order that would stop these individuals from harassing and retaliating against Plaintiff. (*Id.*)

Plaintiff's motion alleges that CDCR administration and staff have repeatedly harassed and punished Plaintiff since he was placed in the SHU on June 12, 2019. (*Id.* at 1). Plaintiff states that since June 12, 2019, CDCR officers have destroyed his property, denied him access to the law library[2], served him inadequate food, and poisoned him. (*Id.*) At some point after June 2019, Plaintiff was transferred to Kern Valley State Prison ("KVSP"). (*Id.*)

Plaintiff's motion largely concerns events that have taken place since his transfer to KSVP. (*Id.* at 2-10). Plaintiff states that various individuals, who are not named as defendants in this action, have retaliated against Plaintiff for filing grievances related to his placement in the Enemies/SNY yard at KSVP by poisoning Plaintiff and contaminating his kosher meals. (*Id.* at 2). Plaintiff alleges that some of these individuals belong to the Green Wall gang (an alleged CDCR officer gang). (*Id.* at 3). Because Plaintiff's numerous grievances went unaddressed by CDCR staff, Plaintiff went on a hunger strike in November 2022 to make Defendant Allison aware of the

---

[2] Regarding interference with Plaintiff's access to the law library, Plaintiff's motion briefly alleges that copies Plaintiff submitted to the law librarian for filing in this action were returned to Plaintiff (ECF No. 103, p. 2) and that legal mail records show that two of his letters have not been sent to Defendant Allison (*Id.* at 3).

2

harassment directed at Plaintiff. (*Id.* at 3). Plaintiff alleges that since his hunger strike, Defendants, CDCR administrative staff, officers, and psychiatrists have worked together to improperly classify Plaintiff in the CCCMS (Correctional Clinical Case Management System) and have threatened to send Plaintiff to the highest level of mental health care. (*See id.* at 6-7).

Plaintiff also generally alleges that the KSVP Warden has issued directives giving prison staff permission "to be free to cause future harm" against Plaintiff because CDCR has attempted to cause Plaintiff harm since he initiated this lawsuit (and another lawsuit in 2017) against high-ranking prison officials. (*Id.* at 6).

Plaintiff's second motion provides extensive details regarding events at KSVP between November 2022 and January 2023 that were previously described in Plaintiff' first motion. (ECF No. 108). Plaintiff further reiterates that the KSVP Warden and medical officers are attempting to interfere in Plaintiff's prosecution of this case by illegally declaring that Plaintiff has a paranoia, and by placing him in the C.T.C. Psychiatric Unit. (*Id.* 3, 9). Plaintiff also states that these individuals are attempting to declare Plaintiff incompetent so that they can force Plaintiff to take medication. (*Id.* at 7).[3]

## II.     LEGAL STANDARDS

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Trust Drivers*, 451 U.S. 423, 439 (1974). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stulhbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g.,*

---

[3] Plaintiff's second motion also includes CDCR documents related to a petition for a capacity hearing. (ECF No. 108, p. 11-22).

*Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

**III.   ANALYSIS**

The Court will recommend that Plaintiff's motions for a temporary restraining order be denied. Plaintiff's motions concern events that have already transpired—such as his placement in SNY, the alleged interference with his meals, and the response by prison staff to Plaintiff's hunger strike at KSVP. (*See* ECF No. 103, p. 1-6). As for allegations of imminent irreparable harm, Plaintiff's motion vaguely suggests that the harassment will continue because the CDCR as an institution, including Defendant Allison and subordinate wardens, have attempted to cause Plaintiff harm since he filed this lawsuit. (*See id.* at 6). Plaintiff also alleges that unnamed individuals (presumably CDCR administrative officials) have threatened to place Plaintiff in high

4

level psychiatric treatment but does not explain how such care poses an imminent threat to his safety. (*Id.*) These speculative allegations are insufficient to demonstrate that Plaintiff is likely to suffer irreparable harm unless a TRO is issued. *See Garcia v. Google*, 786 F.3d 733, 746 (9th Cir. 2015) (party seeking injunctive relief must make a "clear showing of irreparable harm"); *see also Caribbean Marine Servs. Co. v. Balridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("Subjective apprehensions and unsupported predictions . . . are not sufficient to satisfy a plaintiff's burden of demonstrating an immediate threat of irreparable harm.").

Moreover, Plaintiff's allegations concerning the conditions of his confinement at KSVP are unrelated to the claims at issue in Plaintiff's complaint, which concern allegations of excessive force, deliberate indifference to serious medical needs, and the deliberate fabrication of evidence related to the underlying incident between Plaintiff and officers at CSP—Corcoran. Accordingly, Plaintiff is not entitled to a TRO in this case based on those allegations in his motions. *See Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Based on the foregoing, the Court will recommend that Plaintiff's motions for a temporary restraining order be denied.

## IV.   RECOMMENDATIONS

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motions for a temporary restraining order (ECF Nos. 103, 108) be DENIED.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 21, 2023**    /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE