UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00392-JLT-EPG<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR AN EXTENSION TO FILE DISCOVERY MOTIONS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR AN ORDER UNDER THE ALL WRITS ACT BE DENIED<br><br>(ECF No. 125).<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

      Plaintiff Luis Manuel Garces is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 24, 2023, Plaintiff filed a motion for a sixty-day extension to complete discovery and file discovery related motions. (ECF No. 125). Plaintiff's motion also requests that the Court issue an order directing the release of Plaintiff's legal property, which Plaintiff alleges has been improperly seized by Defendants. (*Id.*) Accordingly, the Court directed Defendants to respond. (ECF Nos. 129 & 133). On April 14, 2023, Defendants filed a response. (ECF No. 135).

      The Court has reviewed Plaintiff's motion, as well as Defendants' response, supporting

declarations, and exhibits. For the following reasons, the Court will deny Plaintiff's request for an extension to file discovery motions. The Court also recommends that Plaintiff's request for an order directing the release of Plaintiff's legal property be denied.

**I.   BACKGROUND**

Plaintiff's motion seeks additional time to compel discovery from Defendants and to submit interrogatory requests. (ECF No. 125, p. 2-3). Plaintiff argues that an extension is necessary because Defendants have "coordinated with Prison Wardens to seize [Plaintiff's] legal work since 1/18/23 to 3/19/2023." (*Id.* at 1). Plaintiff states that he is unable to recall which requested documents were described in his request for production of documents, and thus, is unable to file an "interrogatory request motion." (*Id.*) Further, Plaintiff alleges that Defendants have coordinated with prison wardens to harass Plaintiff by transferring him several times between Kern Valley State Prison ("KVSP"), California State Prison, Corcoran ("COR"), and California State Prison, Sacramento ("CSP-SAC"). (*Id.* at 2). Plaintiff's motion indicates that Plaintiff has been "sequestered" in administrative segregation where his legal work and personal property has been seized to prevent Plaintiff from prosecuting this case. (*Id.*)

Defendants' response states that "any actions allegedly taken by the parties and non-parties were taken for appropriate reasons, and not as part of a vaguely alleged conspiracy to improperly seize or withhold property." (ECF No. 135, p. 2). As Defendants' response provides:

> Plaintiff was initially placed in ASU on January 18, 2023 at KVSP due to self-expressed enemy concerns. (Decl. of R. Largent, at ¶ 7; Exh. 1.) Reports of inmate safety concerns, including allegations of enemy concerns, are addressed promptly and investigated thoroughly, often requiring an inmate's placement in ASU for their own safety and that of others in the institution while the circumstances are investigated. (Id., at ¶¶ 3-4, 7.) see Cal. Code Regs. tit. 15, § 3335(a) (an inmate may be placed in administrative segregation for "for the safety of any person" including placement in non-disciplinary segregation for "investigation of safety concerns not resulting from misconduct"). Plaintiff remained in ASU at KVSP while his concerns were investigated, and was specifically informed at several classification proceedings that his placement in ASU resulted from his report of enemy concerns. (Id., at ¶¶ 7; Exhs. 1-4.) Cal. Code Regs. tit. 15, § 3337 (providing for review of placement at classification hearing).
>
> Once it was determined that Plaintiff could not safely program at KVSP's Facility C, he was endorsed for transfer to COR. (Decl. of R. Largent, at ¶¶ 8-9; Exh. 2.) Plaintiff was transferred to COR on February 18, 2023, and placed in ASU. (Decl. of K. Coyle, at ¶ 9.) On March 2, 2023, Plaintiff appeared for a classification hearing. (Id., at ¶¶ 9-10; Exh. 3.) Notably, as a participant in the Mental Health

      Delivery System at the Enhanced Outpatient ("EOP") level of care, and because Plaintiff is classified at Level IV, the only institutions capable of housing Plaintiff are CSP-SAC, KVSP, and Salinas Valley State Prison ("SVSP"). (Id.) Plaintiff has documented enemies at KVSP and SVSP, thus the classification committee endorsed Plaintiff to CSP-SAC. (Id.)

      On March 8, 2023, Plaintiff transferred from COR to CSP-SAC, and was placed in ASU pending placement in Facility B's general population EOP housing upon availability of a bed. (Decl. R. Largent, at ¶ 11.) On March 16, 2023, the Classification Committee at CSP-SAC met to discuss Plaintiff's placement, as Plaintiff's move to Facility B was still pending availability of a cell and bed. (Id., at ¶ 12; Exh. 4.) Plaintiff was again advised by a staff assistant of the reasons of his placement, and the reasons he would remain in ASU pending the move to Facility B. (Id.) On April 3, 2023, Plaintiff was moved from ASU to Facility B's general population EOP housing unit. (Id., at ¶ 13.) There are no pending actions to transfer Plaintiff at this time. (Id.)

(ECF No. 135, pp. 2-3) (internal footnote omitted).

      As for Plaintiff's access to his legal property between January and April 2023, Defendants provide the following information:

      Plaintiff's placement in ASU at KVSP was premised solely on safety concerns, and the need to investigate his self-expressed safety concerns. (Decl. B. Hancock, at ¶ 9; Exh. 1.) Thus, his placement in ASU was for non-disciplinary reasons. (Id.) Although placed in KVSP's ASU, Plaintiff's legal property remained at the institution and was available upon request. (Id., at ¶¶ 10-14; Exhs. B-E.) In a separate filing, Plaintiff states his legal property was provided to him at KVSP's ASU, thus allowing him to "start to make [a] memorandum." (ECF No. 131, at p. 5, ¶ 6.)

      Plaintiff arrived at COR along with 4 boxes of personal property (which includes legal property), and 1 box containing a television, on February 18, 2023. (Decl. of K. Coyle, at ¶ 9; Exh. A.) This property was logged by the Receiving and Releases supervising sergeant. (Id.) Plaintiff's property was then transferred to his ASU housing unit on February 21, 2023. (Id., at ¶ 10; Exh. B.) Plaintiff's property traveled with him on March 8, 2023, when he was transferred from COR to CSP-SAC. (Decl. of K. Coyle., at ¶ 12; Exh. C; Decl. of K. Porter, at ¶ 7; Exh. A.)

      At CSP-SAC, Plaintiff remained in ASU until he was assigned to Facility B's general population housing unit to cell B5-106 on April 3, 2023. (Decl. of K. Porter, at ¶ 9; Exh. B.) Plaintiff was able to request access to any of his personal property, including legal property, at any time. (Id.) As of April 5, 2023, Plaintiff had 6 boxes of personal property in B Facility. (Id.)

(*Id.* at pp. 4-5).

//

//

## II. REQUEST FOR EXTENSION OF TIME

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires a showing of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). For example, good cause may be found where the moving party shows that it was diligent in assisting the Court in creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Johnson*, 975 F.2d at 609.

The Court does not find good cause to modify the scheduling order. Discovery opened in this case on October 22, 2022. (ECF No. 78). It will remain open until August 24, 2023. Moreover, Plaintiff has actively litigated this case since that time, including filing two motions to compel. (*See* ECF Nos. 106, 126, 134). Although Plaintiff generally complains that he did not have access to his legal property for some of this time period, he does not explain any specific motions he plans to file or discovery he cannot take in the remaining months allowed for discovery.

Additionally, according to the declarations filed by Defendants, aside from days where Plaintiff was transported between facilities, Plaintiff has had physical possession of his legal property or retained the ability to request access to his legal property since the time Plaintiff was first placed in administrative segregation at KVSP to his eventual transfer to CSP-SAC. Further, according to the declaration of the acting lieutenant supervisor of the receiving and release department at CSP-SAC, Plaintiff's six boxes of personal property have been located in Plaintiff's housing facility at CSP-SAC since April 5, 2023. (ECF No. 135-2, p. 3).

Thus, Plaintiff has not shown good cause to modify the Court's scheduling order.

## III. PLAINTIFF'S REQUEST FOR ORDER TO RELEASE LEGAL WORK

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.

§ 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler v. Haas*, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019); *see also Mitchell v. Haviland*, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); *Lopez v. Cook*, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303, 122 S.Ct. 1, 150 L.Ed.2d 782 (2001) (citations and internal quotation marks omitted).

Plaintiff requests a court order directing Defendants to release Plaintiff's legal work. The Court construes this request as an order under the All Writs Act.

The Court finds that Plaintiff has failed to show that staff at KVSP, COR, or CSP-SAC are impeding his ability to litigate this action. And although Plaintiff alleges that Defendants in this case have "coordinated" with correctional staff, Plaintiff fails to provide any details or documentation supporting this allegation. Indeed, while Plaintiff alleges that he was placed in administrative segregation so that he would be prevented from prosecuting this case, Defendants have provided declarations that indicate Plaintiff was placed in administrative segregation due to his own safety concerns. Further, when an investigation validated those security concerns, Plaintiff was transferred to a facility where he could be safely housed.

As Plaintiff has failed to show critical and exigent circumstances, and as injunctive relief under the All Writs Act is to be used sparingly, the Court will recommend that Plaintiff's request be denied.

## IV. RECOMMENDATION AND ORDER

Based on the foregoing, IT IS RECOMMENDED that Plaintiff's request for an order under the All Writs Act (ECF No. 125) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that Plaintiff's request for a sixty-day extension to file discovery related motions (ECF No. 125) is DENIED.

IT IS SO ORDERED.

Dated: **April 25, 2023**         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JEDGE