UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, *et al.*,<br><br>        Defendants. | Case No.  1:21-cv-00392-JLT-EPG<br><br>ORDER DENYING PLAINTIFF'S AMENDED MOTION TO COMPEL THIRD-PARTY RESPONSES TO SUBPOENA DUCES TECUM<br><br>(ECF Nos. 126, 130).<br><br>ORDER DIRECTING CLERK TO SERVE A COPY OF THIS ORDER TO THIRD-PARTY |

    Plaintiff Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983.

    Before the Court is Plaintiff's amended motion[1] to compel third-party Melina Benninghoff's production of the documents identified in a subpoena duces tecum issued by Plaintiff. (ECF No. 130). For the reasons below, the Court will deny Plaintiff's motion to compel.

**I.   BACKGROUND**

    This case proceeds, in part, on Plaintiff's claims against Defendants Gamboa, Babb, and Sanders for procedural due process in violation of the Fourteenth Amendment based on Plaintiff's allegations that those defendants altered and fabricated evidence, which was used as probable

---

[1] The Court accepted Plaintiff's April 5, 2023, motion to compel as an amended motion to Plaintiff's previously filed motion (ECF No. 126). *See* ECF No. 134.

1

cause to prosecute Plaintiff for assault on a peace officer.[2] (*See* ECF No. 79, p. 10). The state criminal case resulted in a directed verdict in Plaintiff's favor. (*Id.*)

The Court gave Plaintiff leave to issue a third-party subpoena duces tecum directing Ms. Benninghoff, Plaintiff's defense counsel in the state criminal case, to produce certain documents. (ECF No. 96). As the Court explained,

> Plaintiff's claims concern, in part, an incident between Plaintiff and Defendants Hernandez, Hubbard, Huerta, Cathey, and Wolf. (ECF No. 1, 80). As a result of that incident, Plaintiff was criminally charged in state court. Plaintiff has previously filed court documents from the state case that indicate the criminal charges were dismissed after Defendants Cathey and Huerta testified. (ECF No. 84, p. 9-11). Plaintiff's motion states that the evidence presented during the criminal case is within the custody of his defense attorney. For those reasons, the Court finds that the information sought is relevant to Plaintiff's prosecution of this action, and that Plaintiff has sufficiently identified the documents sought from his defense attorney.

(*Id.* at p. 2). Plaintiff's subpoena requested production of the following documents:

> [Request for Production One:] Any and all photographs have been provided to the defense by Prosecutor office or CDCR Custodian of the Records office.
>
> [Request for Production Two:] Any and all transcripts been made at Court Trial on May 24, 2022. (Whole transcripts made on 5/24/2022 "only," and photographs).

(ECF No. 112-1).

On April 5, 2023, Plaintiff filed an amended motion to compel the production of the documents identified in Plaintiff's subpoena request. (ECF No. 130). Plaintiff's motion to compel also includes Ms. Benninghoff's response and objections to Plaintiff's subpoena request. (*Id.* at p. 3-7). Plaintiff's motion seeks to compel the production of the trial transcripts described in Plaintiff's Request for Production Two.[3] (ECF No. 130, p. 1). Specifically, Plaintiff seeks transcripts from May 24, 2022, during the criminal trial when Defendants Henandez, Hubbard, Huerta, and Cathey provided testimony and were cross-examined. (*Id.*) Plaintiff generally argues

---

[2] This action also proceeds on Plaintiff's claims against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison for excessive force in violation of the Eighth Amendment and against Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Argon, Ramadan, and Boyd for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (*See* ECF Nos. 79, 80). Plaintiffs excessive force claims arise from the same incident at issue in the state criminal case.

[3] Plaintiff does not seek to compel further response from Ms. Benninghoff regarding the photographic evidence described in Request for Production One as Plaintiff's motion indicates that Ms. Benninghoff was able to find "all pictures submitted by the district attorney pertaining to the June 12, 2019 incident and that are related to Plaintiff's complaint." (ECF No. 130, p. 1-2).

that the subpoena request is relevant, not privileged, not unduly burdensome, and seeks documents within Ms. Benninghoff's possession and control. (*Id.*) According to Plaintiff's motion, indigent criminal defendants have the right to receive a free copy of their entire trial transcripts from their court appointed counsel. (*Id.*) Plaintiff argues that Ms. Benninghoff was aware of Plaintiff's "right to be provided with court transcripts after the case has been closed and she has [failed] to do so, keeping said transcripts at her possession and control[.]" (*Id.* at p. 2). Plaintiff states that he attempted to obtain the transcripts pursuant to the instructions provided in Ms. Benninghoff's response, but that he was told the transcripts would cost over $1000.00. (*Id.*)

On May 11, 2023, Ms. Benninghoff filed an opposition to Plaintiff's motion to compel. (ECF No. 140). According to the Ms. Benninghoff's opposition, Ms. Benninghoff "does not have a copy of the trial transcripts." (*Id.* at p. 2). Although Plaintiff argues that he is entitled to a free copy of his trial transcript, the opposition states that it is Ms. Benninghoff's customary practice to order trial transcripts only when the transcripts will assist in preparing a defense for Ms. Benninghoff's clients. (*Id.*) In those cases, Ms. Benninghoff orders and pays for the trial transcripts. (*Id.*) With respect to Plaintiff's state criminal case, Ms. Benninghoff did not order trial transcripts, and for that reason, cannot comply with Plaintiff's request for production. (*Id.*)

## II.     DISCUSSION

A party may obtain designated documents, electronically stored information, or tangible things from a non-party in a case by serving a subpoena. Fed. R. Civ. P. 45(a). Under Federal Rule of Civil Procedure 45(d)(2)(B)(i), a party many seek and obtain an order compelling production if another party fails to comply with a subpoena. An order compelling compliance "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). Moreover, non-parties subject to a subpoena duces tecum "deserve extra protection from the courts." [cite] "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. "Once the minimal showing of relevance is made, the party who resist discovery has the burden to show that discovery should be allowed, and has the burden of clarifying, explaining, and supporting its objections." *O.L. v. City of El Monte*, 2:20-cv-00797-RGK (JDEx), 2021 WL 6751904, at * 2 (C.D. Cal. Feb. 16, 2021) (reciting burden-shifting framework for motions to compel nonparty

compliance with a subpoena) (internal citations and quotation marks omitted).

As an initial matter, the Court finds that Plaintiff has met his burden in demonstrating the relevance of the trial transcripts at it issue. Plaintiff argues that he is entitled to a free copy of his trial transcript as a matter of right. While "an indigent defendant, upon timely motion, is presumptively entitled to a full transcript of a prior trial upon retrial," *People v. Tarver*, 279 Cal.Rptr. 268, 369-70 (Cal. Ct. App. 1991), the Court finds no authority suggesting that an indigent criminal defendant is entitled to a free transcript of a prior criminal trial in a subsequent civil trial.[4]

Here, Ms. Benninghoff is not in possession of the trial transcripts from Plaintiff's state criminal trial. *See So. California Housing Rights Ctr. v. K3 Holdings, LLC*, No. 2:22-cv-00697-MCS-JC, 2022 WL 17333390, at *7 (C.D. Cal. Oc. 18, 2022) ("Documents are deemed to be within a party's possession, custody or control if the party has actual possession, custody or control thereof or the legal right to obtain the property on demand."). The Court cannot compel a third-party to produce documents that are not within the third-party's possession, custody, or control. Moreover, requiring Ms. Benninghoff to order and produce the trial transcripts to Plaintiff would impose undue costs on Ms. Benninghoff. Thus, the Court will deny Plaintiff's motion to compel.

## V.   CONCLUSION AND ORDER

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's amended motion to compel (ECF Nos. 126, 130) is denied;
2. To the extent that Plaintiff Luis Garces has previously requested any client materials or property, the Court directs Ms. Benninghoff to promptly comply with California Rule of Professional Conduct 1.16(e);

---

[4] The Court notes that the California Rules of Professional Conduct provide that "upon termination of a representation for any reason. . . the lawyer promptly shall release to the client, at the request of the client, all client materials and property. "Client materials and property" includes correspondence, pleadings, deposition transcripts, experts' reports and other writings, exhibits, and physical evidence, whether in tangible, electronic or other form, and other items reasonably necessary to the client's representation, whether the client has paid for them or not." RPC 1.16(e). Thus, the Court will direct Ms. Benninghoff to provide Plaintiff with Plaintiff's case file and client documents as required by the Rules of Professional Conduct, to the extent she has not already done so.

3. The Clerk of Court is directed to mail a copy of this order to Melina Benninghoff at the following address: Law Office of Melina Benninghoff, 392 W. Fallbrook Ave., Suite 105. Fresno, CA, 93711.

IT IS SO ORDERED.

Dated: **May 18, 2023**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE