UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 131). |

      Before the Court is Plaintiff's motion for reconsideration of the Court's prior order denying Plaintiff's motion for the appointment of counsel. (ECF No. 131). For the following reasons, the Court will deny Plaintiff's motion for reconsideration.

**I.    BACKGROUND**

      On April 5, 2023, Plaintiff filed a motion to reconsider the Court's prior order denying Plaintiff's motion for the appointment of counsel. (ECF No. 131). Plaintiff asks the Court to reconsider its October 26, 2022 order (ECF No. 76) because Plaintiff's changed circumstances warrant reconsideration. (*Id.*) Plaintiff's motion states that Plaintiff was "illegally" declared incompetent by prison psychiatrists who are falsely diagnosing Plaintiff as mentally ill. (*See id.* at pp. 1-7).[1] Plaintiff asks the Court to reconsider Plaintiff's motion for the appointment of counsel

---

[1] Plaintiff's lengthy motion also repeats several allegations that Defendants are harassing Plaintiff

1

in light of the fact that Plaintiff has been declared incompetent. (*Id.*)

The Court directed Defendants to file a response to Plaintiff's motion for reconsideration. (ECF No. 133). On April 24, 2023, Defendants, along with non-parties, California State Prison Sacramento (CSP-SAC) and Kern Valley State Prison (KSVP), filed a response. (ECF No. 136). According to Defendants' response,

> Medical and mental health staff at KVSP determined that Plaintiff's hunger strike and irrational behavior and reasoning warranted mental health intervention due to adverse impacts on his physical health. (Decl. of I. Singh, at ¶¶ 5-15.) Plaintiff refused to accept kosher meals for approximately 25 days, and was admitted to the Correctional Treatment Center ("CTC") and hospital on multiple occasions, due to a hunger strike Plaintiff premised on beliefs that his food was being tampered with. (Id.) Multiple KVSP medical and mental health staff attempted to counsel Plaintiff on multiple occasions on the severe adverse health outcomes that could possible result from starvation. (Id., at ¶¶ 6, 8, 11-20.) Despite these efforts, and Plaintiff beliefs that physicians should provide life-saving care if necessary, Plaintiff refused to authorize such care despite this counseling, yet denied any suicidal ideations. (Id., at ¶ 8, 11-12, 16.) Plaintiff was appropriately placed in CCCMS, the lowest level of outpatient care within MHSDS:. (Decl. of I. Singh, at ¶ 15.)
>
> Medical staff at KVSP were concerned that Plaintiff's hunger strike, and irrational decisions whether to eat his specialized diet, signaled that Plaintiff mental health intervention. (Decl. of I. Singh, at ¶ 15; Decl. of K. Franceschi, at ¶ 5.) Although Plaintiff began eating regular meals again after placement in CCCMS, Plaintiff resumed his hunger strike again on January 2, 2023. (Decl. of I. Singh, at ¶ 18.) A psychologist recommended a more thorough assessment to determine whether Plaintiff was experiencing delusional thinking impacting his physical wellbeing. (Id.) Approximately one week into his second hunger strike, Plaintiff objected to his placement into MHSDS. (Id., at ¶ 19.) Despite Plaintiff's objections on January 9, 2023, the IDTT determined that Plaintiff should be escalated to the EOP level of care based upon what the IDTT believed was necessary to address Plaintiff's mental health needs, and for no improper purpose. (Id.)
>
> On January 9, 2023, Dr. I. Singh, the Chief Medical Executive at KVSP, petitioned the Office of Administrative Hearings ("OAH") to determine whether Plaintiff had the capacity to make decisions impacting his health as it related to food. (Id., at ¶ 20.) This petition was withdrawn based upon further discussion with Plaintiff and other medical and mental health staff. (Id., at ¶ 21.) Thus, there has not been an OAH determination as to Plaintiff's competency to make decisions concerning his medical care. (Id.) At no time was the decision to place Plaintiff in MHSDS, or determining the level of care he would receive, predicated on the input or orders of Defendants in this case, or from Wardens at KVSP, CSP-SAC, or California State

---

in various ways. The Court has previously addressed Plaintiff's allegations regarding his legal property and meal tampering, *see* ECF Nos. 118 & 137, and will not entertain issues not relevant to the instant motion.

Prison, Corcoran. (Id., at ¶ 22.) At no time did Plaintiff complain of suicidal thoughts or other mental impairments during multiple encounters with care providers. (Id., at ¶ 20.)

(ECF No. 136, pp. 5-6).

## II.  DISCUSSION

Rule 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:
>(1) mistake, inadvertence, surprise, or excusable neglect;
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also* Local Rule 230(j).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations omitted). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior order. *See Kern-Tulare Water Dist. V. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Plaintiff's motion for reconsideration contends that reconsideration is warranted because Plaintiff cannot represent himself if he is declared incompetent. Defendants' response indicates that Plaintiff has not been declared incompetent. Moreover, Plaintiff does not present any newly discovered facts regarding the difficulty of the legal issues presented in this case or the likelihood of success on the merits, nor set forth any change in the controlling law as to the appointment of

pro bono counsel that would support reconsideration.

Additionally, Plaintiff has shown a remarked ability to litigate in this case. Plaintiff has filed eleven motions, including motions to compel and quash discovery, since December 2022. (*See* ECF Nos. 89, 90, 93, 94, 103, 106, 108, 121, 125, 130). Those motions have included detailed factual and legal arguments. While many of those motions have been denied, Plaintiff has shown his ability to cogently articulate his position and advocate in favor of his case.

Accordingly, Plaintiff has not established sufficient reason under Rule 60 to warrant reconsideration of the October 26, 2022 order.

## III.   ORDER

Based on foregoing, IT IS ORDERED that Plaintiff's motion for reconsideration (ECF No. 131) is DENIED.

IT IS SO ORDERED.

Dated:   **May 18, 2023**              /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE