UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>          Plaintiff,<br><br>    v.<br><br>M.GAMBOA, *et al.*,<br><br>          Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER RE: DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR AN EXTENSION OF TIME TO SERVE INTERROGATORY RESPONSES<br><br>(ECF No. 159). |

On July 10, 2023, Defendants filed a motion for administrative relief requesting "an extension of time to serve interrogatory responses through July 31, 2023." (ECF No. 159, p. 1). Defendants' motion argues that, based on the declaration of Defendants' counsel, good cause exists to extend the deadline for response. (*Id.*) The declaration of Defendants' counsel states as follows:

> 2. On May 30, 2023, Defendants received interrogatories from Plaintiff. Plaintiff's interrogatories are directed to each of the 15 Defendants. For the exception of interrogatories to Defendant Allison, each of the sets of interrogatories exceed the maximum permitted by the Court's Scheduling Order (ECF No. 78). I advised Plaintiff of this in a letter sent to him on June 27, 2023. I notified Plaintiff that Defendants seek to meet and confer with him regarding the number of interrogatories, and suggested that he narrow some of the requests to comply with the Scheduling Order's limit of 15 interrogatories to each party.
>
> 3. I am currently assigned 27 open cases, including state and federal civil rights

1

and personal injury actions, a wrongful death action, and one state appeal. In addition to diligently responding to Plaintiff's motions and discovery requests, and filing a motion for summary judgment in the above-captioned case, I am similarly diligently defending my other cases since receiving Plaintiff's interrogatories, including producing voluminous discovery responses in my wrongful death action, *Smith v. Wheat, et al.* (E.D. Cal. No. 2:21-cv-01859 MCE CKD, on July 7, 2023. Additionally, I drafted and filed Respondents' Brief in my state appeal, *Kilgore v. Compton, et al.* (Third District Court of Appeal No. C096593), on July 5, 2023.

4. Additionally, between June 14 and June 20, 2023, I was out of state for a previously-planned trip and took several days of vacation leave, though did work on several of these days while on my trip.

5. In light of these recent time demands, in addition to diligently defending my other assigned cases, Defendants require additional time to serve responses to Plaintiff's interrogatories.

6. On July 5, 2023, I met and conferred with Plaintiff by videoconference to discuss numerous issues relating to discovery. At the beginning of the 22-minute call, Plaintiff confirmed that he received the letter sent June 27, 2023. Plaintiff indicated that he did not wish to reduce the number of interrogatories, and would be filing a motion to obtain leave to propound additional interrogatories. 7. Due to the attempt to meet and confer with Plaintiff and the work load of defense counsel, Defendants respectfully request an additional 20 days to serve responses to Plaintiff's interrogatories. This is Defendants' first request to extend time for this deadline. If granted, the deadline to serve interrogatory responses would be extended until July 31, 2023.

(ECF No. 159, p. 4-5).

Based on the declaration of Defendants' motion (ECF No. 159), IT IS ORDERED that Defendants have leave to serve interrogatory responses on or before July 31, 2023.

IT IS SO ORDERED.

Dated: **July 12, 2023**           /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE