UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR 10-DAY EXTENSION OF TIME TO SERVE INTERROGATORY RESPONSES<br><br>(ECF No. 165).<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO PROPOUND ADDITIONAL INTERROGATORIES AND DENYING PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSES<br><br>(ECF No. 164). |

    Before the Court are three related requests: Plaintiff's request for leave to propound additional interrogatories (ECF No. 164), Plaintiff's motion to compel interrogatory responses (ECF No. 164), and Defendants' motion for an extension of time to serve interrogatory responses (ECF No. 165). The Court will address each request as follows.

    On July 28, 2023, Defendants filed a second motion for an extension of time "to serve interrogatory responses for some, but not all, Defendants through August 10, 2023." (ECF No. 165). As the declaration of Defendants' counsel explains, Defendants received interrogatories directed to each of the fifteen defendants in this case from Plaintiff on May 30, 2023. (*Id.*, p. 3).

1

Defendants obtained a twenty-day extension to respond to these interrogatories on July 31, 2023. (*See* ECF Nos. 159, 161). Defendants now seek further extension based on the following:

> 4. I continue to diligently attempt to contact each of my 15 clients to discuss Plaintiff's interrogatories, and finalize verified responses. To-date, I have obtained verified responses for Defendants Gamboa, Hubbard, Wolfe, Babb, Gill, and Hernandez. I have reached and conferred with Defendants Cathey, Huerta, Boyd, Camacho, and Sanders. Although I have not obtained verified responses from them yet, each have assured me that they will provide them by the July 31, 2023 deadline, and I will diligently continue to follow up with them in my attempts to serve them on Plaintiff by the deadline.
>
> 5. I have been unable to reach and consult with Defendants Allison (who has retired from CDCR), Ibarra, and Aragon despite my attempts to reach them. I am informed that Aragon does not return to work until Saturday, July 29, 2023. I am informed that Ibarra does not return to work until Sunday, July 30, 2023. Further, Defendant Ramadan informed me that he is on leave and away from the office until Monday, July 31, 2023, and unable to review and verify his interrogatory responses until that time. Although I anticipate being able to finalize and serve responses for Ramadan, Ibarra, Aragon, Cathey, Huerta, Boyd, Camacho, and Sanders by the July 31, 2023 deadline, out of the abundance of caution, Defendants respectfully request leave to serve these responses by August 10, 2023 in the event that verified responses cannot be obtained by the deadline. Defendants further respectfully request leave to serve Defendant Allison's responses by August 10, 2023 due to my inability to reach her.

(ECF No. 165, pp. 3-4). In light of these circumstances, the Court will grant Defendants' second request.

On July 24, 2023, Plaintiff filed a motion to compel Defendants responses to Plaintiff's First Set of Interrogatories.[1] (ECF No. 164). Plaintiff's filing also includes a separate request for leave of Court to submit more than 15 interrogatories per party. (*id.*, pp. 13-17), as well as a copy of Plaintiff's First Set of Interrogatories sent to Defendants Ramadan, Gil, Argon, Boyd, Ibarra, and Camacho, (*id.*, pp. 19-21), Defendant Allison, (*id.*, pp. 22-24), and Defendants Gamboa, Babb, Sander, Hubbard, Hernandez, Huerta, Cathey and Wolf (*id.*, pp. 25-29).

Plaintiff's request for leave to propound additional interrogatories generally contends that

---

[1] On May 30, 2023, Plaintiff filed a motion to compel regarding Defendants' responses to Plaintiff's First Request for Production. (ECF No. 149). Plaintiff's motion is fully briefed and currently pending before the Court. On July 20, 2023, Plaintiff filed a request to the Court to act on Plaintiff's May 30, 2023, motion to compel. (ECF No. 163). Plaintiff's request includes allegations related to the discovery requests at issue in Plaintiff's May 30 motion to compel. (*See id.*) The Court will address Plaintiff's allegations in the order regarding Plaintiff's May 30 motion to compel. Plaintiff's July 20, 2023, filing also includes Plaintiff's opposition to Defendants' motion for summary judgment. (*Id.*, pp. 15-64). The Court has issued a separate minute order clarifying that it has received Plaintiff's opposition.

he has not violated the Court's scheduling order by serving Defendants more than the allowed number of interrogatories. (*Id.*, p. 14). Plaintiff's request indicated that not every interrogatory should be answered by every defendant:

> 1. C/O V. Cathey and T:Wolf: Interrogatories #1, #3, #7-18 and #20 (14 interrogatories)
>
> 2. C/O Huerta: Interrogatories #1, #3, #7-16, #20 (12 interrogatories)
>
> 3. Lt. T. Sander: Interrogatories #1, #4-6, 21, 22, 23 (7 interrogatories)
>
> 4. Warden Gamboa, Babb (Capt.): #4; 5; 21; 24 (4 interrogatories)
>
> 5. Sergeant Hernandez and Sgt. Hubbard: #1-3; 6-16; 19-22 (16 Interrogatories)

(*Id.*) Plaintiff states that he has exceeded the number of interrogatories requested as to Defendants Hernandez and Hubbard, as well as the health care defendants (Defendants Ramadan, Gil, Argon, Boyd, Ibarra, and Camacho) because the complexities involved in this case, including the number of parties involved. Accordingly, Plaintiff requests permission "to make 20 interrogatories to each of the 5 enumerated Defendants at page 2 line 1-5 (5 extra interrogatories, it is necessary for Plaintiffs' Second Set of Interrogatories)." (*Id.*, p. 16).

The Court will deny Plaintiff's request for leave to serve additional interrogatories. According to Defendants, Defendants' counsel advised Plaintiff that the number of interrogatories directed to each defendant (aside from Defendant Allison) were excessive in a letter sent to Plaintiff on June 27, 2023. (ECF No. 159, p. 3; ECF No. 165, p. 3). And on July 5, 2023, Plaintiff told Defendants' counsel that "he did not wish to reduce the number of interrogatories, and would be filing a motion to obtain leave to propound additional interrogatories." (ECF No. 159, p. 4). Moreover, the interrogatories sent to Defendants Gamboa, Babb, Sander, Hubbard, Hernandez, Huerta, Cathey, and Wolf do not indicate that certain interrogatories are only intended for certain defendants. (*See* ECF No. 164, pp. 25-29).

Additionally, Plaintiff does not specify the nature of the additional interrogatories he wishes to propound from Defendants Hernandez, Hubbard, Ramadan, Gil, Argon, Boyd, Ibarra, and Camacho, or how those interrogatories are necessary to adjudicate the merits of any of Plaintiffs' claims.

Plaintiff's motion to compel generally argues that Defendants have refused to timely serve responses to Plaintiff's interrogatory requests and have improperly requested that Plaintiff seek

leave to propound additional responses. Plaintiff does not otherwise provide any argument as to why the Court should compel Defendants to respond. Accordingly, the Court will deny Plaintiff's motion to compel interrogatory responses.

Based on the foregoing, IT IS ORDERED that:

1. Defendants' second motion for an extension of time to serve interrogatory responses (ECF No. 165) is GRANTED as follows:
    a. Defendants Hubbard, Wolfe, Babb, Gill, and Hernandez shall serve verified interrogatory response by the existing deadline of July 31, 2023.
    b. Defendants Cathey, Huerta, Boyd, Camacho, Sanders, Allison, Ibarra, Aragon, and Ramadan shall serve verified interrogatory responses no later than August 10, 2023.
2. Plaintiff's request for leave to propound additional interrogatories (ECF No. 164, pp. 13-17) is DENIED.
3. Plaintiff's motion to compel responses to interrogatories (ECF No. 164) is DENIED.

IT IS SO ORDERED.

Dated:   **July 31, 2023**                         /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE