UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. GAMBOA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-00392-JLT-EPG<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO STAY AND REQUEST FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 169).<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR AN ORDER UNDER THE ALL WRITS ACT BE DENIED<br><br>(ECF No. 169) |

　　　　Plaintiff Luis Manuel Garces is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 4, 2023, Plaintiff filed a request to stay the scheduling order. (ECF No. 169). Plaintiff generally alleges that he is unable to access the law library and the law librarian is retaliating against Plaintiff by restricting his access. Therefore, Plaintiff requests that the Court stay the scheduling order "until Defendants fix these ongoing law library problems." (*Id.*, p. 3). Plaintiff also asks the Court to intervene and order that Plaintiff be allowed full access to the law library. Plaintiff also renews his request for the appointment of counsel.

　　　　The Court will deny, without prejudice, Plaintiff's request for the appointment of counsel

for the reasons set forth the Court's prior orders. (*See* ECF Nos. 30, 76, 142).

The Court will also deny Plaintiff's request for a stay. Plaintiff does not identify any pending motion or deadline that he cannot meet because of his limited access to the library. Moreover, Plaintiff has since filed two legal briefs that indicate Plaintiff's continuing ability to litigate this case. (*See* ECF Nos. 170, 172).

The Court will also recommend that Plaintiff's request for an order requiring prison officials to allow Plaintiff full access to the law library be denied. *See* 28 U.S.C. § 1651(a) (under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.")."[I]njunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted), and Plaintiff has failed to show that such circumstances exist here. Moreover, Plaintiff has not demonstrated that non-party correctional officials are impeding his ability to litigate this case. *Hammler v. Haas*, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019) ("Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action."). As discussed above, Plaintiff has been able to file legal briefs and has not identified a particular deadline he is unable to meet.

Based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's request for an order under the All Writs Act (ECF No. 169) be DENIED.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Further, IT IS ORDERED that Plaintiff's request to stay the scheduling order and for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:  **September 11, 2023**                    /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE