UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. GAMBOA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND/OR ENFORCE DISCOVERY<br><br>(ECF Nos. 149, 163). |

　　Plaintiff Luis Manuel Garces is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff's claims concern, in part, a use of force incident between Plaintiff and Defendants Hernandez, Hubbard, Huerta, Cathey, and Wolf. (ECF No. 1, 80). Plaintiff alleges that Defendants Gamboa, Babb, and Sanders altered and fabricated evidence as to that incident, which was later used as probable cause to prosecute Plaintiff for assault on a peace officer. Plaintiff also alleges that prison and medical staff were deliberately indifferent to his serious medical needs after the use of force incident.

---

[1] This case proceeds on Plaintiff's claims against Defendants Gamboa, Babb, and Sanders for procedural due process in violation of the Fourteenth Amendment, as well as Plaintiff's claims against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison for excessive force in violation of the Eighth Amendment and against Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Argon, Ramadan, and Boyd for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (*See* ECF Nos. 18, 21, 76, 80).

1

Before the Court is Plaintiff's motion to compel (ECF No. 149) and Plaintiff's motion to enforce/order the Defendants to compel (ECF No. 163). For the following reasons, the Court will grant in part and deny in part Plaintiff's request to compel discovery.

**I.     BACKGROUND**

Plaintiff previously filed a motion to compel Defendants' production of the documents identified in Plaintiff's Request for Production of Documents (Set One) on January 17, 2023. (ECF No. 106). The Court denied Plaintiff's motion to compel on January 31, 2023, explaining:

> On January 11, 2023, prior to the filing of Plaintiff's motion to compel, Defendants filed a motion for administrative relief seeking a *nunc pro tunc* extension of time to serve responses and objections to Plaintiff's First Request for Production of Documents. (ECF No. 101). Defendants' motion requested that the deadline be extended to January 20, 2023. (Id.)
>
> . . .
>
> Because the Court granted Defendants' *nunc pro tunc* request to extend to deadline to respond to Plaintiff's First Set of Requests for Production, the Court will deny Plaintiff's motion, without prejudice.

(ECF No. 110, pp. 1-3).[2] However, the Court noted that, "[n]othing in this order prevents Plaintiff from filing a new motion to compel if Defendants' responses are insufficient." (*Id.*, p. 3 n2).

As required by the Court's scheduling order (*see* ECF No. 78, pp. 3-4), Defendants filed a privilege log and a declaration in support of the privileges asserted by Defendants in their responses to Plaintiff's Requests for Production Set One on February 17, 2023. (ECF No. 115). Defendants also submitted the documents withheld on the basis of the official information privilege or confidentiality to the Court for *in camera review*. Upon review, the Court requested clarification as to two of the documents submitted to the Court. (ECF No. 119). On March 8, 2023, Defendants filed a notice of clarification. (ECF No. 120). The Court reviewed the relevant documents and assertion of privileges and declined to overrule the objections or require further production from Defendants.

On May 30, 2023, Plaintiff filed the instant motion to compel the production of documents. (ECF No. 149). Plaintiff's motion generally contends that Defendants have either completely failed to respond or have otherwise provided deficient responses to several of Plaintiff's discovery requests, including Plaintiff's Request for Production Set One Nos. 1, 3, 11,

---

[2] The Court's reference to "Plaintiff's First Request for Production of Documents" is to Plaintiff's Request for Production of Documents (Set One).

2

14, and 15.³ (ECF No. 149).

The Court directed Defendants to file a response to Plaintiff's motion to compel. (ECF No. 151). After the Court granted Defendants an extension to file an opposition, Defendants filed an opposition to Plaintiff's motion to compel on July 7, 2023. (ECF Nos. 154, 156).

In support of Defendants' opposition, counsel for Defendants provided a supporting declaration. This declaration describes a video conference meeting that took place between Plaintiff and defense counsel on July 5, 2023. (*See* ECF No. 156, pp. 13-14). According to defense counsel, Plaintiff repeatedly accused defense counsel of recording the meeting. (*Id.*) Defense counsel also attempted to show Plaintiff the video file of the interview at issue in Plaintiff's Request for Production Set One, No. 15. (*Id.*) However, there was a technical issue and Plaintiff could not hear the audio of the video despite defense counsel's attempts to troubleshoot. (*Id.*) Defense counsel told Plaintiff that he would send copies of the video files to Plaintiff's current institution. (*Id.*, p. 14).

On July 17, 2023, Defendants filed a request for leave to supplement their opposition to Plaintiff's motion to compel, along with the supplemental filing. (ECF No. 162). This filing indicates that, following the July 5 meeting, Defendants made the video available for Plaintiff at his current institution, but that Plaintiff refused to watch the video without defense counsel present. (*Id.*, p. 4).

On July 20, 2023, Plaintiff filed a motion to enforce/request for and order compelling Defendants to produce the documents requested by Plaintiff's motion to compel.⁴ (ECF No. 163). Plaintiff alleges that Defense counsel intentionally did not play the audio file in an attempt to harass Plaintiff. (*See e.g., id.*) Plaintiff also alleges that defense counsel was secretly recording Plaintiff during the July 5 meeting. (*Id.*)

On July 24, 2023, Plaintiff filed a motion to compel interrogatory responses and request for leave to propound additional interrogatories (ECF No. 164), which was denied on August 1,

---

³ Plaintiff also insists that Defendants must submit to the Court for *in camera* inspection any documents identified in Plaintiff's first and second Requests for Production that Defendants believe to be confidential, privileged, or protected under state law. (*Id.*, p. 2). However, Plaintiff's motion does not seek to compel responses to any requests made in Set Two, and Defendants previously provided certain documents requested in Set One to the Court for *in camera* review.

⁴ The Court construes this motion as a supplemental brief to Plaintiff's May 30, 2023 motion to compel.

3

2023 (ECF No. 167). On August 4, 2023, Plaintiff filed an "emergency" motion to stay. (ECF No. 169).[5]

On August 9, 2023, Plaintiff filed an opposition to Defendants' request to file supplemental briefing. (ECF No. 170). Plaintiff's opposition to Defendants' request is 211 pages, including exhibits, and repeats Plaintiff's prior arguments and allegations regarding the July 5 meeting with defense counsel. (*See e.g.*, ECF No. 170).[6]

## II.  LEGAL STANDARDS

### A.  Motions to Compel

Federal Rule of Procedure 26(b)(1) defines the scope of discovery:
Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Requests for the production of documents "must describe with reasonable particularity each item or category of items to be inspected[.]" Fed. R. Civ. P. 34(b)(A) (describing requirements). The party to whom the request is directed may state that it will produce copies of the requested documents or "must state with specificity the grounds for objection to the request, including reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party must produce documents which are in its "possession, custody or control." Fed. R. Civ. P. 34(a)(1).

A party seeking discovery may move for an order compelling the production of documents if the responding party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). The party moving to compel bears the burden of establishing that its

---

[5] The Court issued a separate order denying Plaintiff's motion to stay. (ECF No. 175). The Court also recommended that Plaintiff's emergency motion be denied to the extent that Plaintiff sought injunctive relief. (*Id.*)

[6] The Court acknowledges that Plaintiff generally objects to defense counsels' account of the meeting. However, the Court grants Defendants' request to file a supplemental brief and has considered Defendants' supplemental filing to the extent that Defendants represent that Plaintiff has since been provided a copy of the video file(s) at his current institution.

4

request is relevant under Rule 26(b)(1). *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D. Cal. 14, 2009) (internal citations omitted). The party opposing discovery bears the burden of demonstrating why discovery should be prohibited. *Id.*

The Court has broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

## III.    DISCUSSION

As an initial matter, the Court notes that Plaintiff's motion to compel is untimely. The Court's scheduling order set the deadline to file motions to compel by April 24, 2023. (ECF No. 78). Plaintiff filed his initial motion to compel on May 30, 2023, and his second motion regarding the same discovery requests on July 20, 2023. However, as the Court recently granted Defendants' request to extend the deadline to complete non-expert discovery and file dipositive motions (ECF No. 173), the Court will proceed to decide Plaintiff's motion to compel on the merits.

### A.    Request for Production Set One, No. 14[7]

Plaintiff's Request for Production Set One, No. 14 requests "production of all photographs taken during the incidents' investigation by the IGI Rodriguez and Arisco on 6/12/19." (ECF No. 149, p. 20). Plaintiff's motion to compel seeks "clear" copies of these photographs. (*Id.*, p. 1). Defendants acknowledge that this request is "valid." (ECF No. 156, p. 9). The declaration of defense counsel states that:

> 6.    On January 20, 2023, Defendants served Plaintiff responses to Request for Production of Documents, Set One. These responses are reproduced in Defendants' Opposition to Plaintiff's Motion to Compel. These responses referred Plaintiff to documents previously produced in the Exchange of Documents, and produced an additional 137 pages of documents responsive to Plaintiff's requests. Included in this production were photographs contained in Appeal Log Number CSPC-5-19-04351.
>
> 7.    I have since learned that the photographs produced were printed in black and white, and were not as legible as they would be if printed in color. I requested digital copies of these photographs from the litigation coordinator at California State Prison, Corcoran ("COR") in an attempt to provide Plaintiff with color copies of these photographs. The litigation coordinator informed me that the digital files of these photographs are no longer in the possession, custody, or control of the institution. To address Plaintiff's motion to compel further responses

---

[7] The Court will address the requests at dispute in the order presented by Plaintiff's motion.

to Request for Production Number 14, I obtained color printed copies of these photographs. Defendants will supplement their responses and serve these color printed copies to Plaintiff.

(ECF No. 156, pp. 12-13).

Plaintiff does not challenge Defendants' representations.

Given Defendants' admission that the originally-provided photographs were not legible and they intend to provide Plaintiff with color copies, the Court will grant Plaintiff's motion to compel as to Request for Production Set One, No. 14, and order Defendants to provide Plaintiff with color copies of the investigative photos within thirty days of this order to the extent they have not already done so.

### B.     Request for Production Set One, No. 15

Plaintiff's Request for Production Set One, No. 15 seeks video footage of the interview taken by Lieutenant Borreo and Sergeant Barrera on July 3, 2019.[8] (ECF No. 149, p. 20).

Defendants' opposition states that Defendants originally served video files of the interview to the litigation coordinator at Kern Valley State Prison in response to the Court's order requiring the exchange of documents on December 27, 2022. (ECF No. 156, pp. 10, 12, 18-19). Plaintiff was informed that the video files could be viewed upon written request to the Litigation Coordinator. (*Id.*, p. 12, 18). Because Plaintiff has transferred numerous times to different institutions, defense counsel first attempted to resolve this issue by arranging to play the video files during a scheduled video conference with Plaintiff on July 5, 2023. (*Id.*, p. 10-11). However, the video conference application would not play the audio, so Defendants sent the video files to Plaintiff's current institution, California State Prison, Los Angeles County. (*Id.*, p. 10-11).

Defendants' supplemental filing states that defense counsel contacted the litigation coordinator at California State Prison, Los Angeles County and "requested that Plaintiff's correctional counsel provide an opportunity for Plaintiff's viewing of the videos as soon as possible." (ECF No. 162, p. 4). The litigation coordinator subsequently informed defense counsel that "Plaintiff met with a correctional counselor on July 12, 2023, and refused to cooperate and view the videos." (*Id.*)

Based on Defendants' representation that a video file of the interview was previously

---

[8] These individuals are not named as defendants in this case.

6

produced to Plaintiff and has now been made available for Plaintiff to view at his current institution, the Court will deny Plaintiff's motion to compel to the extent that it seeks production of video footage of the July 3, 2019 interview.

### C.     Request for Production Set One, No. 1

Plaintiff's Request for Production Set One, No. 1 seeks all grievances and complaints, including any lawsuits, related to staff misconduct that were filed at Corcoran State Prison against Defendants Gamboa, Hernandez, Sanders, Babb, Hubbard, Huerta, Cathey, Wolf, and Allison. (ECF No. 149, p. 2, 14).

Defendants argue they appropriately objected to Plaintiff's request on several grounds, including that the request was "overbroad as to time and subject matter, unduly burdensome, irrelevant to the claims and defenses in this action, and not proportional to the needs in this case." (ECF No. 156, p. 3). Defendants state that they attempted to meet and confer with Plaintiff regarding the scope of this request on July 5, 2023. (*Id.*, p. 5). Defendants also argue that they appropriately asserted the official information, state law privileges related to the confidentiality of government personnel records, and the privacy rights of non-party inmates in response to Plaintiff's request and provided the relevant documents to the Court for *in camera* inspection. (*Id.*) Additionally, Defendants submitted a declaration from the litigation coordinator at CSP-Corcoran representing that "a search of all inmate appeals, grievance[s], and complaints submitted against specific staff is an exceedingly burdensome task" and describing the lengthy process that would be entailed. (ECF No. 115, at p. 2). That declaration also explained various legal authorities that prevent disclosure of such grievances, especially to other inmates. (ECF No. 115, at p. 2-3).

Plaintiff argues that Defendants' objection as to burden has no merit because he is aware of at least eight cases involving the use of excessive force by Defendants Hernandez and Hubbard that Plaintiff obtained through a *Pitchess* motion during the state criminal case. (ECF No, 163, p. 2).

To the extent that Plaintiff seeks all complaints and grievances made by other inmates against Defendants in this action, the Court agrees with Defendants that Plaintiff's request is overly broad as to time and because it would include all allegations of mistreatment by

7

Defendants "regardless of whether these allegations were similar to those asserted in this case." (ECF No. 156, p. 5). It also appears that searching for such grievances would be unduly burdensome. The relevance of such grievances, which are not court proceedings or sustained objections, is minimal.

However, the Court finds that any complaints filed in courts of law alleging excessive force against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison should be produced. Such complaints, if any, should be relatively easy to locate. They are publicly filed and are not subject to the legal restrictions on sharing inmate grievances. It is also possible that such complaints could be relevant to the motive that Defendants used in using force against Plaintiff. Fed. R. Evid. 404(b)(2) ("This evidence may be admissible for another purpose, such as providing motive . . . or lack of accident."). For those same reasons, the Court also finds that any complaints filed in courts of law alleging the fabrication of evidence against Defendants Gamboa, Babb, and Sanders should be produced to the extent such complaints exist.

Accordingly, the Court will grant the motion to compel as to any complaints filed in a court of law concerning excessive force made against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison, as well as any complaints filed in a court of law concerning fabricated evidence against Defendants Gamboa, Babb, and Sanders.

**D.     Request for Production Set one, No. 3**

Plaintiff's RFP Set One, No. 3 seeks "[a]ny and all 'Institution Committee or CSR' generated Chrono at CMC related to DRB orders to transport Mr. Garces to Corcoran State Prison on or around March or April 2019." (ECF No. 149, p. 16).

Defendants contend that they appropriately objected to this request on the basis that it is vague and ambiguous as to the term "CSR." (ECF No. 156, pp. 6-7). However, Defendants' response to Plaintiff states that Defendants provided Plaintiff "[c]lassification chrono records regarding Plaintiff's transfer from California Men's Colony ('CMC') to California State Prison, Corcoran ('COR')" in response to the Court's discovery order. (*Id.*)

Plaintiff's motion to compel does not explain why this response was deficient or why Defendants' objection was unjustified. Accordingly, the Court will deny Plaintiff's motion to compel as to this request.

**E.     Request for Production Set One, No. 11**

Plaintiff's RFP Set One, No. 11 seeks a copy of the 3-B Program Office Logbook for the second watch on June 12, 2019, as well as a copy of the TTA (CTC) Logbook used specifically for officers and officials only. (ECF No. 149, p. 18). Plaintiff argues that Defendants have refused to produce the program office's logbook, which records the daily activities of personnel and their in-times. (*Id.*, p. 3). Plaintiff alleges that every prison in the State of California maintains one of these logbooks in their program office. (*Id.*)

According to Plaintiff, the logbook would show the exact time that Defendant Hernandez accessed the program office to interview Plaintiff, which Plaintiff claims was later altered by Defendant Hubbard. (*Id.*) Plaintiff also argues that the logbook would demonstrate the amount of time that Plaintiff was left without medical assistance. (*Id.*) Plaintiff further argues these logbooks are relevant because they will show that the various times given by the "IGIS" and Defendants' report are not consistent. (*Id.*) Plaintiff requests that the Court conduct an inspection of Corcoran State Prison premises to confirm the existence of the "programs logbook[s]," or otherwise appoint a prison expert to investigate and provide testimony as to prison procedures, including the maintenance of building logbooks. (*Id.* p. 3-4).

Defendants' response to Plaintiff's request states that "[a]fter making a reasonable inquiry and a diligent search for COR 3B Program Office's Log Book entries for "2nd watch," and TTA (CTC) Log Book entries for 2nd watch, dated June 12, 2019, there are no responsive documents in Defendants' possession, custody, or control." (ECF No. 156, p. 8). Defendants' opposition argues that Defendants have complied with their obligation to make a reasonable inquiry and diligent search of the requested documents. (*Id.*) According to the declaration of defense counsel:
> Regarding Request for Production Number 11, I previously requested that the litigation coordinator at COR inquire and perform a search for log book entries in the Facility 3B program office, the Correctional Treatment Center, and the Triage and Treatment Area. Prior to serving responses to this request, I was informed by the litigation coordinator that no log books were in the possession, custody, or control of the institution. I since confirmed with the litigation coordinator that she performed these searches, and was informed that program offices at COR do not maintain log books. I was further informed that the litigation coordinator searched for log books in the medical facilities, and requested assistance from medical staff to do the same, and that there are no log book entries in the possession, custody, or control of the institution.

9

(*Id.*, p. 13).

"Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one 'cannot be required to produce the impossible.'" *Berger v. Home Depot USA, Inc.*, 2010 WL 11558000, at *7 (C.D. Cal. Oct. 7, 2010) (quoting *Zervos v. S. S. Sam Houston*, 79 F.R.D. 593, 595 (S.D. N.Y. 1978), and *LaChemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 172 (D. Del. 1973)). The "court cannot compel a party to produce documents that do not exist and a mere suspicion that additional documents exist is an insufficient basis to grant a motion to compel." *K.C.R. v. Cty. of Los Angeles*, 2014 WL 12725470, at *8 (C.D. Cal. Aug. 6, 2014). To succeed on the motion, "the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld." *K.C.R.*, 2014 WL 12725470, at *8.

Here, although Plaintiff generally alleges that Defendants have not acted in good faith, Plaintiff has not provided a colorable basis for his belief that Defendants are improperly withholding the requested logbooks. Defense counsel has provided a declaration, signed under penalty of perjury, that the requested logbooks are not in the possession, custody, or control of Corcoran State Prison. (ECF No. 156, p. 14). Accordingly, the Court will deny Plaintiff's motion to compel production of the program office and medical logbooks based on Defense counsel's representation that such logbooks do not exist.

## V. CONCLUSION AND ORDER

Based on the foregoing, it is ordered as follows:

1. Plaintiff's motion to compel (ECF No. 149) and motion to enforce (ECF No. 163) is GRANTED in part and DENIED in part as follows:

    a. Plaintiff's motion to compel as to Request for Production Set One, No. 14 is granted in part. Within thirty days Defendants shall produce color copies of the investigative photos to the extent they have not already done so.

    b. Plaintiff's motion to compel as to Request for Production Set One, No. 15 is denied.

    c. Plaintiff's motion to compel as to Request for Production Set One, No. 1 is granted

in part: Within forty five days of this order Defendants shall produce to Plaintiff any complaints filed in a court of law concerning excessive force made against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison, as well as any complaints filed a court of law concerning fabricated evidence made against Defendants Gamboa, Babb, and Sanders.

    d. Plaintiff's motion to compel as to Request for Production Set One, No. 3 is denied.

    e. Plaintiff's motion to compel as to Request for Production Set One, No. 11 is denied.

2. Defendants' request for leave to file a supplemental opposition (ECF No. 162) is granted.

IT IS SO ORDERED.

Dated: __**September 25, 2023**__      /s/ *Erica P. Grosjean*
                                                    UNITED STATES MAGISTRATE JUDGE