UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>    Plaintiff,<br><br>  v.<br><br>M. GAMBOA, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-00392-JLT-EPG<br><br>ORDER REGARDING PLAINTIFF'S MISCELLANEOUS REQUESTS<br><br>(ECF Nos. 172, 179, 180, 181, 185)<br><br>ORDER SETTING RESPONSE DEADLINE FOR DEFENDANTS<br><br>ORDER REGARDING FUTURE EXTENSION REQUESTS BY PLAINTIFF |

Plaintiff Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court are several pending motions brought by Plaintiff.[1] (ECF Nos. 172, 179, 180, 181, 185). The Court will address each motion in turn.

\\\

---

[1] The Court notes that Plaintiff has filed several objections to previous orders issued by this Court, including objections to the order denying Plaintiff's motion for an extension to file discovery motions, (*see* ECF Nos. 137, 152), the order denying Plaintiff's request for leave to propound additional interrogatories and granting Defendant's motion for an extension of time to serve interrogatory responses (*see* ECF Nos. 167, 174), and the order granting in part and denying in part Plaintiff's motion to compel discovery, (*see* ECF Nos. 177, 178). Plaintiff's objections are pending before the assigned district judge. (ECF Nos. 152, 174, 176, 178). The Court will not address these objections.

### I. Motion for Leave to File Supplemental Opposition

On August 21, 2023, Plaintiff filed a request for leave to file a supplemental opposition and declaration in response to Defendants Camacho, Ibarra, Gill, Aragon, Ramadan, and Boyd reply to Plaintiff's opposition to summary judgment. (ECF No. 172).  Plaintiff's motion is GRANTED insofar as the Court will consider Plaintiff's filing in ECF No. 172 when ruling on Defendants' motion for summary judgment.  (ECF No. 150)

### II. Plaintiff's "Notice" regarding Plaintiff's Interrogatory Requests

On October 10, 2023, Plaintiff filed a "[third] motion to compel Defendants to answer to production of documents request [one] and to compel Defendants to answer to [first] interrogatory request." (ECF No. 178). The filing is docketed as "Objections to Order (ECF NO. 177) Granting In Part Plaintiff's Motions to Compel." (*See* Docket). This filing largely objects to the Court's order granting, in part, and denying, in part, Plaintiff's motion to compel the production of documents (*see* ECF No. 177) and the Court's order denying Plaintiff's request for leave to propound additional interrogatories and motion to compel interrogatory responses (*see* ECF No. 167) and is properly before the assigned district judge as an objection to a magistrate judge ruling.

However, Plaintiff's filing includes a bracketed "notice," which states that Defendant Allison has not responded to Plaintiff's interrogatory requests. (ECF No. 178, p. 4).

On November 2, 2023, Defendants filed an opposition to this motion. (ECF No. 183). As to the interrogatory requests directed to Defendant Allison, Defendants respond as follows:

> In a bracketed portion of this motion, Plaintiff asserts that Defendant K. Allison did not respond to Plaintiff's interrogatory requests, and accuses defense counsel of "lying" when Plaintiff was informed at his deposition that Allison's responses were previously served. (*Id.* at p. 4.)
>
> Plaintiff's accusations are false. (Lewicki Decl. at ¶¶ 2, 4.) Defendants timely served Allison's interrogatory responses on August 10, 2023, and counsel informed Plaintiff of such at his deposition. (*Id.*) As a courtesy to Plaintiff, Defendants re-served Allison's interrogatory responses. (*Id.* at ¶ 5.) Plaintiff's motion lacks merit and should be denied outright.

(*Id.*, p. 2). To the extent that Plaintiff's October 10, 2023 filing asks the Court to compel Defendant Allison's response to Plaintiff's interrogatory requests based on the fact that Plaintiff has not received Defendant Allison's response, the Court will deny Plaintiff's request.

2

Defendants' counsel has filed a declaration, signed under penalty of perjury, that asserts Defendants have served Plaintiff with Defendant Allison's interrogatory responses:

> 4. On September 17, 2023, I took Plaintiff's deposition at California State Prison, Los Angeles County. Plaintiff informed me that he did not receive interrogatory responses of Defendant K. Allison. Although I did not have a copy of Allison's interrogatory responses on hand at the deposition, I was aware that these responses were served previously on August 10, 2023. I informed Plaintiff that Allison's interrogatory responses, as well as the other 14 Defendants' interrogatory responses, were timely served on him.
>
> 5. On November 2, 2023, and as a courtesy to Plaintiff, Defendants served another copy of Defendant Allison's interrogatory responses, along with the corresponding proof of service dated August 10, 2023.

(ECF No. 183-1, p. 2). Based on Defendants' supporting declaration, the Court denies Plaintiff's request for an order compelling Defendant Allison to respond to Plaintiff's interrogatory requests.

**III.    Motion for Extension of Time for Deposition of Documents and Motion for Extension**

On October 25, 2023, Plaintiff filed a "Motion for Extension of Time for the Deposition of Documents." (ECF No. 179). Plaintiff's motion states that he was deposed by Defendants "whos as for Prooff of documents, they already have on their possession, and documents they are not produced for discovery (production of Document Request)." (ECF No. 179, p. 1). Plaintiff also claims that Defendants have not responded to various discovery requests. (*Id.*, p. 2). Plaintiff asks "to District Court to provide 20 days extension for production of depositive's documents." (*Id.*)

Defendants' opposition argues that Plaintiff's motion (ECF No. 179) should be denied because Plaintiff "fails to clearly identify what discovery response[s] are at-issue, or otherwise explain why the responses are deficient, why the objections are not justified, and why the information sought is relevant to his prosecution of this action." (ECF No. 183, p. 3).

It is unclear what deadline Plaintiff asks to extend. On August 22, 2023, the Court granted Defendants' motion to modify the scheduling order:

> 1. The non-expert discovery deadline is extended to October 23, 2023, for the limited purposes of noticing and taking Plaintiff's deposition and supplementing written discovery responses. **All other non-expert discovery must be completed by August 24, 2023, as set forth in the Court's scheduling order (ECF No. 78).**
> 2. The Court also finds good cause to extend the deadline for the parties to file dispositive motions to January 2, 2024.

3

(ECF No. 173) (emphasis added). Although Plaintiff argues that an extension of time is necessary because his access to the law library is limited, the Court does not know what Plaintiff means by the "production of depositve documents." The deadline for filing dipositive motions has already been extended to January 2, 2024.

Moreover, any objections and argument related to the Court's orders denying Plaintiff's prior motions to compel regarding the production of documents and interrogatory responses are properly before the district judge. (*See e.g.*, ECF Nos. 179, 180).

Accordingly, Plaintiff's October 25, 2023 motion for an extension (ECF No. 179) is DENIED. The substantively identical motion for an extension filed by Plaintiff on November 1, 2023 (ECF No. 180) is also DENIED.

**IV. Motion to Compel**

On November 1, 2023, Plaintiff filed a "Declaration in support for Requests for Admission and Motion to Compel Defendants to Answer Production of Documents and to Answer Interrogatory Requests." (ECF No. 181). Plaintiff states that he has requested Defendants' answer to the requests for admission submitted on August 16, 2023, and Defendants have refused to answer based on the "old scheduling order" and the order granting Defendants' third motion to modify the scheduling order. (*Id.*, pp. 1). Plaintiff also states that Defendants have failed to timely produce certain documents as directed by the Court's order granting, in part, Plaintiff's motion to compel. (*Id.*, pp. 2-4). Plaintiff generally argues that the Court has ignored Plaintiff's requests and has allowed the Defendants to "run out" the non-expert discovery time. Plaintiff also mentions Defendants' past cases filed in courts of law.

On November 8, 2023, Defendants filed a motion for a fourteen-day extension of time to serve Plaintiff with supplemental responses "relating to complaints filed in courts of law, concerning Defendants Hernandez, Allison, Gamboa, Babb, and Sanders." (ECF No. 184). The Court granted Defendants' request. (ECF No. 186).

To the extent Plaintiff objects to the Court's denial of his motion to compel the production of the officer logbook and Plaintiff's motion to compel interrogatory responses, those objections are properly before the district judge.

However, to the extent that Plaintiff seeks to compel Defendants' responses to his requests

4

for admission submitted on August 16, 2023, the Court would like to understand Defendants' position on this issue. The Court notes that Plaintiff submitted certain requests for admission to the Court on August 21, 2023. (*See* ECF No. 172, pp. 42-50). It is not clear if these were ever served on Defendants or if Defendants have responded to these requests. Accordingly, Defendants shall file a response to ECF No. 181 regarding Plaintiff's requests for admission no later than fourteen days from the date of this order.

Plaintiff's motion (ECF No. 181) is otherwise DENIED.

### V. Notice Regarding Mail Interference

On November 9, 2023, Plaintiff filed a "notice" to the Court regarding possible interference with his legal mail and request to move scheduling order up to February. (ECF No. 185). Plaintiff generally argues that the litigation office at this current institution is interfering with his mail and that certain IGI officers refused to give Plaintiff his mail unless he signed for the mail before opening the mail to confirm the mail was what Plaintiff expected. (*Id.*, p. 2). Plaintiff alleges that the IGI officers are working as part of a sting operation to set up incarcerated individuals with false accusations based on the receipt of mail. (*Id.*) Plaintiff states that he was expecting deposition transcripts on November 2, 2023, but he has not yet received them. (*Id.*) Plaintiff believes that the deposition transcripts could have been the mail the IGI officers withheld from Plaintiff. (*Id.*) Plaintiff asks the Court to order Defendants to produce the deposition transcript and "to move the scheduling order up to 30 days from the scheduling order of January 2024 to February 2024." (*Id.*, p. 3).

Regarding the allegations of interference in mail, the IGI Officers identified in the notice are not defendants and there are no claims in this case regarding interference with mail. The Court will thus not take any action on these allegations.

To the extent Plaintiff requests an extension of time, Plaintiff does not indicate why additional time is needed or if his extension request is based on the deadline to file dispositive motions, which is currently January 2, 2024. Plaintiff may renew this request. The request is therefore DENIED.

Based on the foregoing, IT IS ORDERED as follows:

1. Plaintiff's request for leave to file a supplemental opposition to Defendants Camacho,

5

Ibarra, Gill, Aragon, Ramadan, and Boyd's motion for summary judgment is GRANTED insofar and the Court will consider this filing in connection with the pending motion for summary judgment. (ECF No. 172).

2. Plaintiff's motion to compel Defendant Allison's responses to Plaintiff's interrogatory requests (ECF No. 178, p. 4) is DENIED.[2]

3. Plaintiff's motions for an extension of time for the production of deposition-related documents (ECF Nos. 179, 180) is DENIED.

4. Plaintiff's motion to compel (ECF No. 181) is DENIED, in part, and RESERVED, in part, as follows:

    a. The Court will reserve ruling on Plaintiff's request to compel responses to Plaintiff's August 16, 2023 requests for admission. Defendants shall file a response to Plaintiff's motion regarding the requests for admission no later than fourteen (14) days from the date of this order.

    b. In all other respects, Plaintiff's motion is DENIED.

5. Plaintiff's motion to modify the scheduling order (ECF No. 185) is DENIED.

6. **All future extensions requests filed by Plaintiff shall not exceed three (3) pages, excluding exhibits.** Moreover, Plaintiff's future extension requests shall clearly identify the relevant deadline and state the reasons why Plaintiff believes an extension is necessary. As stated in the scheduling order, "[i]f Plaintiff requests an extension due to a lack of law library access, he should attach his request for law library access and/or paging services, as well as the institution's response to his request (if any), to his motion for an extension of time." (ECF No. 78, p. 6 n.7).

\\\
\\\
\\\
\\\
\\\

---

[2] All other arguments made by Plaintiff in objection to this Court's prior orders remain pending before the district judge.

**Plaintiff's future extension requests shall also state whether he has access to LexisNexis on a CDCR-issued tablet.** Further, the Court will not act on any exhibits that are unrelated or irrelevant to the extension request.

IT IS SO ORDERED.

Dated: **November 14, 2023**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE