UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS CAMACHO, IBARRA, GILL, ARAGON, RAMADAN, AND BOYD'S MOTION FOR SUMMARY JUDGMENT BE DENIED AND THAT AN EVIDENTIARY HEARING BE SET<br><br>(ECF No. 150).<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Luis Manuel Garces is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims against Defendants Gamboa, Babb, and Sanders for procedural due process in violation of the Fourteenth Amendment; Plaintiff's claims against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison for excessive force in violation of the Eighth Amendment; and Plaintiff's claims against Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Aragon, Ramadan, and Boyd for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (*See* ECF Nos. 1, 18, 21, 79, 80).[1]

---

[1] The operative complaint is Plaintiff's third complaint. (*See* ECF Nos. 79, 80).

1

On June 7, 2023, Defendants Camacho, Ibarra, Gill, Aragon, Ramadan, and Boyd ("Medical Staff Defendants")[2] filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies as to his Eighth Amendment claims against the Medical Staff Defendants for deliberate indifference to serious medical needs. (ECF No. 150). On July 10, 2023, the Court granted Plaintiff's request for an extension of time to respond to Defendants' motion. (ECF No. 157). On July 24, 2023, Plaintiff filed his opposition to Defendants' motion for summary judgment. (ECF No. 162, pp. 15-64). On August 3, 2023, the Medical Staff Defendants filed their reply. (ECF No. 168). On August 21, 2023, Plaintiff filed a request for leave to file a supplemental declaration in opposition to Defendants' reply. (ECF No. 172).[3]

The Court finds that there is a genuine dispute of material fact regarding whether Plaintiff timely filed a grievance regarding his Eighth Amendment deliberate indifference to a serious medical need claims against the Medical Staff Defendants. Accordingly, the Court will recommend that the Medical Staff Defendants' motion for summary judgment be denied, and that an evidentiary hearing be set to determine whether Plaintiff exhausted his administrative remedies by timely filing a grievance regarding his claims against the Medical Staff Defendants that was improperly processed by prison officials.

I. **SUMMARY OF CLAIMS**

This case proceeds, in part, on Plaintiff's claims against the Medical Staff Defendants for deliberate indifference to a serious medical need in violation of the Eighth Amendment. (*See* ECF Nos. 1, 18, 21, 79, 80). Plaintiff's medical deliberate indifference claims are based on allegations that Defendants Camacho, Ibarra, Gill, Aragon, Ramadan, and Boyd did not make any effort to provide emergency assistance to Plaintiff or treat Plaintiff's injuries following the use of force incident described in Plaintiff's complaint that took place at Corcoran State Prison ("CSP") on June 12, 2019. Plaintiff alleges the Medical Staff Defendants failed to administer prompt

---

[2] The motion does not challenge Plaintiff's claims against Defendants Gamboa, Hubbard, Allison, Huerta, Sanders, Cathey, Hernandez, Babb, and Wolf as they relate to the exhaustion of administrative remedies, including Plaintiff's Eighth Amendment claims for deliberate indifference to a serious medical need against Defendants Hernandez and Hubbard. (*See* ECF No. 150-1, p. 2 n.1).

[3] The Court granted Plaintiff's request "insofar as the Court will consider Plaintiff's filing [ECF No. 172] when ruling on Defendants' motion for summary judgment. (ECF No. 187, p. 2).

2

treatment or otherwise prevented Plaintiff from receiving prompt treatment, and that the lack of timely treatment worsened the severity of his injuries.

## II. SUMMARY JUDGMENT

### A. Medical Staff Defendants' Motion

The Medical Staff Defendants argue that the undisputed facts demonstrate that an administrative appeal process was available to Plaintiff. (ECF No. 150-2, pp. 6-7, 19). However, the numerous health care grievances submitted by Plaintiff during the relevant time period (COR HC 19001233, COR HC 2000112, COR HC 2000260, COR HC 2000311, and COR HC 2000391) do not "relate to or exhaust the claims brought against the Medical Defendants in the TAC." (ECF No. 150-2, p. 7 (citing Defendants' Statement of Undisputed Material Facts[4] ("UMF") Nos. 6, 11-17); *Id.*, p. 14). Moreover, the motion argues that Plaintiff did not submit any other legally sufficient grievances alleging deliberately indifferent or improper treatment by the Medical Staff Defendants that would serve to properly exhaust Plaintiff's Eighth Amendment claims against the Medical Staff Defendants. (*Id.*, p. 14).

Defendants assert that at the relevant time, the California Department of Corrections and Rehabilitation ("CDCR") had an health care grievance process in place for inmates. (ECF No. 150-2, p. 7). An inmate exhausts available administrative remedies by receiving a decision at the headquarters' level of review. (*Id.*) Defendants' statement of undisputed material facts states that "[g]rievance forms are available to all inmates at the institutional level. Grievances shall be picked up and delivered to the Health Care Grievance Officer each business day per local operating procedure." (ECF No. 150-3, p. 4, UMF No. 9).

Defendants concede that Plaintiff submitted a health care grievance in 2019 (COR HC 19001233), related to Plaintiff's neck pain, lower back pain, and abdominal pain and Plaintiff's requests for services and treatment for those ailments. (*Id.*, p. 8) (citing to UMF No. 11). Grievance COR HC 19001233 "was completed at the headquarters level on April 23, 2020, with a disposition of no intervention." (*Id.*) Along with this grievance, Plaintiff submitted radiology reports dated June 12, 2019 that included imaging findings of Plaintiff's lumbar spine, right

---

[4] Defendants' statement of undisputed facts in support of their motion for summary judgment can be found at ECF No. 150-3.

shoulder, and thoracic spine along with this grievance. (*Id.*) However, Defendants argue that this grievance (COR HC 19001233) was insufficient to exhaust Plaintiff's claim against Defendants Camacho, Ibarra, Gill, Aragon, Ramadan, or Boyd because "Plaintiff did not reference any specific allegations against the Medical Defendants or allege how they were deliberately indifferent to his medical needs on June 12, 2019." (*Id.*). Moreover, COR HC 19001233 was the only health grievance submitted by Plaintiff in 2019 and concerns the primary care physicians assigned to Plaintiff at the time the grievance was submitted (December 8, 2019). (*Id.*, p. 13) (citing UMF Nos. 6, 11-12).

Grievance COR HC 2000112 "was completed at the headquarters level on June 17, 2020, with a disposition of no intervention." (ECF No. 150-2) (citing UMF No. 13). This grievance alleges that Plaintiff "was denied medical treatment on January 24, and 31, and February 4, 2020." (*Id.*) Defendants argue that COR HC 2000112 does not "reference any specific allegations against the Medical Defendants or allege how they were deliberately indifferent to his medical needs on June 12, 2019." (*Id.*)

Grievance COR HC 2000260 "was completed at the institutional level on June 29, 2020, with a disposition of no intervention, and not appealed to the headquarters level." (ECF No. 150-2, p. 9) (citing UMF No. 14). In this grievance, "Plaintiff alleged that health care staff failed to comply with his request for copies of medical records." (*Id.*) This grievance was originally rejected at the institutional level because it contained "only general allegations." (*Id.*) The resubmitted grievance, which Plaintiff did not appeal, does "not reference any specific allegations against the Medical Defendants, or allege how they were deliberately indifferent to his medical needs on June 12, 2019." (*Id.*)

Grievance COR HC 2000311 was submitted on April 15, 2020. (ECF No. 150-2, p. 9) (citing UMF No. 15). In this grievance,
> Plaintiff alleged that numerous medical staff and the Chief Executive Officer disregarded his serious medical needs, and authored false statements in Plaintiff's medical records. (Id.) Among the numerous allegations, Plaintiff claimed that on March 24, 2020, a nurse practitioner ignored prior magnetic resonance imaging results from June 12, 2019, and January 13, 2020. (Id.) Plaintiff submitted numerous documents to support his allegations, including a CDCR Form 7362 Health Care Services Request Form stating that he experienced severe pain since June 12, 2019. (Id.) Plaintiff did not reference any specific allegations against the Medical Defendants, or allege how they were deliberately indifferent to his

4

medical needs on June 12, 2019. (Id.)

(*Id.*) Defendants argue that "although Plaintiff refers to magnetic resonance imaging results from June 12, 2019, and attached a CDCR Form 7362 Health Care Services Request Form stating that he has been in pain since that date, the grievance clearly focuses on care received afterwards." (*Id.*, p. 13) (citing UMF No. 15). Grievance COR HC 200311 was rejected "because the health care grievance addressed multiple issues and contained only general allegations." (*Id.*, p. 9) (citing UMF No. 15). Plaintiff was afforded 30 days to correct his grievance, but "[t]here is no record of Plaintiff resubmitting this health care grievance." (*Id.*) Accordingly, Defendants argue Grievance COR HC 2000311 does "not exhaust claims against the Medical Defendants." (*Id.*, p. 13).

Defendants similarly argue that Grievance COR HC 2000391 does "not exhaust claims against the Medical Defendants." (ECF No. 150-2, p. 14) (citing UMF No. 16) In this grievance,
> Plaintiff alleged that medical staff repeatedly denied him treatment and authored false statements in his medical records over a number of years. (Id.) Plaintiff submitted numerous documents to support his allegations, including a CDCR Form 7362 Health Care Services Request Form stating that he experienced severe pain since June 12, 2019. (Id.)

(*Id.*) However, this grievance does "not allege that the Medical Defendants failed to provide him care on June 12, 2019." (*Id.*, p. 14) (citing UMF No. 16). Further, Grievance COR HC 2000391 "was completed at the institutional level on August 31, 2020, with a disposition of no intervention, and was not appealed to the headquarters level." (ECF No. 150-2, p. 10) (citing UMF No. 16). Accordingly, Defendants argue that Grievance COR HC 2000391 does not "exhaust claims against the Medical Defendants." (*Id.*, p. 14).

Defendants also argue that the administrative process was available to Plaintiff, as the undisputed facts show that Plaintiff "submitted numerous grievances after the alleged events giving rise to his claims," and although the submitted grievances were legally insufficient to adequately place prison officials on notice oft the allegations in this action, the process was nevertheless available to Plaintiff." (*Id.*, pp. 14-15) (citing UMF Nos. 6, 11-16).

Finally, Defendants ask the Court to set an evidentiary hearing if the Court determines that there are any genuine disputes of material fact. (*Id.*, p. 15). Defendant asks that this hearing be conducted "before the parties proceed to the merits of this case." (*Id.*)

5

In support of their motion, Defendants submit: the declaration of S. Gates, the Chief of the Health Care Correspondence and Appeals Branch (ECF No. 150-4), a log of heath care grievances and appeals submitted by Plaintiff (ECF No. 150-5, pp. 2- 20), and copies of the headquarters' level and institutional level responses to Plaintiff's health care grievances (*id.*, pp. 21-121).

### B.     Plaintiff's Opposition

In opposition, Plaintiff argues that he should be excused from the exhaustion requirement due to the fact that the Health Care Appeals Office at Corcoran State Prison failed to process the health care grievance (602-HC) that Plaintiff submitted regarding the Medical Staff Defendants. (*See* ECF No. 163, pp. 15-64).[5] Plaintiff states that this grievance was either purposefully seized and suppressed or simply not properly processed. (*Id.*, p. 23).

Plaintiff states that he submitted a 602-HC on June 19, 2019 while he was housed in the SHU at CSP in Ad/seg Annex Section 4A-4R. (*Id.*, p. 19, 21). Plaintiff states that this 602-HC "was collected from [Plaintiff's] cell[] door by the 3rd Watch Officers who placed [it] in the H.C. Appeals Box at Corcoran SHU on 6/19/19." (*Id.*, pp. 20-21). According to Plaintiff, the prison policy at the time (put in place by Defendant Gamboa) meant that Plaintiff was unable to place his 602-HC grievance in the SHU Health Care Appeals Box while Plaintiff was housed in administrative segregation. (*Id.*, pp. 21-22). Plaintiff further states that he was not provided with any pens, paper, or 602 forms while he was in isolation. (*Id.*, p. 24) Plaintiff states that the collected 602-HC was made by a fellow inmate who was able to go to the law library and obtain supplies. (*Id.*) Additionally, Plaintiff states that it is the Health Care Appeals Office's obligation to provide Plaintiff with a new 602 form if they were refusing to process the 602-HC grievance that Plaintiff submitted. (*Id.*, p. 23). However, Plaintiff states that he never received a notice from the Appeals Office stating any changes in the grievance process or informing him why he 602-HC was rejected. (*Id.*)

Plaintiff also argues that he submitted numerous grievances related to his injuries and the

---

[5] Plaintiff also includes allegations that are not relevant to the issue of whether Plaintiff exhausted his available administrative remedies, including allegations that medical staff at California State Prison-Sacramento and Los Angeles State Prison are refusing to provide Plaintiff with the findings from a March 2023 MRI. (ECF No. 163, pp. 17, 20). The Court will not address allegations unrelated to the issue of exhaustion.

denial of treatment and MRIs, including HC 602 #19001233 and HC 602 #20000112, which were based on the same issues of deliberate indifference. (*Id.*, pp. 23-24).

In support of his opposition, Plaintiff includes his copy of the 602-HC he asserts that he submitted on June 19, 2023. (ECF No. 163, pp. 2-3). In this grievance, Plaintiff alleges that Defendant Ramadan, as well as other medical staff, failed to provide Plaintiff with medical assistance when he was taken to the 3B clinic following the use of force incident. (*Id.*) Plaintiff also alleges that the doctors and nurses at the CTC denied Plaintiff medical assistance and treatment as ordered by Defendant Hubbard. (*Id.*) Plaintiff also submits a declaration, signed under penalty of perjury, that after the use of force incident, Plaintiff was placed in 4A-4R SHU in Cell # 127 and was unable to obtain a 602-HC form, writing paper, or ink. (*Id.*, p. 61). Plaintiff found another inmate (A.K. Pajaro) who was able to help Plaintiff and who filled out the 602-HC form. (*Id.*, p. 62). Plaintiff was able to make a copy of this 602, which he submitted to the Court in his attachments to his complaint and to Defendants. (*Id.*)

### C. Defendants' Reply

On August 3, 2023, Defendants filed a reply to Plaintiff's opposition. (ECF No. 168). Defendants argue that Plaintiff's assertion that he submitted a compliant grievance is "entirely contradicted by the record," and the Court should thus "not adopt Plaintiff's self-serving statement that he submitted this grievance." (*Id.*, p. 3). Moreover, Defendants argue that "Plaintiff's attempt to submit '[his] copy' of a grievance bearing no indicia that prison officials ever received or considered it does not create a genuine issue of material fact." (*Id.*, p. 4).

### D. Plaintiff's Supplemental Opposition

Plaintiff's supplemental opposition argues that Defendants "have agree[d] that by the time my H.C. Grievance[s] were submitted, the H.C. Appeals Office were rejecting H.C. Appeals old forms." (ECF No. 172, p. 4). However, Plaintiff was not on notice about the new procedures to follow or that the "old forms (CDCR 602 H.C. (Rev. 6/17))" would be rejected. (*Id.*)

### III. LEGAL STANDARDS

#### A. Summary Judgment

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

7

56(a); *Albino v. Baca* ("*Albino II*"), 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record ... from which a reasonable inference ... may be drawn ..."; the court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n.2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed ...." *Anderson*, 477 U.S. at 255. The Court may also consider other materials in the record not cited to by the parties but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

**B.     Exhaustion of Administrative Remedies**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey,* 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 640, 642 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Reyes*, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

There are no "special circumstances" exceptions to the exhaustion requirement. *Ross*, 578 U.S. 648. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 639. The *Ross* Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819....
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use....
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.... As all those courts have recognized, such interference with an

9

inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Ross*, 578 U.S. 643–44. "When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

### C. CDCR Grievance Procedure

At the relevant time, the California Department of Corrections and Rehabilitation ("CDCR") provided an administrative remedy for inmates challenging "health care policies, decisions, actions, conditions or omissions that have a material adverse effect on [a prisoner's] health or welfare" Cal. Code Regs. tit. 15 § 3999.226(a) (2018). To initiate a health care grievance, a prisoner submits CDCR Form 602 HC within thirty calendar days and must "clearly and coherently" include "all information known and available to him or her regarding the issue." *Id.* at § 3999.227(b), (g). Moreover, "[t]he grievant shall include any involved staff member's last name, first initial, title or position, and the date(s) and description of their involvement." *Id.* § 3999.227(g)(1). Health care grievances are screened to identify whether they should be rejected and to ascertain whether they should be addressed as a health care staff complaint. *Id.* at §§ 39999.228, 3999.231(b). Health care grievances are subject to two levels of review: (1) an institutional level of review, and (2) a headquarters' level of review, which exhausts administrative remedies. *Id.* at § 3999.226(a)(1), (g). Rejection or withdrawal of a healthcare grievance does not exhaust administrative remedies. *Id.* at § 3999.226(g). To properly exhaust administrative remedies, an inmate must receive a disposition at the headquarters' level of review. *Id.* at § 3999.226(g).

\\\
\\\
\\\
\\\

10

## IV. DISCUSSION

### A. Undisputed Facts[6]

The Court finds that the following facts are undisputed:

- The alleged constitutional violations giving rise to Plaintiff's claims against the Medical Staff Defendants took place on June 12, 2019. (ECF No. 150-3, p. 2; ECF No. 80, p. 6, 29).
- There was a generally available administrative remedy. (ECF No. 150-3, pp. 3-4; ECF No. 163, pp. 32-38).
- Plaintiff knew about and used the administrative grievance process, including advancing appeals to the final level of review. (ECF No. 150-3, pp. 4-6; ECF No. 163, pp. 32-38).
- Between June 12, 2019 and March 12, 2021, Plaintiff submitted five health care grievances. (ECF No. 150-3, pp. 4-6; ECF No. 163, pp. 32-38).
- The above-listed appeals did not address Plaintiff's medical deliberate indifference allegations against the Medical Staff Defendants for a failure to provide treatment on June 12, 2019, or did not receive a final disposition at the headquarters' level. (ECF No. 150-3, pp. 4-6; ECF No. 163, pp. 32-38).
- Plaintiff did not receive a final disposition at the headquarters' level for a grievance regarding the failure to provide treatment on June 12, 2019. (ECF No.

---

[6] Plaintiff does not provide a separate response to Defendants' itemized Statement of Undisputed Facts as required under the Local Rules. *See* E.D. Cal. L.R. 260(b). Plaintiff was provided with a *Rand* warning informing him of the summary judgment requirements of Rule 56 and of the Local Rules' directive that, Plaintiff must ""reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." (ECF No. 150-1) (quoting L.R. 260(b)). Instead, Plaintiff's memorandum includes specific denials or admissions as to Defendants' arguments made in support of their motion for summary judgment. Thus, the Court has taken facts set forth in Defendants' statement as undisputed. However, Plaintiff did attach evidence to his opposition. (*See* ECF No. 163, pp. 27-64). Additionally, the TAC is verified. (ECF No. 80). *See Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004) (nothing that, where the plaintiff was proceeding *pro se,* the court was required to "consider as evidence in his opposition to summary judgment all of [his] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [he] attested under penalty of perjury that the contents of the motions or pleadings are true and correct"). The Court has thus considered this evidence in determining whether the undisputed facts entitle Defendants to summary judgment under the applicable legal standards.

150-3, pp. 4-6; ECF No. 163, pp. 32-38).

## B. Analysis

As discussed above, it is undisputed that there was a generally available administrative remedy and that Plaintiff did not receive a disposition at the headquarters' level of review to any grievance he filed regarding his deliberate indifference claim as to the Medical Staff Defendants. As it is undisputed "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino II*, 747 F.3d at 1172. Here, the Court finds that there is a genuine dispute of material fact regarding whether the generally available administrative remedy was available to Plaintiff.

As evidence that the process was unavailable to him, Plaintiff submits a declaration, which is signed under penalty of perjury, that he "submitted the 6/19/19 H.C. 602 via the Institution officers." (ECF No. 163, p. 63). This is admissible evidence on summary judgment because it is included in Plaintiff's declaration that is signed under penalty of perjury, and it is based on facts within Plaintiff's personal knowledge. Plaintiff also submits the copy of the 602-HC form that he submitted to the institution officer that he was able to make off some "scraping paper" that the inmate who helped Plaintiff complete the 602 sent along with pen filler. (*Id.*, pp. 28-29, 62). Plaintiff further alleges that he did not receive a response.

Finally, it is undisputed that Plaintiff knew about and used the administrative grievance process, including advancing appeals to the final level of headquarters' review.

Defendants argue that the Court should disregard Plaintiff's evidence as self-serving. Defendants argue that Plaintiff's claim that he submitted a grievance and was otherwise thwarted in filing a health care grievance are "demonstrably false and contradicted by the record." (ECF No. 168, p. 3). In support of his argument, Defendant cites to *Scott v. Harris*, 550 U.S. 372. However, in *Scott*, there was a videotape that contradicted the plaintiff's version of events, and there was no indication that the videotape was doctored or altered. *Id.* at 378. Here, there is no evidence that is capable of objectively disproving Plaintiff's allegation that he submitted a grievance on June 19, 2019. *See, e.g., Hughes v. Rodriguez*, 2022 WL 1180766, at *4 (9th Cir.

Apr. 21, 2022) ("While *Scott* involved dashcam video footage, courts have since applied its logic to other types of evidence capable of objectively disproving witness testimony.").

Defendants also argue that the copy of the grievance submitted by Plaintiff as evidence does not create a genuine issue of material fact in light of the fact that "Plaintiff made ready use of the grievance process[.]" (ECF No. 168, p. 4).

While self-serving, the Court finds that Plaintiff's declaration and verified opposition are not vague, conclusory, or lacking in detailed facts. As noted above, Plaintiff explains the relevant factual allegations and claims, states that he submitted a grievance regarding the failure of the 3B clinic and CTC medical staff to provide medical treatment following the use of force incident, and states the date on which he submitted the grievance to the prison staff responsible for collecting such grievances. Thus, Plaintiff has provided specific factual allegations. *See S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007) (("[D]eclarations oftentimes will be self-serving—[a]nd properly so, because otherwise there would be no point in [a party] submitting [them]. In most cases, consequently, [t]hat an affidavit is self-serving bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact. Only in certain instances—such as when a declaration state[s] only conclusions, and not such facts as would be admissible in evidence, — can a court disregard a self-serving declaration for purposes of summary judgment.") (altered) (citations and internal quotation marks omitted); *see also Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497 (9th Cir. 2015). Moreover, Defendants have not offered any evidence contradicting Plaintiff's claims that, per Corcoran State Prison policy at the time, inmates were not provided with grievance forms while housed in administrative segregation or able to place the grievance forms into the proper submission box themselves. *See Powell v. Gomes*, No. 2:21-cv-0781-DB-P, 2022 WL 17904454, at *5 (E.D. Cal., Dec. 23, 2022) ("Defendants have put forth evidence showing that there is no record that plaintiff submitted an appeal for second level review. However, there is nothing in their motion that contradicts plaintiff's account that he put his appeal out for an officer to pick up."), *report and recommendation adopted*, 2023 WL 3201079 (May 2, 2023).

In light of the parties' factual dispute, the Court will recommend that Defendants' motion for summary judgment be denied, and this matter be set for an evidentiary hearing to determine

whether Plaintiff exhausted administrative remedies relative to his claim in this action. *Albino II*, 747 F.3d at 1168 ("If summary judgment is not appropriate, the district judge may decide disputed questions of fact in a preliminary proceeding.")

## V.     CONCLUSION AND RECOMMENDATION

The Court finds that a genuine dispute of material fact exists as to whether Plaintiff filed a grievance regarding his claims against the Medical Staff Defendants. Thus, Defendants Camacho, Ibarra, Gill, Aragon, Ramadan, and Boyd are not entitled to summary judgment on their exhaustion defense. Because material facts are disputed, "the district judge rather than a jury should determine the facts." *Albino II*, 747 F.3d at 1166. Defendants have requested an *Albino* hearing should the Court find that facts are in dispute and the Court recommends that this matter be referred back for an evidentiary hearing on the issue of whether Plaintiff filed a grievance regarding the Medical Staff Defendants treatment of Plaintiff on June 12, 2019. [7]

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendants Camacho, Ibarra, Gill, Aragon, Ramadan, and Boyd's motion for summary judgment (ECF No. 150) be DENIED.
2. An evidentiary hearing be set to determine whether Plaintiff exhausted his administrative remedies by timely filing a grievance regarding his medical deliberate indifference claim that was improperly processed by prison officials.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within twenty-one (21) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\
\\\
\\\

---

[7] This case proceeds on the merits as previously set. (*See* ECF No. 78). To the extent that Defendants suggest that the merits of the case wait until a final decision on exhaustion, the Court denies that request.

14

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 27, 2023**        /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE