UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>    Plaintiff,<br><br> v.<br><br>M. GAMBOA, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL WRITTEN RESPONSES TO REQUESTS FOR ADMISSION<br><br>(ECF No. 181). |

  Before the Court is Plaintiff's motion to compel written responses to requests for admission. (ECF No. 181). For the following reasons, the Court will grant, in part, Plaintiff's motion and order Defendants to respond to the first 15 requests for admission ("RFAs") as described in this order.

**I. DISCUSSION**

  On November 1, 2023, Plaintiff filed a "Declaration in support for Requests for Admission and Motion to Compel Defendants to Answer Production of Documents and to Answer Interrogatory Requests." (ECF No. 181). In this filing, Plaintiff states that he has

1

requested Defendants' answer to the requests for admission submitted on August 16, 2023, and Defendants have refused to answer based on the "old scheduling order" and the order granting Defendants' third motion to modify the scheduling order. (*Id.*, pp. 1).

On November 14, 2023, the Court directed Defendants to file a response indicating whether they ever received or responded to the RFAs that Plaintiff stated were sent on August 16, 2023. (ECF No. 187, p. 4-5). The Court otherwise denied Plaintiff's motion. (*Id.*, p. 5).

On November 28, 2023, Defendants filed a response in opposition to Plaintiff's request. (ECF No. 193). Defendants argue that Plaintiff's motion to compel "should be denied because the Request[s] for Admission were untimely served and exceeded the number permitted by the Scheduling Order." (*Id.*, p. 2). In support of their opposition, Defendants include the declaration of Defendants' counsel, Peter D. Lewicki, who provides as follows:

> 3. On August 22, 2023, I received an ECF notification email of Plaintiff's filing of ECF No. 172. Included in this filing were "Request[s] for Admission" and an accompanying proof of service by mail. (ECF No. 172 at pp. 42-50.) The Office of the Attorney General also received via mail the same Request[s] for Admission and accompanying proof of service.
>
> 4. According to the proofs of service by mail, Plaintiff served the Request[s] for Admission on August 16, 2023. Pursuant to the Scheduling Order, all non-expert discovery was to be completed no later than August 24, 2023. (ECF No. 78 at p. 5:21-22.) The Scheduling Order further provided 45 days for all responses to written discovery requests. (Id. at p. 3:14-15.)
>
> 5. Although service of the Request[s] for Admission were untimely under the terms of the Scheduling Order, I nevertheless calendared the deadline to serve responses and objections from the date of service by mail, with the additional three days afforded for service by mail by Federal Rule of Civil Procedure 6(d). Based on this calculation, I determined the deadline to serve responses and objections as October 3, 2023.
>
> 6. On October 3, 2023, Defendants timely served objections to Plaintiff's Request[s] for Admission. For each of the 27 requests, Defendants objected on the basis that the requests were untimely served. For requests that exceeded the 15 permitted by the Scheduling Order, Defendants also objected on this additional basis. Based on these objections, no substantive responses were provided. A true and correct copy of Defendants' objections to the requests, and accompanying proof of service by mail, is attached to this declaration as Exhibit A.

(ECF No. 193-1, p. 2).

Here, Plaintiff's discovery requests seek specific information from Defendants regarding the use of force incident underlying Plaintiff's claims. (*See* ECF No. 172, pp. 42-45). Thus,

Plaintiff's requests are discoverable under Federal Rule of Civil Procedure 26(b)(1). Fed. R. Civ. P. 36(a) ("A party may serve on any other party a written request, for purpose of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to [facts, the application of law to fact, or opinions about either, and the genuineness of any described document]."); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . .").

The Court appreciates Defendants' position that Plaintiff's August 16, 2023 RFAs were untimely because they were served on Defendants without providing Defendants forty-five days to return written responses before the close of non-expert discovery on August 24, 2023. However, in light of the multiple extension requests the Court has granted to Defendants regarding discovery since the scheduling order was issued (*see* ECF Nos. 102, 124, 133, 139, 154, 160, 166, 173, and 186), the Court will grant, in part, Plaintiff's motion to compel. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (district court have broad discretion to permit or deny discovery); *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936-37 (9th Cir. 1994) ("Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play.").

However, the Court will sustain Defendants' objections to Plaintiff's RFAs to the extent they are based on the limitation in the scheduling order that "[a] party may serve on any other party no more than. . .15 requests for admission" without requesting leave with the Court "explaining why additional discovery requests are necessary." (ECF No. 78, p. 3). Plaintiff has not requested or provided good cause for an exception to this rule. Therefore, Defendants need only respond to the first 15 RFAs per party in the set.

Accordingly, the Court will order Defendants to provide substantive written responses to Plaintiff's RFAs that were included in Plaintiff's August 16, 2023 filing. (*See* ECF No. 172, pp. 42-45). However, Defendants need only respond to the **first 15 requests**. (*Id.*, pp. 42-43).

\\\
\\\

## II. ORDER

Based on the foregoing, IT IS ORDERED that Plaintiff's motion to compel (ECF No. 181) is granted, in part, as follows:

    a. Defendants shall serve Plaintiff written responses to Plaintiff's first 15 RFAs (ECF No. 172, pp. 42-43) by no later than January 26, 2024. Defendants shall also file a notice of compliance with the Court.

    b. Plaintiff's motion is otherwise denied as consistent with the Court's November 14, 2023 order. (ECF No. 187, p. 5 ("Plaintiff's motion (ECF No. 181) is otherwise DENIED.")).

IT IS SO ORDERED.

Dated:   **December 12, 2023**                    /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE