UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00392-JLT-EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS *DUCES TECUM*<br><br>(ECF No. 203) |

      Plaintiff Luis Manuel Garces is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims against Defendants Gamboa, Babb, and Sanders for procedural due process in violation of the Fourteenth Amendment; Plaintiff's claims against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison for excessive force in violation of the Eighth Amendment; and Plaintiff's claims against Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Aragon, Ramadan, and Boyd for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (*See* ECF Nos. 1, 18, 21, 79, 80). The underlying use of force incident giving rise to Plaintiff's claims took place at Corcoran State Prison (CSP) on June 12, 2019. (ECF No. 80).

      On December 26, 2023, Plaintiff filed a motion for the issuance of two subpoenas *duces tecum*. (ECF No. 203). Plaintiff seeks to subpoena two individuals who assisted him at a "DRB"

1

hearing that took place at California Men's Colony (CMC) on March 15, 2019. (*Id.*, p. 1). Plaintiff states that Defendant Kathleen Allison was late to this hearing. (*Id.*) Plaintiff argues that these individuals could provide information that he has requested from Defendants regarding the March 15, 2019 DRB hearing.

Plaintiff's motion is untimely. Non-expert discovery concluded in this case on August 24, 2023, pursuant to the Court's scheduling order. (*See* ECF No. 78). Plaintiff's motion does not offer any explanation as to Plaintiff's delay in requesting non-expert third-party subpoenas several months after the discovery deadline. As Plaintiff fails to establish good cause for this delay, the Court will deny his motion for the issuance of subpoenas *duces* tecum. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Zivkovic v. Southern California Edison Co.*, 304 F.3d 1080, 1087 (9th Cir, 2002) (good cause exists when the schedule "cannot reasonably be met dispute the diligence of the party seeking the extension") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Further, upon review of Plaintiff's proposed interrogatories and motion, the information sought by Plaintiff is not relevant to any of the claims or defendants that proceed in this action. The proposed interrogatories concern a hearing that took place before the underlying incident at issue in Plaintiff's operative complaint. Moreover, aside from the brief reference to Defendant Allison, Plaintiff does not explain how this information is relevant to this case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

\\\
\\\
\\\
\\\

Based on the foregoing, Plaintiff's motion for the issuance of subpoenas *duces tecum* (ECF No. 203) is DENIED.

IT IS SO ORDERED.

Dated: **January 10, 2024**            /s/ Erica P. Grosjean
                                                               UNITED STATES MAGISTRATE JUDGE

3