UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR THIRD-PARTY SUBPOENA**<br><br>(ECF No. 204)<br><br>**ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COPY OF FORM AO 88B AND FORM USM-285**<br><br>**THIRTY-DAY DEADLINE** |

       Plaintiff Luis Manuel Garces ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 26, 2023, Plaintiff filed a motion requesting leave to issue a third-party subpoena. (ECF No. 204). The Court directed Defendants to respond. (ECF No. 212). On January 19, 2024, Defendants filed a statement of non-opposition to Plaintiff's motion. (ECF No. 215 at 2).

Plaintiff seeks to subpoena images and documents related to an MRI that was taken of Plaintiff's spine on March 7, 2023, at Adventist Health Bakersfield Hospital. (ECF No. 204 at 1). Plaintiff states that a physician at CSP Corcoran ordered an MRI of Plaintiff's entire spine to take place on March 7, 2023. Plaintiff states that CSP Los Angeles County ("CSP-LAC") has referred Plaintiff to an outside neurologist but that prison officials have only submitted partial film of Plaintiff's spine to the outside neurologist. Plaintiff states that he has requested his health care records from the prison, but they have not produced his records. Plaintiff requests to subpoena 1) "whole MRI films" that were made of his spine column; 2) "any and all documents submitted as 'Note/Notice/Indication to Prison's Health Care Authorities"; and 3) "any and all request/or documents [that have] been sent to Adventist Health requesting/or suggesting what to be done/as to what parts of the spine column the MRI should be done (any request [that has] been sent related to 3/7/23 MRI that has been sent from Prison's Health Authorities to these Outside Adventist Health Hospital." (*Id.* at 3-4).

Defendants do not oppose Plaintiff's request "provided that Defendants are afforded an opportunity to obtain copies of documents responsive to the subpoena." (ECF No. 215 at 2).

## II.    LEGAL STANDARDS

The Court's authorization of a *subpoena duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a *subpoena duces tecum* is required under Rule 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. 2008); *see also* 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a *subpoena duces tecum* should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with

a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Id.*

### III.    DISCUSSION

Discovery ended in this case on August 24, 2023. (ECF No. 173). A pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citation omitted).

Here, Defendants do not oppose Plaintiff's request. Moreover, Plaintiff's request indicates that he has attempted to obtain copies of the medical records related to the March 2023 MRI by filing numerous grievances but has been unsuccessful. Further, copies of the March 2023 MRI taken of Plaintiff's spine and other medical records related to the March 2023 MRI are relevant to Plaintiff's excessive force claims.[1] Specifically, Plaintiff alleges that Defendants Hernandez, Hubbard, Huerta, Cathey, and Wolf injured Plaintiff's neck and back during the underlying use of force incident. (*See* ECF No. 80). Accordingly, medical records and results related to an MRI of Plaintiff's spine are relevant to Plaintiff's damages claims arising from his excessive force allegations against Defendants Hubbard, Hernandez, Cathey, Wolf, and Huerta.

Thus, the Court finds good cause to modify the scheduling order to allow Plaintiff to subpoena third-party Adventist Health Bakersfield to obtain medical records related to the March 2023 MRI of Plaintiff's spine that are relevant to Plaintiff's prosecution of this action, and that Plaintiff has sufficiently identified.

---

[1] Defendants have not moved for summary adjudication of Plaintiff's excessive force claims by the dispositive motion deadline.

However, Plaintiff also requests to subpoena non-medical record documents, including "notices" sent by Adventist Health Bakersfield to prison health care staff/authorities regarding Plaintiff's March 2023 MRI or documents that prison health care staff/authorities sent to Adventist Health regarding Plaintiff's March 2023 MRI. These documents do not appear relevant to Plaintiff's claims against any Defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a third-party subpoena (ECF No. 204) is GRANTED IN PART to the extent that Plaintiff may issue a third-party subpoena to Adventist Health Bakersfield for medical records regarding Plaintiff's MRI that occurred in March 2023.
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285;
3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated:  **March 14, 2024**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE