UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PLAINTIFF'S DEPOSITION TRANSCRIPT<br><br>(ECF No. 208). |

On January 4, 2024, Plaintiff filed a motion to strike Defendants' deposition of Plaintiff. (ECF No. 208). Plaintiff's motion to strike generally argues that his participation during the deposition was involuntary, and that the Spanish language interpreter Defendants requested for the deposition was unnecessary and purposefully mistranslated Plaintiff during the deposition. Plaintiff requests that the Court strike the deposition transcript and order a new deposition. Plaintiff provides a copy of his deposition errata sheet and a handwritten supplement that identifies the parts of Plaintiff's testimony that Plaintiff contests as mistranslated or where Plaintiff offers alternative testimony.[1] (*Id.* at 5-23).

---

[1] On January 4, 2024, Plaintiff also filed a response to Defendants' objections to the Court's findings and recommendations regarding Defendant Camacho, Ibarra, Gill, Aragon, Ramadan, and Boyds' motion for summary judgment. (ECF No. 209). Plaintiff's response includes his deposition errata sheet of the deposition "on which Plaintiff has been able to correct close to what he has answer[ed]." (*Id.* at 2, 4-29).

1

1  Defendants oppose Plaintiff's motion. (ECF No. 216). According to Defendants, Plaintiff
2  was properly noticed for the deposition in compliance with Federal Rule of Civil Procedure 30
3  and provided an opportunity to review and correct the transcript. (*Id.* at 1-2). Further, Defendants
4  requested the assistance of an interpreter for Plaintiff's deposition in this case based on Plaintiff's
5  request for an interpreter during his deposition in another civil case handled by the Office of the
6  Attorney General. (*Id.* at 2). Finally, Defendants argue that any disputes as to the accuracy of the
7  transcript can be resolved without the need for a new deposition because Defendants have
8  obtained a copy of the audio and video of the deposition. (*Id.* at 2-3). In his declaration, counsel
9  for Defendants further represents that the Office of the Attorney General has obtained a copy of
10 the video and audio recording of Plaintiff's deposition and "will provide a true and correct copy
   of the recording to the Court if ordered to do so."[2] (*Id.* at 6.)

   In reply, Plaintiff "stands" on his motion to strike.[3] (ECF No. 221 at 1). Plaintiff also
   requests that Court have the video of the deposition translated and provided to Plaintiff to inspect
   and correct "any wrong translation." (*Id.* at 2).

   The Federal Rules provide that "[o]n request by the deponent or a party before the
   deposition is complete, the deponent must be allowed 30 days after being notified by the officer
   that the transcript or recording is available" to review the transcript or recording and to make
   changes "in form or substance." Fed. R. Civ. P. 30(e). Here, Plaintiff has not provided any basis
   to strike the entire deposition in full. Plaintiff does not argue that he was not afforded a chance to
   make corrections.

   \\\
   \\\
   \\\
   \\\
   \\\
   \\\

---

However, no corrections appear on the deposition transcript included in Plaintiff's response.
[2] The Court will not request the video or audio recording at this time but may do so in the future if there is a dispute as to the accuracy of the deposition transcript in further proceedings.
[3] Plaintiff's reply also contests Defendants' description of the deposition that took place in Plaintiff's other civil case, *Garces v. Pickett, et al.*, No. 2:17-cv-00319-DAD-AC (PC) (E.D. Cal.).

1    Accordingly, the Court will deny Plaintiff's motion without prejudice to Plaintiff raising
2 objections to the admission of the deposition into evidence at trial or as evidence submitted in
3 support of summary judgment.[4]

4 IT IS SO ORDERED.

6    Dated:  **March 14, 2024**              /s/ Erica P. Grosjean
7                                                    UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes that Defendants Allison, Gamboa, and Babb have filed a motion for summary judgment, which cites to portions of Plaintiff's deposition transcript that Plaintiff filed with the Court. (ECF No. 214-1 at 7-8, 10). On March 13, 2024, Plaintiff filed his opposition to Defendants' motion. The Court will address any evidentiary objections raised in Plaintiff's opposition in findings and recommendations regarding Defendants' summary judgment motion.