UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>    Plaintiff,<br><br>    v.<br><br>M. GAMBOA, *et al.*,<br><br>    Defendant. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER SETTING EVIDENTIARY HEARING AND RELATED DEADLINES |

    Defendants Camacho, Ibarra, Gill, Aragon, Ramadan, and Boyd moved for summary judgment on the ground that Plaintiff Luis Manuel Garces failed to exhaust his available administrative remedies. (ECF No. 150). The Court issued findings and recommendations, recommending that the motion be denied and that "[a]n evidentiary hearing be set to determine whether Plaintiff exhausted his administrative remedies by timely filing a grievance regarding his medical deliberate indifference claim that was improperly processed by prison officials." (ECF No. 191 at 14). On March 18, 2024, the assigned district judge adopted the findings and recommendations and referred the matter to the undersigned to conduct an evidentiary hearing to determine whether Plaintiff exhausted his administrative remedies. (ECF No. 232).

    Accordingly, the Court will set an evidentiary hearing regarding the dispute of fact regarding whether Plaintiff properly filed a grievance that was not properly processed. See Albino

1

v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*).  In setting the hearing, the Court will give the parties time to exchange witness and exhibit lists.  The Court will also provide Plaintiff the opportunity to file a motion for the attendance of witnesses.

Defendants previously advised the Court "that Plaintiff may require, or benefit from, a Spanish language interpreter while testifying and participating in the hearing." (ECF No. 201 at 2).  Plaintiff opposes the attendance of an interpreter during the hearing. (ECF No. 205 at 1-2).  Moreover, Plaintiff proceeds *in forma pauperis*, and "[t]he *in forma pauperis* statute does not authorize the expenditure of public funds for court-appointed interpreters." *Ruiz v. Rojas*, 2023 WL 4054557, at *2 (citing 28 U.S.C § 1915); *see also Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress…"). Accordingly, the Court will not expend court funds for the attendance of an interpreter during the evidentiary hearing.[1]

Accordingly, IT IS ORDERED that:

1. An Albino evidentiary hearing is set before Magistrate Judge Erica P. Grosjean on **May 28, 2024, at 1:30 p.m.**, at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Fresno, CA 93721, in Courtroom #10.

2. Defense counsel shall coordinate with Plaintiff's institution of confinement and, within fourteen days from the date of service of this order, file a notice indicating whether defense counsel wants the hearing to be held in person or via Zoom.  The Court notes that while it is amenable to either, all appearances must be by the same method, i.e., either all parties and witnesses shall appear in person, or all parties and witnesses shall appear via Zoom.

3. The evidentiary hearing is being conducted on the issue of whether Plaintiff timely filed a grievance regarding his claims that are proceeding in this action that was not properly processed.

4. Plaintiff has until **April 26, 2023**, to file a motion for the attendance of witnesses. The motion should be entitled "Motion for Attendance of Witnesses."[2]  The

---

[1] However, Defendants may arrange for the attendance of their own Spanish language interpreter.
[2] Plaintiff should only ask for the attendance of witnesses that have information relevant to the disputes of fact related to the issue of exhaustion.

2

motion must: (1) state the name, address, and prison identification number (if any) of each witness Plaintiff wants to call; (2) explain what relevant information regarding the issue of Plaintiff's grievance(s) each witness has, and how that witness has personal knowledge of the relevant information; and (3) state whether each such witness is willing to voluntarily testify.[3]

5. The parties have until **May 7, 2024**, to file and serve their respective witness lists (which should include the name and title of each witness they may call).

6. The parties have until **May 7, 2024**, to file and serve their respective exhibit lists. These lists do not need to include evidence that was submitted in support of, or in opposition to, Defendants' motion for summary judgment. Any party may introduce this evidence at the evidentiary hearing.

7. All evidence the parties want the Court to consider related to the relevant dispute(s) of fact must be introduced at the evidentiary hearing. In issuing its findings and recommendations, the Court will only consider evidence that has been admitted at the evidentiary hearing.

IT IS SO ORDERED.

Dated:  **April 2, 2024**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[3] If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. Id. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.