UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>           Plaintiff,<br><br>      v.<br><br>M. GAMBOA, *et al.*,<br><br>           Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 223). |

Plaintiff Luis Manuel Garces is a state prisoner and proceeds *pro se* and *in forma pauperis* in this civil rights action. On February 20, 2024, Plaintiff filed a 185-page document titled "Objection to Defendants' Compliance with Court Order (ECF No. 199) and in Support to Disposition." (ECF No. 223). Plaintiff asks the Court to compel Defendants to produce further discovery responses and to appoint counsel. Defendants contend that Plaintiff is not entitled to further relief and have submitted their supplemental responses to Plaintiff's RFAs and responses to Plaintiff's Interrogatories. (ECF No. 227). For the following reasons, the Court will deny Plaintiff's motion.[1]

---

[1] The Court denied Plaintiff's request for an extension to file a reply in support of his motion to compel. (ECF No. 238 at 2).

1

## II.     DISCUSSION

Plaintiff's motion raises several separate requests. The Court will address each in turn.[2]

### A.     Motion to Compel Further Response to Requests for Admission

Plaintiff argues that Defendants' responses to his Requests for Admission are deficient, and that Defendants improperly altered his requests. (*Id.* at 4-8). Plaintiff contends the Court should have allowed him to submit up to 25 RFAs per party. (*Id.* at 2). Plaintiff asks the Court to compel Defendants answer Plaintiff's 25 RFAs. (*Id.* at 10).

As background, on December 13, 2023, the Court granted, in part, Plaintiff' motion to compel written responses to Plaintiff's requests for admission. (ECF No. 199). Specifically, the Court ordered Defendants to "serve Plaintiff written responses to Plaintiff's first 15 RFAs (ECF No. 172, pp. 42-43) by no later than January 26, 2024. Defendants shall also file a notice of compliance with the Court." (*Id.* at 4). On January 22, 2024, Defendants filed a notice of compliance, asserting that Defendants served "responses to Plaintiff's requests for admissions, numbers one through fifteen, on January 19, 2024." (ECF No. 218 at 2).

The Court will not address Plaintiff's arguments regarding the number of RFAs, which the Court has previously addressed.

Upon review of Plaintiff's objections and Defendants' supplemental RFA responses Nos. 5-15, Plaintiff's motion to compel further responses is denied.

### B.     Motion to Compel Other Discovery

Plaintiff states that he does not have the Court's order (ECF No. 199) and he is unaware if the Court ordered Defendants to answer his interrogatory requests. (ECF No. 223 at 1). Plaintiff asks the Court to compel Defendants answer 15 Interrogatories per party. (*Id.* at 10).

The Court has addressed Plaintiffs' requests to compel further interrogatory responses or propound additional interrogatories several times. (*See* ECF No. 199 (granting, in part, Plaintiff's motion to compel RFA responses, and otherwise denying Plaintiff's "Motion to Compel Defendants to Answer Production of Documents and to Answer Interrogatory request"); ECF No.

---

[2] This case has a lengthy procedural history. For background, the Court refers the parties to the Court's past orders. (*See* ECF No. 95 at 1-2; ECF No. 111 at 1-3; ECF No. 116; ECF No. 118 at 4-5; ECF No. 137 at 2-5; ECF No. 141 at 1-2; ECF No. 142 at 1-2; ECF No. 167 at 1-4; ECF No. 175 at 1-2; ECF No. 177 at 2-4; ECF No. 187 at 2-5; ECF No. 199 at 3; ECF No. 200 at 1-2; ECF No. 229 at 3; ECF No. 230 at 3).

187 (denying Plaintiff's request for an order compelling Defendant Allison respond to Plaintiff's interrogatory requests); ECF No. 167 (denying Plaintiff's request for leave to propound additional interrogatories and motion to compel interrogatory responses); ECF No. 137 (denying Plaintiff's motion for additional time to compel discovery and submit interrogatory requests)). Plaintiff has also filed objections to these orders with the District Judge, who has overruled them. (*See* ECF No. 195 ("Upon review of the orders denying Plaintiff's motion for an extension of time to file discovery motions (Doc. 137), denying Plaintiff's motion for reconsideration (Doc. 142), granting Defendants' request for an extension of time (Doc. 167), denying Plaintiff's request for leave to propound additional interrogatories and motion to compel interrogatories (*id.*), denying Plaintiff's request to stay and request for the appointment of counsel (Doc. 175), and partially denying Plaintiff's motion to compel (Doc. 177), the Court finds that the assigned magistrate judge correctly applied the applicable law.").

The Court also previously ordered Defendants to "produce to Plaintiff any complaints filed in a court of law concerning excessive force made against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison, as well as any complaints filed a court of law concerning fabricated evidence made against Defendants Gamboa, Babb, and Sanders." (ECF No. 177 at 10). Plaintiff's motion asserts that Defendants asked for an extension of time to produce these cases but failed to comply with the Court's order. (ECF No. 223 at 10).

On November 13, 2023, the Court granted Defendants an extension to serve supplemental discovery responses, including the relevant court cases, on Plaintiff. (ECF No. 186). On November 28, 2023, Defendants filed a notice with the Court, stating that:

> On November 9, 2023, in accordance with the Order, Defendants served Plaintiff supplemental responses to Request Number One, to include complaints filed in courts of law alleging excessive force and relating to Defendants J. Hubbard and M. Huerta. At that time, Defendants also responded to inform Plaintiff that, after making a reasonable inquiry and diligent search, Defendants were not in possession, custody, or control of responsive documents relating to Defendants T. Wolf or V. Cathey alleging excessive force.
>
> On November 22, 2023, in accordance with the Order, Defendants served Plaintiff supplemental responses to Request Number One, including complaints filed in courts of law alleging excessive force and relating to Defendants D. Hernandez and K. Allison. Defendants further supplemented their previous responses relating to Defendants T. Wolf and J. Hubbard after discovering additional responsive documents. Defendants also served supplemental responses, including complaints

3

filed in courts of law alleging fabrication of evidence by Defendants T. Sanders and M. Gamboa, and informing Plaintiff that, after making a reasonable inquiry and diligent search, Defendants were not in possession, custody, or control of responsive documents relating to Defendant S. Babb alleging fabrication of evidence.

(ECF No. 192 at 2).

Plaintiff does not explain why he believes Defendants have not fully produced all court complaints as ordered by the Court. Indeed, Plaintiff's reply brief states that Plaintiff "agree[s] that Defendants have produce[d] court cases in part." (ECF No. 241 at 3). Accordingly, Plaintiff's motion to compel further response as to relevant court cases is denied.

### C. Motion for the Appointment of Pro Bono Counsel

Plaintiff also requests the assistance of counsel because he is an E.O.P. patient and his primary language is Spanish. (ECF No. 223 at 8-9). As a reason why counsel should be appointed, Plaintiff indicates that he only recently found out that, once the Court denies his motion to compel the production of documents, he has a right to appeal to the District Judge as permissible under 28 U.S.C. 636(b)(1) and Federal Rule of Civil Procedure 72(a).

As discussed above, Plaintiff has filed several objections with the District Judge, which demonstrates his continued ability to litigate this case. Moreover, Plaintiff has previously indicated that he speaks English and has specifically directed the Court to *not* use a Spanish translator. (*See* ECF No. 205 at 1-2). Plaintiff's request is denied.

### III. ORDER

Based on the foregoing, Plaintiff's motion (ECF No. 223) is DENIED.

IT IS SO ORDERED.

Dated:  **April 19, 2024**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

4