UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. GAMBOA, *et al.*,<br><br>　　　　　Defendant. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS UNTIMELY<br><br>(ECF Nos. 222, 225). |

On February 20, 2024, Plaintiff filed a "Request for Judgment" that seeks summary adjudication of his claims against Defendants Hernandez, Hubbard, Cathey, Wolf, and Huerta.[1]

---

[1] This case proceeds on Plaintiff's claims for excessive force in violation of the Eighth Amendment against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison; Plaintiff's claims for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Aragon, Ramadan, and Boyd; and Plaintiff's claims for procedural due process in violation of the Fourteenth Amendment against Defendants Gamboa, Babb, and Sanders. (ECF No. 18 at 28; ECF No. 21 at 3; ECF No. 79 at 11; ECF No. 80).

Defendants Aragon, Boyd, Camacho, Gill, Ibarra, and Ramadan ("Medical Staff Defendants") filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies as to his Eighth Amendment deliberate medical indifference claims against them. (ECF No. 191). An evidentiary hearing on the issue of whether Plaintiff filed a timely grievance that properly exhausts his claims against the Medical Staff Defendants is currently set for May 28, 2024. (ECF No. 229).

On January 19, 2024, Defendants Allison, Gamboa, and Babb filed a motion for summary judgment of Plaintiff's excessive force claim against Defendant Allison and Plaintiff's due process claim against Defendants Gamboa and Babb. (ECF No. 214). Defendants' Allison, Gamboa, and Babb's motion

(ECF No. 222). Defendants seek to strike Plaintiff's motion because it is untimely and fails to comply with Local Rule 260. (ECF No. 225). Plaintiff opposes. (ECF No. 240). Defendants have filed a reply. (ECF No. 242).

For the reasons discussed below, the Court finds that Plaintiff's motion for summary judgment is untimely and that Plaintiff has not demonstrated good cause for the Court to modify the dispositive motion deadline. The Court will therefore grant Defendants' motion to strike Plaintiff's motion for summary judgment as untimely.

## I.   LEGAL STANDARDS

Federal Rule of Civil Procedure 16 concerns scheduling orders in civil cases. It provides that "the district judge—or magistrate judge when authorized by local rule—must issue a scheduling order. Fed. R. Civ. P. 16(b)(1). [2] Moreover, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

For purposes of determining whether good cause exists to modify a scheduling order, a court "primarily considers the diligence of the party seeking the amendment.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) (internal quotations omitted). Good cause exists when the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic*, 304 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). Considerations of prejudice to the party opposing a modification "might supply reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification

---

for summary judgment is pending before the Court.

[2]   Defendants move to strike under both under Federal Rules of Civil Procedure 12(f) and 16(b). Rule 12(f) authorizes the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A "redundant" matter is comprised "of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied." *Wilkerson v. Butler,* 229 F.R.D. 166, 170 (E.D. Cal. 2005). An immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded," while an "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07, 711 (1990)). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal citations omitted).

Because Defendants do not argue that Plaintiff's motion is redundant, immaterial, impertinent, or scandalous, the Court finds that Rule 12(f) does not apply. Therefore, the Court will evaluate Defendants' request under Rule 16(b), regarding when a Court's scheduling order can be modified.

... If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. As to whether a party's actions qualify as diligent, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

Courts in the Ninth Circuit routinely decline to adjudicate the merits of an untimely motion for summary judgment absent a showing of good cause. *See Ski Lifts, Inc. v. Schaeffer Mfg. Co.*, No. C19-0062-JCC, 2020 WL 978505, at * 2 (W.D. Wash. Feb. 28, 2020) (relying on Rule 16(b)(4)'s "good cause" standard to deny plaintiff's motion for relief from the dispositive motion deadline after plaintiff "failed to demonstrate that it acted with diligence" in calendaring error); *Sou v. Bash*, No. 2:15-cv-00698-APG-VCF, 2017 WL 5615210, at * 3 (D. Nev. Nov. 21, 2017) (denying motion for summary judgment "as untimely" after party "failed to establish good cause for considering his motion for summary judgment" or provide any "explanation for the untimely filing or why it should still be considered"); *Hayes v. Corrs. Corp. of Am.*, No. 1:10-cv-00011-EJL, 2013 WL 4545890, at * 2 (D. Idaho Aug. 27, 2013) (denying *pro se* prisoner's motion for leave to file untimely dispositive motion because plaintiff failed to offer "any specific facts or evidence to support" plaintiff's allegation that his access to courts has been hindered or "demonstrate[e] his diligence in otherwise trying to comply with the dispositive motion deadline"); *See Doe ex rel. Doe v. State of Hawaii Dept. of Ed.*, 351 F.Supp.2d 998, 1007 (D. Haw. 2004) (granting request to "dismiss" counter-motion for summary judgment because plaintiffs "did not show the diligence required to meet the 'good cause' standard for modifying a Rule 16 order").

Whether to consider a late-filed summary judgment motion is left to the Court's discretion. *Saroyan Lumber Co., Inc. v. El & El Wood Prods. Corp.*, 126 F.App'x 371, 372-74 (9th Cir. 2015) (district courts have discretion to consider untimely motions for summary judgment); *Kolab Heating & Cooling v Ins. Corp. of New York*, 154 F.App'x 569, 570 (9th Cir. 2005) (no abuse of discretion in adjudicating merits of untimely motion for summary judgment based on district court's finding that party demonstrate good cause for the late filing, the motion was only four days late, and non-moving party failed to demonstrate that it was prejudiced by late filing); *CPALead, LLC v. Adeptive Ads LLC*, No. 2:14-cv-01449-JCM-CWH, 2016 WL 4941991, at * 2 (D. Nev. Sept. 14, 2016) (discussing *Kolab Heating & Cooling*, 154 F.App'x 569) ("*Kolab*

3

*Heating & Cooling* provides only that, upon an actual finding of good cause, a district court may accept an untimely motion for summary judgment.").

## II. DISCUSSION

The Court issued a scheduling order in this case on October 27, 2022. (ECF No. 78). The Court's scheduling order opened discovery on that date and set a deadline for the filing of dispositive motions by no later than September 25, 2023. (*Id.* at 6). The scheduling order also provides that "[t]he dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed." (*Id.* at 7).

On August 22, 2023, the Court granted Defendants' motion to modify the schedule, and extended the deadline for dispositive motions to January 2, 2024. (ECF No. 173). On January 2, 2024, the Court granted Defendants' motion to extend the deadline for Defendants to file a dispositive motion deadline to January 19, 2024. (ECF No. 207).

Plaintiff's motion for summary judgment (ECF No. 222) was not filed until February 20, 2024, after the deadline to file such motions. The Court thus looks to whether Plaintiff had good cause to modify the scheduling order to permit a dispositive motion after the deadline.

In opposition to Defendant's motion to strike, Plaintiff argues that his motion for summary judgment could not be filed until after the dispositive motion deadline because Defendants failed to properly respond to his interrogatories, requests for admission (RFAs), and requests for production. (ECF No. 240 at 1-4). Plaintiff's opposition raises various discovery issues the Court has addressed several times.[3] Indeed, Plaintiff has filed several motions to compel discovery over the course of this case, (*see* ECF Nos. 106, 126, 130, 149, 163, 164, 181,

---

[3] *See* ECF No. 199 (granting, in part, Plaintiff's motion to compel RFA responses, and otherwise denying Plaintiff's "Motion to Compel Defendants to Answer Production of Documents and to Answer Interrogatory request"); ECF No. 187 (denying Plaintiff's request for an order compelling Defendant Allison respond to Plaintiff's interrogatory requests); ECF No. 167 (denying Plaintiff's request for leave to propound additional interrogatories and motion to compel interrogatory responses); ECF No. 137 (denying Plaintiff's motion for additional time to compel discovery and submit interrogatory requests)). Plaintiff has also filed objections to these orders with the District Judge, who has overruled them. *See* ECF No. 195 ("Upon review of the orders denying Plaintiff's motion for an extension of time to file discovery motions (Doc. 137), denying Plaintiff's motion for reconsideration (Doc. 142), granting Defendants' request for an extension of time (Doc. 167), denying Plaintiff's request for leave to propound additional interrogatories and motion to compel interrogatories (id.), denying Plaintiff's request to stay and request for the appointment of counsel (Doc. 175), and partially denying Plaintiff's motion to compel (Doc. 177), the Court finds that the assigned magistrate judge correctly applied the applicable law.").

4

223), some of which have been partially granted, (*see* ECF Nos. 177, 199). To the extent Plaintiff's opposition argues that his untimely motion should be excused because the Court's discovery orders prejudiced Plaintiff's ability to file a proper summary judgment motion, Plaintiff's argument is unavailing. Plaintiff has been afforded ample time to complete discovery in this case, and the Court has considered and adjudicated several discovery motions in advance of the deadline to file a dispositive motion. (*See* ECF Nos. 110, 141, 167, 177, 187, 199).

Plaintiff additionally argues that he was unable to file a timely dispositive motion because Defendants' response to Plaintiff's motion to extend the time for discovery, filed more than a year ago, (ECF No. 125) was fabricated. (ECF No. 240 at 4-5). Plaintiff argues that Defendants were aware that Plaintiff was on hunger strike and confined in administrative segregation. (*Id.*) Plaintiff's extension request was filed on March 20, 2023. (ECF No. 125). On April 26, 2023, the Court denied Plaintiff's extension request:

> The Court does not find good cause to modify the scheduling order. Discovery opened in this case on October 22, 2022. (ECF No. 78). It will remain open until August 24, 2023. Moreover, Plaintiff has actively litigated this case since that time, including filing two motions to compel. (See ECF Nos. 106, 126, 134). Although Plaintiff generally complains that he did not have access to his legal property for some of this time period, he does not explain any specific motions he plans to file or discovery he cannot take in the remaining months allowed for discovery.

(ECF No. 137 at 4). Plaintiff filed a second emergency request for a stay on August 4, 2023. (ECF No. 169). The Court denied Plaintiff's request on September 11, 2023:

> The Court will also deny Plaintiff's request for a stay. Plaintiff does not identify any pending motion or deadline that he cannot meet because of his limited access to the library. Moreover, Plaintiff has since filed two legal briefs that indicate Plaintiff's continuing ability to litigate this case. (See ECF Nos. 170, 172)

(ECF No. 175 at 2). The fact that Plaintiff's previously filed motions to stay or extend case deadlines were denied does not demonstrate good cause to modify the schedule.

Plaintiff's opposition also asserts that he filed a request for an extension of time to file a dispositive motion in October 2023, but the Court misinterpreted his request as a request pertaining to a "depositive motion." (ECF No. 240 at 4). Specifically, on October 25, 2023, Plaintiff requested a twenty-day extension for the production of "depositive" documents. (ECF No. 179). Plaintiff's motion appeared to discuss documents he was supposed to produce

5

following Defendants' deposition of Plaintiff in July 2023, and stated that "the Defendants' attorney agree[d] to receive them mailing it to his office." (*Id.* at 2). Plaintiff indicated additional time was needed to produce the documents because the law library was not available for Plaintiff "to obtain copies and envelopes for mailing the documents." (*Id.*) Plaintiff filed an identical request on November 2, 2023. (ECF No. 180). On November 11, 223, the Court addressed Plaintiff's requests:

> It is unclear what deadline Plaintiff asks to extend. On August 22, 2023, the Court granted Defendants' motion to modify the scheduling order:
>> 1. The non-expert discovery deadline is extended to October 23, 2023, for the limited purposes of noticing and taking Plaintiff's deposition and supplementing written discovery responses. *All other non-expert discovery must be completed by August 24, 2023, as set forth in the Court's scheduling order (ECF No. 78).*
>> 2. The Court also finds good cause to extend the deadline for the parties to file dispositive motions to January 2, 2024.
>
> (ECF No. 173) (emphasis added). Although Plaintiff argues that an extension of time is necessary because his access to the law library is limited, the Court does not know what Plaintiff means by the "production of depositve documents." The deadline for filing dipositive motions has already been extended to January 2, 2024.

(ECF No. 187 at 3-4). The Court specifically advised Plaintiff that he may renew his request for an extension of the dispositive motion deadline:

> To the extent Plaintiff requests an extension of time, Plaintiff does not indicate why additional time is needed or if his extension request is based on the deadline to file dispositive motions, which is currently January 2, 2024. **Plaintiff may renew this request.** The request is therefore DENIED.

(ECF No. 187 at 5) (emphasis added).

Plaintiff filed several motions and other pleadings with the Court in December 2023, none of which stated that Plaintiff sought to extend the deadline to file a dispositive motion. (ECF Nos. 197, 202, 203, 204, 205). For instance, on December 6, 2023, Plaintiff filed a "Motion for Extension of Time to Respond to Defendants' Opposition to Plaintiff's motion." (ECF No. 197). On December 13, 2023, the Court denied Plaintiff's motion, noting that the Court previously directed Plaintiff to follow certain guidelines when requesting extensions of time:

> Here, although Plaintiff has failed to clearly identify the relevant deadline or include any requests for library access, it appears that he seeks an extension of time to respond to Defendants' opposition to Plaintiff's October 25, 2023 "motion for an extension of time for the deposition of documents" (ECF No. 179). Defendants filed their opposition to this request on November 2, 2023. (ECF No. 183). And on November 14, 2023, the Court denied Plaintiff's extension request

> regarding deposition documents[.]. . . (ECF No. 187, p. 4). Accordingly, Plaintiff's request for an extension of time will be denied as moot.

(ECF No. 200 at 2). Thus, the Court provided Plaintiff notice of the dispositive motion deadline and specific instructions for filing an extension of time request.

Based on the foregoing, the Court finds that Plaintiff was not diligent in seeking an extension request prior to the dispositive motion deadline and has not established good cause for failing to abide by the scheduling order. Accordingly, the Court will strike Plaintiff's untimely motion for summary judgment. *See Haney v. Adams*, No. 1:07-cv-01104-AWI-SMS (PC), 2012 WL 6097102, at * 1 (E.D. Cal. Dec. 7, 2012) (granting defendants' motion to strike *pro se* prisoner's cross-motion for summary judgment as untimely); *CSPC Dophen Corporation v. Hu*, No. 2:17-cv-1895 MCE DB PS, 2022 WL 2835124, at * 3 (E.D. Cal. July 20, 2022) (citing cases and striking plaintiff's untimely motion for summary judgment); *Ransom v, Johnson*, No. 1:05-cv-00086-OWW-GSA-PC, 2010 WL 2219398, at * 1-3 (E.D. Cal. June 2, 2010) (granting motion to strike *pro se* prisoner's untimely dispositive motion and denying plaintiff's motion to extend dispositive motion deadline because plaintiff's allegation that medical condition affected ability to file motion was unsupported by plaintiff's record of court filings); *Johnson v. Sandy*, No. 2:12-cv-02922 JAM AC P, 2015 WL 1894400, at * 1 (E.D. Cal. Apr. 24, 2015) (denying *pro se* prisoner plaintiff's three month late dispositive motion as untimely).

### III.   CONCLUSION

Based on the foregoing, Defendants' motion to strike (ECF No. 225) is GRANTED. Plaintiff's motion for summary judgment (ECF No. 222) shall be STRICKEN as untimely.

IT IS SO ORDERED.

Dated:   **April 30, 2024**            /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE