UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA,<br><br>        Defendant. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF WITNESSES<br><br>(ECF No. 248). |

This case is currently set for an evidentiary hearing on the issue of whether Plaintiff timely filed a grievance that properly exhausted his Eighth Amendment claims for deliberate indifference to a serious medical need against Defendants Aragon, Boyd, Camacho, Gill, Ibarra, and Ramadan on May 28, 2024. (ECF No. 239). On May 1, 2024, Plaintiff filed a motion for the attendance of witnesses at the evidentiary hearing. (ECF No. 248). The Court directed Defendants to file a response. (ECF No. 250). On May 9, 2024, Defendants file a response. (ECF No. 225). For the following reasons, the Court will deny Plaintiff's motion.

**I.   MOTION FOR ATTENDANCE OF WITNESSES**

Plaintiff's motion seeks the attendance of three witnesses: (1) CSP-Corcoran's Health Care Appeals Coordinator (Chief of Health Care Appeals Office), who can be located at CSP-Corcoran's Health Care Appeals coordinator's office; (2) CSP-Corcoran Warden M. Gamboa,

who can be located at CSP-Corcoran's Administration Office; and (3) Inmate Roberto Herrera, CDCR # T65624, who can be located at CSP-Lancaster, D-1-129.

Plaintiff seeks testimony from the Health Care Appeals Coordinator regarding the process for inmates housed in administrative segregation at CSP-Corcoran in June 2019 to submit health care grievances. (*Id.* at 1-2). Plaintiff also states that such an individual can testify that, on or around June 19, 2019, the Health Care Appeals Office issued a new type of grievance form, and that once this new form was issued, the Health Care Appeals Office would reject all grievances filed on the old form. (*Id.*) Plaintiff also appears to seek testimony from this individual regarding whether the Health Care Appeals Office notified Plaintiff that his grievance, which was written on the old form, was rejected and whether the Health Care Appeals office should have notified Plaintiff if his grievance was rejected because it was not the correct form. (*Id.*)

Plaintiff also seeks testimony from Warden Gamboa (a defendant to other claims in this case not at issue in the pending evidentiary hearing), who Plaintiff asserts acted as the warden of CSP-Corcoran during the relevant period, to testify about CSP-Corcoran's policy for the collection of inmate health care grievances from inmates housed in administrative segregation. (*Id.* at 2-3). Plaintiff also states Defendant Gamboa can testify about video footage that will demonstrate Plaintiff's health care grievance was picked up by correctional officers. (*Id.* at 2-3, 4).

Finally, Plaintiff states that Inmate Roberto Herrera has knowledge of the following facts: (1) that all inmates accused of assault on a peace officer are put in total isolation at least 30 days, and in some cases up to 90 days, with no access to state supply (inmate requests, inmate appeals forms, including HC appeal forms); (2) that Inmate Herrera can testify how hard it is for inmates accused of assault on peace officers (false accusations or not) to obtain paper, pen request and to have access to the law library to obtain supplies there; (3) that Inmate Herrera can testify as to how and who is responsible to collect HC 602 from inmates cells and to deposit them at the available HC mail box; and (4) that Inmate Herrera can testify as to who is responsible for picking up HC's from the SHU Health Care Appeals Box. (*Id.* at 3-4).

\\\
\\\

2

## II. DEFENDANTS' RESPONSE

Defendants' response states that Defendants intend to call A. Ybarra, the Health Care Grievance Coordinator at CSP-Corcoran in June 2019. (ECF No. 255 at 1). Because Defendants intend to call the person requested by Plaintiff, Defendants argue that no further order should issue. (*Id.*) Defendants also oppose Plaintiff's request for the attendance of Warden Gamboa:

> Defendants note that in 2019, Gamboa was the Chief Deputy Warden at Corcoran, not the Warden, and that his duties included reviewing custody appeals submitted by inmates. (See Gamboa Decl., ECF No. 214-4 at 1:22-28.) As the issues involved in this hearing concern the handling of a Health Care Grievance, Defendants contend that Gamboa would not have sufficient personal knowledge to testify to the relevant issues concerning Health Care Grievances at the hearing. Additionally, testimony concerning the policies regarding the accessibility of Health Care Grievance forms to inmates housed in section 4A-4R at Corcoran, how these forms were collected, and which staff members had access to the appeals boxes will be addressed by witnesses A. Ybarra, R. Laber, E. Jarvis, K. Field, and P. Williams. (ECF No. 253 at 1:26-2:3.)1 Since Gamboa is the current Warden at a different institution, Avenal State Prison, requiring him to testify at the evidentiary hearing would interfere with his current duties and would pose a hardship. For these reasons, Defendants oppose requiring Gamboa to testify at this hearing.

(*Id.* at 2). Defendants also state that any video footage from security cameras of staff picking up health care appeals would have been preserved for only ninety days "in the absence of a triggering event, and Plaintiff did not raise an issue concerning the collection of his Health Care Grievance until his July 20, 2023, opposition to Defendants' motion, four years after the alleged events." (*Id.*) Defendants also argue that any video footage would be cumulative to the testimony of R. Laber, who Defendants assert will testify "that he collected all appeals and grievances from building 4A4R on June 19, 2019, and June 20, 2019, and that he signed a log documenting this activity." (*Id.*)

Finally, Defendants oppose Plaintiff's request for the attendance of Inmate Herrera as irrelevant because Plaintiff has not demonstrated that Inmate Herrera has personal knowledge concerning the issues to be determined at the evidentiary hearing. (*Id.* at 3).

## III. DISCUSSION

As discussed in the Court's findings and recommendations, the Court found a genuine dispute of fact regarding whether the generally available administrative remedy was effectively unavailable to Plaintiff in this instance. (*See* ECF No. 191). Specifically, the Court found a

3

dispute of fact as to "whether Plaintiff exhausted his administrative remedies by timely filing a grievance regarding his medical deliberate indifference claim that was improperly processed by prison officials." (*Id.* at 14).

Based on Defendants' response asserting that Defendants will voluntarily produce the individual who was the Health Care Appeals Coordinator in June 2019 at CSP-Corcoran to testify regarding health care grievance policies, the Court will deny Plaintiff's request for a Court order requiring the attendance of this witness.

Although Plaintiff argues that Warden Gamboa can testify regarding video footage from security cameras that will demonstrate Plaintiff's health care grievance was picked up by correctional officers, Defendants' response indicates that this footage would not have been preserved pursuant to CDCR regulations. Further, Plaintiff does not indicate whether he requested this video footage in discovery or whether he expects Defendants to produce the video footage ahead of the evidentiary hearing. Defendants filed their motion for summary judgment regarding exhaustion on June 7, 2023, (ECF No. 150), and discovery closed in this case on August 24, 2023, (ECF No. 173). Because Plaintiff fails to demonstrate that Warden Gamboa has personal knowledge of such video footage, the Court will deny Plaintiff's request for Warden Gamboa's attendance.

The Court also finds that Plaintiff has not made a sufficient showing as to the relevance of Inmate Herrera's testimony. Plaintiff contends that Inmate Herrera can testify as to the general CDCR policies, prison conditions, and rules imposed on inmates. Plaintiff does not indicate that Inmate Herrera has any personal knowledge of whether Plaintiff submitted a grievance regarding his claims against Defendants Aragon, Boyd, Camacho, Gill, Ibarra and Ramadan while Plaintiff was in administrative segregation on or around June 19, 2019, that was not properly processed by prison officials. Accordingly, Plaintiff's request for the attendance of Inmate Herrera at the evidentiary hearing is denied.

\\\
\\\
\\\
\\\

## IV. ORDER

Based on the foregoing, Plaintiff's motion for the attendance of witnesses (ECF No. 248) is DENIED.

IT IS SO ORDERED.

Dated: __May 14, 2024__                    /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE