UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>   Plaintiff,<br><br> v.<br><br>M. GAMBOA, *et al.*,<br><br>   Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 258) |

Plaintiff Luis Manuel Garces is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On May 10, 2023, Plaintiff filed a motion for appointment of *pro bono* counsel.[1] (ECF No. 258). Plaintiff states that he is unable to afford counsel, that his confinement in segregation

---

[1] The Court notes that, on the same day Plaintiff filed the instant motion, Plaintiff also filed an interlocutory appeal regarding the Court's prior discovery orders and denial of Plaintiff's requests for the appointment of counsel. (ECF No. 256). On May 17, 2024, Plaintiff filed a second interlocutory appeal of the Court's order granting Defendant's motion to strike Plaintiff's motion for summary judgment on the grounds that Plaintiff failed to establish good cause for failing to abide by the scheduling order. (ECF No. 262). Plaintiff's interlocutory appeals of this Court's discovery orders and orders denying Plaintiff's requests for the appointment of counsel do not divest the Court of jurisdiction to conduct further proceedings. *See Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply."); *Admiral Ins. Co. v. United States Dist. Ct.,* 881 F.2d 1486, 1490 (9th Cir. 1989) (internal citations omitted) ("Discovery orders are not final appealable orders under 28 U.S.C. § 1291[.]"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986) (citing

greatly limits his ability to access the law library, and that Plaintiff is illiterate and has a limited knowledge of the law. (*Id.* at 1). Plaintiff also states that he has attempted to seek counsel on his own but has been unsuccessful. (*Id.*)

## I.   DISCUSSION

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Wilborn v. Escalderon*, 790 F.2d 1328, 1331 (9th Cir. 1986). The burden of demonstrating exceptional circumstances is on the plaintiff. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 1009).

Here, the Court does not find the required exceptional circumstances. Plaintiff's claims involve the use of force by Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison; deliberate indifference to a serious medical need by Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Aragon, Ramadan, and Boyd; and procedural due process violations by Defendants Gamboa, Babb, and Sanders.[2] Plaintiff argues that he has demonstrated the

---

*Kuster v. Block*, 773 F.2d 1048 (9th Cir. 1985)) ("Because the denial of counsel in a civil rights action brought under 42 U.S.C. § 1983 does not resolve an important issue completely separate from the merits. . .it is not immediately appealable.").

[2] Defendants Aragon, Boyd, Camacho, Gill, Ibarra, and Ramadan ("Medical Staff Defendants") filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available

2

likelihood of success on his claims because his "allegations, if proved, clearly would establish a constitutional violation." (ECF No. 258 at 7). However, Plaintiff has not provided any evidence that suggests he is likely to succeed on the merits of his claims in this case.[3] Further, Plaintiff's factual allegations and claims are not atypical from most *pro se* prisoner civil rights cases, and thus, do not present complex legal issues.

Plaintiff's arguments that an attorney would be in a better position to investigate and research Plaintiff's claims does not amount to exceptional circumstances. *See Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better- particularly in the realm of discovery and the securing of expert testimony"); *Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case"). While the Court appreciates Plaintiff's efforts to secure counsel, the inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, No. 1:08-cv-00859-RTB-PCL, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Additionally, Plaintiff's argument that he is otherwise disadvantaged without the help of counsel due to the overall conditions of his confinement and his personal capabilities also fails to demonstrate exceptional circumstances.[4] *See Jones v. Kuppinger*, 13CV451-WBS (AC),

---

administrative remedies as to his Eighth Amendment deliberate medical indifference claims against them. (ECF No. 191). The Court held an evidentiary hearing on the issue of whether Plaintiff filed a timely grievance that properly exhausts his claims against the Medical Staff Defendants via Zoom videoconference on May 28, 2024. (ECF No. 267). The Court will issue its evidentiary findings and recommendations in due course.  Defendants Allison, Gamboa, and Babb have also filed a motion for summary judgment on the merits of Plaintiff's excessive force claim against Defendant Allison and Plaintiff's due process claims against Defendants Gamboa and Babb based on the fabrication of evidence. (ECF No. 214). Defendants Allison, Gamboa, and Babb's motion for summary judgment remains pending before the Court.

[3] A review of the evidence submitted by Plaintiff in opposition to Defendants Allison, Gamboa, and Babb's motion for summary judgment does not clearly establish the likelihood of Plaintiff's success at trial on those claims, should those claims proceed past summary judgment.

[4] The Court notes that Plaintiff's first interlocutory appeal generally asserts that appointment of counsel is warranted because Plaintiff is mentally handicapped and has been placed in a higher level of

2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."); *Cardwell v. Kettelhake*, 2010 WL 3636267 at *1 (E.D. Cal. Sept. 14, 2010) (plaintiff's failure to complete high school, his alleged difficulty responding to pleadings and understanding procedural rules, and his limited access to the law library do not establish "exceptional circumstances" warranting appointment of counsel as they are "experience[s] common to many prisoners").

Further, Plaintiff's arguments based on his demand for a jury trial and conflicting testimony also fail to demonstrate exceptional circumstances. *See Courson v. Cochran*, No. 08-CV-871 JAH (WMc), 2009 WL 10725719, at *2 (S.D. Cal. Nov. 2, 2009) ("[V]irtually every trial involves credibility issues."); *Ramirez v. Gutierrez*, No: 20-cv-01109-MMA(BLM), 2022 WL 959647, at *3 (S.D. Cal. Mar. 30, 2022) (finding such concerns do not warrant appointment of counsel before the claims have survived summary judgment) (citing *Leon v. Celaya*, No. 20-cv-0899-AJB-BGS, 2021 WL 533514, at *4 (S.D. Cal. Feb. 12, 2021)).

Finally, where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has articulated his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. *See Palmer*, 560 F.3d 965, 970 (9th Cir. 2009) (no abuse of discretion in denying appointment of counsel where plaintiff "was well-

---

mental health care. (*See* ECF No. 256 at 3). Plaintiff has also made similar arguments in prior motions for the appointment of counsel. Although mental disability may be grounds for appointment of counsel in some cases, there must be substantial evidence of a plaintiff's incompetence. *Fletcher v. Quinn*, No. 3:15-cv-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (*pro se* prisoner's status as a patient in CDCR's Enhanced Outpatient Program insufficient to warrant appointment of counsel). "The court must be able to find a nexus between the mental disorder and the plaintiff's ability to articulate his claims." *Id.*; *see also McElroy v. Cox*, No. 08-1221-JM (AJB), 2009 WL 4895360, at *2 (E.D. Cal. Dec. 11, 2009). Plaintiff's instant motion does not establish that his mental disabilities are incapacitating, that he is incompetent, or that his mental disability or mental impairments significantly impede his ability to articulate his claims or litigate his case. *West v. Dizon*, No. 12CV1293-DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of counsel when mental disability was only alleged and plaintiff submitted no evidence as to the "nature or effects" of the disability).

organized, made clear points, and presented evidence effectively"). Based on a review of the record to date, the Court is unable to find that Plaintiff is unable to adequately articulate his claims. Plaintiff has diligently litigated his case for more than three years now. Plaintiff has participated in an evidentiary hearing. He has filed numerous motions, including discovery motions and injunctions. Further, Plaintiff has opposed dispositive motions filed by Defendants.

Accordingly, no exceptional circumstances exist warranting the appointment of counsel.

## II.  CONCLUSION & ORDER

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel (ECF No. 258) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **May 30, 2024**        /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE