UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. GAMBOA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER TO SHOW CAUSE WHY ADVENTIST HEALTH BAKERSFIELD SHOULD NOT BE HELD IN CIVIL CONTEMPT<br><br>(ECF No. 274) |

　　　　Plaintiff Luis Manuel Garces is a state prisoner proceeding *in forma pauperis* and *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims for excessive force in violation of the Eighth Amendment against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison; Plaintiff's claims for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Aragon, Ramadan, and Boyd; and Plaintiff's claims for procedural due process in violation of the Fourteenth Amendment against Defendants Gamboa, Babb, and Sanders. (ECF No. 18 at 28; ECF No. 21 at 3; ECF No. 79 at 11; ECF No. 80).

　　　　On March 14, 2024, the Court granted Plaintiff leave to issue a third-party subpoena directed to Adventist Health Bakersfield, and authorized service of the subpoena by the United States Marshals Service. (ECF Nos. 229, 246). On May 3, 2024, the proof of service indicated

that Adventist Health Bakersfield did not respond to the subpoena based on a misunderstanding that the subpoena was directed to an individual physician rather than the hospital itself. (ECF No. 252). Accordingly, the Court issued a further order on May 14, 2024, requiring Adventist Health Bakersfield to respond to the subpoena by May 20, 2024, and clarifying that the subpoena was directed to the hospital. (ECF No. 259).[1] The order further granted Plaintiff permission to file a motion to compel after June 2, 2024. (*Id.* at 3).

Plaintiff filed a motion to compel Adventist Health Bakersfield's response on June 10, 2024, which also requests an order directing that Adventist Health Bakersfield pay the costs of service of the subpoena as sanctions. (ECF No. 273). On June 13, 2024, the Court issued an order requiring that Adventist Health Bakersfield respond to Plaintiff's motion to compel and request for sanctions within 21 days. (ECF No. 274). Adventist Health was advised that failure to follow the Court's order could result in contempt. (*Id.* at 3). As of this date, Adventist Health has not responded to the Court's order.

Under Federal Rule of Civil Procedure 45(g), the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

There are two types of contempt charges:

> A contempt charge against a nonparty may be either of a criminal or a civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir.1983). Criminal contempt is deemed punitive as it is designed to punish the affront to the court. *See Gompers v. Bucks*, 221 U.S. 418, 441 (1911). It may include fines payable to the court and it also may include jail time.
>
> Civil contempt, on the other hand, is meant to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance. *Falstaff Brewing Corp.*, 702 F.2d at 778. The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir.1992). A civil contempt order must include a "purge" condition which provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due. *De Parcq v. U.S. District Court for the S. Dist. of Iowa*, 235 F.2d 692, 699 (9th Cir.1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt."). In imposing civil contempt sanctions, the court must impose the most minimal

---

[1] The Court directed that the order be mailed to Christina Maese, Director of Physician Services, at Adventist Health Bakersfield. Director Maese's information was attached to the proof of service. (ECF No. 252).

sanction necessary to coerce the contemnor to comply with the order. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir.1992). Where the objective of the contempt order is to ensure the contemnor's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probably effectiveness of any suggested sanction in bringing about the desired result." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV–08–00519, 2009 WL 605789, at *3 (C.D.Cal. Mar. 9, 2009).

*Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2015 WL 5732805, at *2-3 (E.D. Cal. Sept. 29, 2015).

To establish civil contempt, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply. They must show they took every reasonable step to comply." *Stone*, 968 F.2d at 856 n. 9 (internal citations omitted).

Accordingly, IT IS HEREBY ORDERED that.

1. Adventist Health Bakersfield shall show cause as to why it should not be held in civil contempt for failing to comply with the Court's order, by filing a response to this order on the record within 14 days of this order.
2. Failure to comply with this order to show cause may subject Adventist Health Bakersfield to contempt sanctions, including monetary sanctions.
3. The Clerk of Court is respectfully directed to serve a copy of this order to Adventist Health Bakersfield as follows:
    a. Christina Maese, Director Physician Services, 2615 Chester Avenue, P.O. Box 2615, Bakersfield, CA 93303.
    b. Adventist Health Bakersfield, ATTN: Legal Department, 2615 Chester Avenue, Bakersfield, CA 93301.

IT IS SO ORDERED.

Dated:   **September 20, 2024**              /s/ Erica P. Grosjean
                                                                                  UNITED STATES MAGISTRATE JUDGE

3