UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>             Plaintiff,<br><br>     v.<br><br>M. GAMBOA, *et al.*,<br><br>             Defendants. | Case No. 1:21-cv-00392-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ADVENTIST HEALTH BAKERSFIELD TO RESPOND TO THE SUBPOENA AND DISCHARGING ORDER TO SHOW CAUSE WHY ADVENTIST HEALTH BAKERSFIELD SHOULD NOT BE HELD IN CIVIL CONTEMPT<br><br>(ECF No. 273, 286) |

Plaintiff Luis Manuel Garces is a state prisoner proceeding *in forma pauperis* and *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims for excessive force in violation of the Eighth Amendment against Defendants Hernandez, Hubbard, Huerta, Cathey, Wolf, and Allison; Plaintiff's claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment against Defendants Hernandez, Hubbard, Gill, Ibarra, Camacho, Aragon, Ramadan, and Boyd; and Plaintiff's claims for procedural due process in violation of the Fourteenth Amendment against Defendants Gamboa, Babb, and Sanders. (ECF No. 18 at 28; ECF No. 21 at 3; ECF No. 79 at 11; ECF No. 80)[1].

Now before the Court is Plaintiff's motion to compel Adventist Health Bakersfield

---

[1] Unless otherwise indicated, cited page numbers refer to the pagination appearing at the bottom of each page, not the blue page numbers generated by the CM/ECF system. Citations to the blue CM/ECF numbers are preceded by "ECF p."

1

("Adventist") to respond to a third-party subpoena, and the Court's order to show cause why Adventist should not be held in civil contempt. For the reasons stated below, the Court denies Plaintiff's motion to compel and discharges the order to show cause.

## I. BACKGROUND

On March 14, 2024, the Court granted Plaintiff leave to issue a third-party subpoena directed to Adventist and authorized service of the subpoena by the United States Marshals Service. (ECF Nos. 229, 246). On May 3, 2024, the proof of service indicated that Adventist did not respond to the subpoena based on a misunderstanding that the subpoena was directed to an individual physician rather than the hospital itself. (ECF No. 252). Accordingly, the Court issued a further order on May 14, 2024, requiring Adventist to respond to the subpoena by May 20, 2024, and clarifying that the subpoena was directed to the hospital. (ECF No. 259). The order further granted Plaintiff permission to file a motion to compel after June 2, 2024. (*Id.* at 3).

Plaintiff filed a motion to compel Adventist's response on June 10, 2024, which also requests an order directing that Adventist pay the costs of service of the subpoena as sanctions. (ECF No. 273). On June 13, 2024, the Court issued an order requiring that Adventist respond to Plaintiff's motion to compel and request for sanctions within 21 days. (ECF No. 274). After Adventist failed to respond, the Court issued an order to show cause why it should not be held in civil contempt. (ECF No. 286). Adventist responded to the order to show cause explaining it had responded to Plaintiff's third-party subpoena on two occasions, pointing out deficiencies with the request which prevented it from locating the requested information. (ECF No. 287 at 1). Adventist's response further indicated that it did not receive the Court's previous orders directing Adventist to respond to the subpoena. (ECF No. 287 at 1-3). Adventist attached documents responsive to Plaintiff's request, and the Court ordered Plaintiff to file a response indicating whether he had received all the documents he needed. (ECF No. 288).

Plaintiff filed a response on October 25, 2024, indicating that Adventist had not produced a document concerning a prison doctor's request for an MRI to be performed on Plaintiff's spinal column. (ECF No. 292).[2] Further, Plaintiff stated that he had not received the notices from

---

[2] Plaintiff also filed a "Explanation for the Delate" on October 25, 2024, asking the Court to accept the late filing and explaining that his response to the Court's order was delayed due to his lack of access to the

Adventist regarding the alleged deficiencies in the subpoena request. (*Id.* at 1-3). Adventist was ordered to file a reply addressing this issue and filed two responsive declarations on November 1, 2024. (ECF Nos. 293-295). Adventist's responses attached an order for an MRI of Plaintiff's lumbar spine from California Correctional Health Care Services, dated November 18, 2022. (ECF No. 295 at 3).[3] Adventist also stated that it has no further responsive documents to produce. (*Id.* at ECF p. 2).

## II.    LEGAL STANDARDS

### A.  Motion to Compel

Federal Rule of Civil Procedure 34(a) permits a party to issue requests for documents that are in the responding party's possession, custody, or control and "within the scope of Rule 26(b)." In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection," among other options, if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Generally, "the moving party [must] inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Taylor v. O'Hanneson*, No. 1:11-CV-00538-LJO, 2014 WL 2696585, at *2 (E.D. Cal. June 13, 2014) "Broad discretion is vested in the trial court to permit or deny discovery. . . ." *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (internal citation and quotation marks

---

Law Library. (ECF No. 291). The Court has considered Plaintiff's filing in connection with this order.

[3] Adventist was ordered to file a certificate of proof of service with the Court indicating that its declarations and the MRI order were served on Plaintiff. (ECF No. 296). Adventist filed a proof of service on November 4, 2024. (ECF No. 297).

omitted).

**B. Civil Contempt**

As Adventist is a nonparty, the applicable procedure for seeking compliance with the subpoena is an order to show cause regarding contempt. *Ceremello v. City of Dixon*, No. CIV S–04–1423 DLF–EFB, 2006 WL 2989002, at *2 (E.D.Cal. Oct.18, 2006) ("As explained at the hearing, the 'motion to compel,' which is the remedy under the Federal Rules to compel a party's compliance with a discovery request, is not the applicable procedure to address [a nonparty's] alleged refusal to obey a duly-issued subpoena."); *see also Rodriquez v. Cnty. of Stanislaus*, No. 1:08–cv–00856–OWW–GSA, 2010 WL 3733843, at *6 (E.D.Cal. Sept.16, 2010). Under Federal Rule of Civil Procedure 45(g) this Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

> There are two types of contempt charges:
>
> A contempt charge against a nonparty may be either of a criminal or a civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir.1983). Criminal contempt is deemed punitive as it is designed to punish the affront to the court. *See Gompers v. Bucks*, 221 U.S. 418, 441 (1911). It may include fines payable to the court and it also may include jail time.
>
> Civil contempt, on the other hand, is meant to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance. *Falstaff Brewing Corp.*, 702 F.2d at 778. The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir.1992). A civil contempt order must include a "purge" condition which provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due. *De Parcq v. U.S. District Court for the S. Dist. of Iowa*, 235 F.2d 692, 699 (9th Cir.1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt."). In imposing civil contempt sanctions, the court must impose the most minimal sanction necessary to coerce the contemnor to comply with the order. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir.1992). Where the objective of the contempt order is to ensure the contemnor's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probably effectiveness of any suggested sanction in bringing about the desired result." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV–08–00519, 2009 WL 605789, at *3 (C.D.Cal. Mar. 9, 2009).

*Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2015 WL 5732805, at *2-3 (E.D. Cal. Sept. 29, 2015).

To establish civil contempt, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply. They must show they took every reasonable step to comply." *Stone*, 968 F.2d at 856 n. 9 (internal citations omitted).

### III. ANALYSIS

As an initial matter, the Court is troubled by Adventist's statement that it did not receive the Court's orders regarding complying with Plaintiff's third-party subpoena. (*See* ECF No. ECF No. 287 at 1-3). Although not visible by the parties on the docket, the Court notes entries by the Clerk of Court on May 14, 2024, and June 13, 2024, indicating that the Court's orders were mailed. The Court's May 14, 2024, order was mailed to Christina Maese, Director Physician Services, at 2615 Chester Avenue, P.O. Box 2615, Bakersfield, CA 93303-2615 and at 115 West E Street, P.O. Box 1900, Tehachapi, CA 93581-1900. (ECF No. 259 at 3). The Court's June 13, 2024, order was mailed to Christina Maese, Director Physician Services, 2615 Chester Avenue, P.O. Box 2615, Bakersfield, CA 93303, and to Adventist Health Bakersfield, ATTN: Legal Department, 2615 Chester Avenue, Bakersfield, CA 93301. (ECF No. 274 at 2). The Clerk noted on May 30, 2024, that the May 14, 2024, order was returned as undeliverable.[4] However, no such "undeliverable" notice was noted for the Court's June 13, 2024, order. The June 13, 2024, order was mailed to the same addresses as the Court's Order to Show Cause at ECF No. 286, which Adventist acknowledges receiving.

Nevertheless, Adventist has now responded to the Court's order and has produced documents responsive to Plaintiff's request. Moreover, Adventist has submitted declarations under penalty of perjury detailing its attempts to comply, stating it did not intentionally disobey the Court's orders, and declaring that it possesses no further responsive documents. (ECF Nos. 287-1-287-2, 294-295). Although Plaintiff states that he did not receive Adventist's responses to his subpoena, which pointed out alleged deficiencies in the request, Adventist has produced two

---

[4] The note indicated, "MAIL RETURNED as Undeliverable, RTS, No such street, Unable to forward: ECFs 229, 246, 259 sent to Christina Maese, Director of Physician Services at 115 West W Street, P.O. Box 1900, Tehachapi, CA 93581-1900."

documents addressed to Plaintiff's institution. (ECF No. 287-1 at ECF p. 9-13). These documents are dated May 28, 2024, and June 21, 2024, respectively, and state that Adventist was unable to comply with Plaintiff's request for the reasons specified.[5]

Accordingly, the Court finds that Adventist has now produced documents responsive to Plaintiff's subpoena request and that sanctions are not appropriate.

Therefore, **IT IS ORDERED**:

1. Plaintiff's motion to compel is DENIED (ECF No. 273); and
2. The Court's September 20, 2024, order to show cause is DISCHARGED. (ECF No. 286).
3. The Clerk of Court is respectfully directed to serve a copy of this order to Adventist Health Bakersfield as follows:
    a. Christina Maese, Director Physician Services, 2615 Chester Avenue, P.O. Box 2615, Bakersfield, CA 93303.
    b. Adventist Health Bakersfield, ATTN: Legal Department, 2615 Chester Avenue, Bakersfield, CA 93301.

IT IS SO ORDERED.

Dated: **December 2, 2024**            /s/ Erica P. Grosjean
                                                                         UNITED STATES MAGISTRATE JUDGE

---

[5] The Court notes that Plaintiff's response includes additional allegations that Adventist submitted documents allowing prison officials access to Plaintiff's personal confidential records outside of Plaintiff's presence, that Adventist participated in a "cover up" with CDCR doctors and/or the Controlled Health Care System by not submitting his radiology reports, and that Adventist "creat[ed] an impression that they submitted" a response to Plaintiff by sending an "open envelope" that did not comply with the prison's criteria for legal mail. (ECF No. 292 at 4-5). Because Adventist has produced documents responsive to Plaintiff's subpoena, and Adventist is a non-party to this action, the Court does not address these additional allegations.