UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIN MANUEL GARCES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. GAMBOA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00392 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS FOLLOWING AN EVIDENTIARY HEARING; DENYING THE MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE; AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS CAMACHO, IBARRA, GILL, ARAGON, RAMADAN, AND BOYD<br><br>(Docs. 150, 268, 299) |

Luis Manuel Garces asserts he suffered violations of his civil rights while incarcerated at Corcoran State Prison and proceeds on claims for: (1) excessive force in violation of the Eighth Amendment, (2) deliberate indifference to a serious medical need, and (3) procedural due process in violation of the Fourteenth Amendment. (Docs. 18, 21; *see also* Doc. 80.) Defendants Camacho, Ibarra, Gill, Aragon, Ramadan, and Boyd ("the Medical Staff Defendants") moved for summary judgment arguing that Plaintiff failed to exhaust his available administrative remedies related to his claims against them. (Doc. 150.) The Medical Staff Defendants requested an evidentiary hearing if the Court found a genuine dispute of material fact. (*Id.* at 15.)

Previously, the magistrate judge entered Findings and Recommendations, recommending that the Court deny the motion for summary judgment and "[a]n evidentiary hearing be set to

1  determine whether Plaintiff exhausted his administrative remedies by timely filing a grievance
2  regarding his medical deliberate indifference claim that was improperly processed by prison
3  officials." (Doc. 191 at 14.)  The Court adopted the Findings and Recommendations and referred
4  the matter to the magistrate judge for an evidentiary hearing to determine whether Plaintiff
5  exhausted his administrative remedies.  (Doc. 232.)

6  　　　　The magistrate judge held the evidentiary hearing, where Plaintiff and the Medical Staff
7  Defendants entered documents into evidence and presented testimony.  (*See* Doc. 299 at 5-12.)
8  The magistrate judge permitted the parties to submit briefs addressing the evidence presented.
9  (Docs. 267, 278, 282.)  Following the hearing, the Medical Staff Defendants requested the Court
10 take judicial notice that "the June 19, 2019 health care grievance … was 'not included in either
11 the complaint (ECF No. 1), first amended complaint [Doc. 11], second amended complaint [Doc.
12 15], or third amended complaint [Doc. 80], nor the exhibits filed by the Plaintiff.'"  (Doc. 299 at
13 12-13, quoting Doc. 268 at 1-2.)  The magistrate judge noted the Court may take judicial notice of
14 filings and matters of public record, and recommended the Court grant the request.  (*Id.* at 13.)

15 　　　　The magistrate judge found that "[d]uring the evidentiary hearing, the Medical Staff
16 Defendants presented credible testimony regarding the processing of health care grievances at
17 CSP-Corcoran in June 2019."  (Doc. 299 at 15.) The magistrate judge determined that "Plaintiff
18 failed to meet his burden of showing that the administrative remedy process was not available to
19 him." (*Id.* at 16.)  Furthermore, the magistrate judge found Plaintiff did "not present[] any
20 definitive evidence establishing that he submitted a health care grievance on June 19, 2019."  (*Id.*
21 at 16; *see also id.* at 16-17.)  The magistrate judge concluded that "the preponderance of the
22 evidence supports the Medical Staff Defendants' position that Plaintiff failed to exhaust his
23 available administrative remedies as to the Eighth Amendment claims against them."  (*Id.* at 18.)

24 　　　　The magistrate judge recommended the Court deny the motion for summary judgment due
25 to the genuine dispute of material fact.  (Doc. 299 at 18.)  However, due to the findings following
26 the evidentiary hearing, the magistrate judge recommended that "Plaintiff's claims against
27 Defendants Camacho, Ibarra, Gill, Aragon, Ramadan, and Boyd be dismissed without prejudice
28 because Plaintiff failed to exhaust his available administrative remedies as to these claims." (*Id.*)

1  The Court served the Findings and Recommendations on the parties and notified them that any
2  objections were to be filed within 30 days.[1]  (*Id.* at 18.)  In addition, the Court advised the parties
3  that "failure to file objections within the specified time may result in the waiver of rights on
4  appeal." (*Id.* at 19, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  To date,
5  neither Plaintiff nor Defendants filed objections and the deadline to do so expired.

6  According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case.
   Having carefully reviewed the entire matter, the Court concludes the magistrate judge's Findings
   and Recommendations are supported by the record and by proper analysis.  Thus, the Court
   **ORDERS**:

   1. The Findings and Recommendations (Doc. 299) are **ADOPTED** in full.
   2. The motion for summary judgment by Defendants Camacho, Ibarra, Gill, Aragon, Ramadan, and Boyd (Doc. 150) is **DENIED** based on a genuine dispute of fact.
   3. Defendants' request for judicial notice (Doc. 268) is **GRANTED**.
   4. Plaintiff's claims against Defendants Camacho, Ibarra, Gill, Aragon, Ramadan, and Boyd are **DISMISSED** without prejudice, for failure to exhaust available administrative remedies.
   5. The Clerk of Court is directed to terminate Camacho, Ibarra, Gill, Aragon, Ramadan, and Boyd as defendants.

IT IS SO ORDERED.

Dated:    **September 29, 2025**                         _Jennifer L. Thurston_
                                                          UNITED STATES DISTRICT JUDGE

---

[1] In an abundance of caution, the Court re-served the Findings and Recommendations upon Plaintiff on March 11, 2025.  (Doc. 303.)