**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>                    Plaintiff,<br><br>v.<br><br>M. GAMBOA, et al.,<br><br>                    Defendant. | **Case No.** 1:21-cv-00392 JLT-EPG (PC)<br><br>ORDER GRANTING MOTION TO EXCLUDE PLAINTIFF'S EXPERTS<br><br>(Doc. 352) |

Plaintiff contends, in part, that some of the defendants in this case subjected him to excessive force. Toward this end, Plaintiff disclosed himself and another inmate as experts for the upcoming trial. The defendants object that the expert disclosure was untimely and that neither person is qualified to act as an expert. For the reasons set forth below, the motion is **GRANTED** and neither witness will be permitted to testify as to any expert opinions.

**I.      Legal Standards re: Expert Testimony**

Federal Rule of Evidence 702 permits "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" to "testify in the form of an opinion or otherwise, if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the

1

expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. Ordinarily, to determine whether the expert testimony will validly assist the trier of fact, a court may consider: (1) whether the expert's theory or technique can be tested, (2) whether the theory or technique was subject to peer review through publication, (3) the potential rate of error, (4) standards controlling the technique's operation, and (5) general acceptance within a relevant community. *Daubert v. Merrell Dow Pharm*, 509 U.S. 579, 593-95 (1993).

"Rule 702 grants the district judge the discretionary authority ... to determine reliability in light of the particular facts and circumstances of the particular case." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 158 (1999). In evaluating reliability, an expert may "draw a conclusion from a set of observations based on extensive and specialized experience," and may rely on, for instance, "visual examination and process of elimination" to formulate an opinion. *See id*. at 156; *see also United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022) (an expert may rely on personal knowledge or experience to formulate opinion); *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1058 (9th Cir. 2003) (context of differential diagnosis of medical patient: "Dr. Elston's reasons for reaching the conclusion, by process of elimination, that contact toxicity was the specific cause of the oyster deaths were similarly reliable.") (emphasis in original); Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed.").

Plaintiff claims that because of his experience suffering excessive force in this case and in other instances in the past, he is qualified to opine that the force used here was excessive. (Doc. 346) On its face, this demonstrates why the plaintiff cannot act as his own expert. First, of course, the determination of what exactly happened in this case is for the jury to decide. Nevertheless, the information on which Plaintiff relies to formulate his expert report, is his own assertion of what occurred. This is not what Rule 702 anticipates. Instead, experts consider the totality of the evidence when applied against the witness' education, training and expertise, to come to their considered opinions. Here, any expertise Plaintiff has gained from the experience giving rise to this litigation remains to be seen, depending upon the jury's evaluation of the evidence.

Second, whether Plaintiff has been subject to excessive force in the past has not been tested, meaning it has not been evaluated against the standards imposed by law and instead, has been evaluated only against plaintiff's personal standards. This is insufficient. Plaintiff does not assert that he has any specialized training or professional qualification otherwise to allow him to offer expert opinions. Third, Plaintiff has a financial interest in the outcome of this case, such that his opinions are likely to be clouded by bias and self-interest. Expert witnesses are supposed to be impartial and without any apparent interest in the outcome of the case. Considering all of these factors, the Court finds that Plaintiff lacks the qualifications and testable experience to offer expert opinions in this case. Thus, the Court exercises its gatekeeping role under *Daubert* to preclude this purported expert testimony.

For the same reasons, the Court will not permit Mr. Morales to testify as an expert. Even if he were shown to be qualified, Mr. Morales has not provided a disclosure that complies with Federal Rules of Civil Procedure 26(a)(2)(B)(i)-(ii). Even a non-retained expert must provide specified information if he is to be considered properly disclosed, which he has not done. Rule 26(a)(2)(C). Moreover, whether an expert has been retained does not rest solely upon whether payment is made. Rather, if a witness is "specially employed to provide expert testimony," he must provide a report, and "specially employed" does not mean Plaintiff has entered into an employer-employee relationship with Morales—it means only that he has solicited Morales to act as an expert, which it appears he has. Thus, the Court declines to presume that because cash has not changed hands that Mr. Morales has not been "specially employed" to act as Plaintiff's expert witness. Consequently, for this additional reason, Mr. Morales will not be permitted to testify as an expert.

Therefore, the motion to exclude Plaintiff's expert witnesses (Doc. 352) is **GRANTED**.

IT IS SO ORDERED.

Dated:   **June 25, 2026**

_____
UNITED STATES DISTRICT JUDGE