**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS MANUEL GARCES, | **Case No.** 1:21-cv-00392 JLT-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO FILE A FOURTH AMENDED THE COMPLAINT AND ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE THE DEFENSE EXPERTS |
| v. | |
| M. GAMBOA, et al., | |
| Defendant. | (Docs. 355, 360) |

This matter was filed on March 12, 2021. (Doc. 1) After the plaintiff filing a first amended complaint (Doc. 9), the Court screened it (Doc. 12), which resulted in the plaintiff filing the second amended complaint (Doc. 15). After screening that complaint and the defendants filing an answer to it (Doc. 60), the Court granted the plaintiff leave to file a third amended complaint (Doc. 79), which he filed on October 27, 2022 (Doc. 80). For more than three years, the parties have actively worked to discover the case, and they have engaged in extensive motion practice. The matter is now set to proceed to trial on September 22, 2026, on the third amended complaint (Doc. 80). Despite this, on June 4, 2026, the plaintiff filed a motion to file a fourth amended complaint. For the reasons discussed below, that motion (Doc. 355) is **DENIED**.

Also, before the Court is the plaintiff's motion to exclude the defense experts. He asserts that because the experts do not base their opinions on their personal knowledge and because they consider information that he believes is irrelevant or false, the experts should not be allowed to testify. For the reasons discussed below, that motion (Doc. 360) is also **DENIED**.

1

**I.      The Motion to Amend is untimely**

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); *see also Waldrip*, 548 F.3d at 732.

In his motion to amend (Doc. 355), the plaintiff seeks to add defendants and causes of action. He contends that these new defendants would have time to respond to his discovery (*Id*. at 3), but he fails to consider the time they would need time to propound discovery. In addition, the Court anticipates that there would be additional motions filed. This would mean that the entire case would, in essence, have to restart to allow this discovery and to allow motions to be filed. O course, this would mean that the current trial date would be lost.

The plaintiff notes that the new defendants, who would be named in the Fourth Amended Complaint, were named in his original complaint(s), but some (Camacho, Ibarra, Gill, Aragon, Ramadan and Boyd) were dismissed due to his failure to exhaust his administrative remedies (Docs. 299, 308). He reiterates that he filed a grievance in 2019 as to these defendants and purports to produce a copy of that grievance.

At the time of the evidentiary hearing held in 2024 to determine whether he exhausted his administrative remedies as to these defendants, he admitted that he handwrote a nearly identical copy of the grievance before he claimed to have submitted it, but that he mistakenly dated that copy with the year 2022, rather than 2019. (Doc. 299 at 16-18) It was this copy—with the date of 2022—which he presented at the evidentiary hearing. *Id.* Thus, it appears that the copy he now has filed with the Court—which reflects the year 2019—is not the copy presented at the hearing, such that it appears that he generated it sometime after the evidentiary hearing. Importantly, the Court found after the evidentiary hearing that plaintiff did not file a grievance related to the denial of medical care attributed to these defendants. The Court found also that the grievance form that

he produced at the hearing was suspect and that the plaintiff's testimony at the evidentiary hearing lacked credibility. *Id*. Consequently, the Court dismissed the action as to these defendants due to the plaintiff's failure to exhaust his administrative remedies.

He now asserts that he has exhausted his administrative remedies, apparently, even if he hadn't done so by 2024. The grievance form he now produces—which is dated 2019—received a response indicating suggesting it was received in 2025, given the fact that responsive letter was dated March 7, 2025, with a "Due Date: 4/20/2025." (Doc. 355 at 8) Even assuming that this grievance was submitted timely, there is no indication that the grievance has been exhausted. Even assuming that the grievance is exhausted, there is no showing that the plaintiff has diligently sought to amend his complaint, and no showing why the scheduling order should be amended at this very late stage to allow the late filing of the motion to amend.

On the other hand, as to other new defendants—Gamboa and Babb—the Court granted them summary judgment earlier in the case (Docs. 279, 307). The fact that the plaintiff disagrees with this outcome does not support his current request to be allowed to amend the complaint to add them back into this litigation.

Finally, as to proposed new defendants Arisco and Rodriguez, the plaintiff's motion to amend is not timely, and there is no showing of diligence to justify his delay. As pointed out by the defense, the plaintiff clearly knew of these defendants on November 12, 2024, as evidenced by the fact that he filed a document identifying them (Doc. 298 at 40). Even before this, the plaintiff admits that he named him in his original complaint (Doc. 1 at 4), but he chose to not proceed against them when he filed his first amended complaint in April 2021.

For all of these reasons, and because the motion fails to comply with Rule 16 and Rule 15, the motion is amend is **DENIED**.

## II.    Legal Standards re: Expert Testimony

Federal Rule of Evidence 702 permits "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" to "testify in the form of an opinion or otherwise, if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to

understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. Ordinarily, to determine whether the expert testimony will validly assist the trier of fact, a court may consider: (1) whether the expert's theory or technique can be tested, (2) whether the theory or technique was subject to peer review through publication, (3) the potential rate of error, (4) standards controlling the technique's operation, and (5) general acceptance within a relevant community. *Daubert v. Merrell Dow Pharm*, 509 U.S. 579, 593-95 (1993).

"Rule 702 grants the district judge the discretionary authority ... to determine reliability in light of the particular facts and circumstances of the particular case." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 158 (1999). In evaluating reliability, an expert may "draw a conclusion from a set of observations based on extensive and specialized experience," and may rely on, for instance, "visual examination and process of elimination" to formulate an opinion. *See id*. at 156; *see also United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022); *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1058 (9th Cir. 2003).

**A.     Experts need not have personal knowledge of the facts upon which their opinions are based and because they rely upon evidence which the plaintiff contends is false**

The plaintiff contends that the defense experts should not be allowed because they base their opinions on information that is not within their personal knowledge. However, Federal Rules of Evidence 703 explicitly provides that "An expert may base an opinion on facts or data in the case that the expert has been made aware of . . ." Thus, there is no requirement that the expert be present when the events take place or personally witness them. Rather, they must apply their expertise to the evidence made known to them

The plaintiff also contends that the experts should be precluded because they rely upon information which he contends is false or fabricated in that it is contrary to his version of the events giving rise to the complaint. However, whether the plaintiff's version or the defense version is correct is a question for the jury.

On the other hand, an expert's opinion is only as good as the evidence upon which it relies. Thus, if the jury concludes that the expert's opinion is based upon faulty evidence, then the jury is free to disregard the opinion. The mere fact that the plaintiff contends that his version of the events is the correct one is not a proper basis for the Court to exclude the experts. Rather, this contention goes only to the weight of the evidence and not to its admissibility.

At trial, the experts will be expected to testify as to their opinions and the reasons for them. The Court, neither now nor at trial, is authorized to decide whether a witness is credible; that is wholly within the province of the jury. Because the plaintiff argues only that his version of the events and his interpretation of the evidence is more believable than the defense version, this does not provide the Court any legal basis to exclude the witnesses.

## CONCLUSION

For the reasons set forth, the Court **ORDERS**:

1.      The plaintiff's motion for leave to amend to file a fourth amended complaint (Doc. 355), is **DENIED**.

2.      The plaintiff's motion to exclude the defense experts (Doc. 360) is **DENIED**.

IT IS SO ORDERED.

Dated:   July 1, 2026

_____
UNITED STATES DISTRICT JUDGE