**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS MANUEL GARCES,<br>Plaintiff,<br>v.<br>GAMBOA, et al.,<br>Defendants. | 1:21-cv-00392-JLT-EPG (PC)<br>ORDER GRANTING IN PART DEFENDANTS' MOTIONS IN LIMINE<br>(Doc. 382) |

Defendants Hubbard, Hernandez, Wolfe, Cathey, Huerta, and Sanders submitted motions in limine regarding evidence expected to be presented at trial beginning on September 22, 2026. Plaintiff did not file an opposition to the motion. For the reasons set forth below, Defendants' motion in limine (Doc. 382) is **GRANTED IN PART.**

## I. BACKGROUND

Luis Manuel Garces brings a constitutional challenge under 42 U.S.C. § 1983, as against a series of correctional officers, wardens, lieutenants, and sergeants from Corcoran State Prison. (Doc. 80 at 1–5.) Plaintiff's claims arise from an incident which occurred on June 12, 2019, where he claims he was assaulted by a group of officers while attempting to notify them of certain safety concerns. (*See id*. at 6–13.) Due to the assault, Plaintiff incurred a series of medical injuries he claims were inadequately treated. (*Id*. at 27–28.) Specifically, Plaintiff brings claims against Defendants Hubbard, Hernandez, Wolfe, Cathey, and Huerta for using excessive force against

him in violation of the Eighth Amendment. Plaintiff also brings claims against Defendants Hubbard and Hernandez for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Finally, Plaintiff brings claims against Defendant Sanders for fabricating evidence against him in violation of the Fourteenth Amendment's procedural due process clause. As to Defendant Sanders, Plaintiff claims that he fabricated/ altered evidence in connection with the June 12, 2019, incident which led to a criminal prosecution he ultimately won, and punishment in the form of solitary confinement for years. (*See* Doc. 79 at 10; Doc. 80 at 25.)

## II. LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The Ninth Circuit explained that motions in limine allow parties to resolve evidentiary disputes ahead of trial "before attempted use of the evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009). However, motions in limine should not be used to weigh evidence or address factual disputes, which usurps the role of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000). Additionally, "[m]otions in limine seeking the exclusion of broad categories of evidence are disfavored." *Scott v. Beregovskaya*, 2026 WL 353198, at *1 (E.D. Cal. Feb. 9, 2026) (citation omitted); *Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016).

A party seeking the exclusion of evidence "has the burden of establishing that the evidence is not admissible for any purpose." *United States v. Wager*, 651 F. Supp. 3d 594, 598 (N.D.N.Y. 2023) (citation omitted). To satisfy this burden, the movant "must identify the evidence at issue and state with specificity why such evidence is inadmissible." *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020). The rulings on the motions in limine made below do not preclude either party from raising the admissibility of the evidence discussed herein, if the evidence adduced at trial demonstrates a change of circumstances that would make the evidence admissible, such as for impeachment or if the opponent opens the door to allow for its admissibility. However, if this occurs, the proponent of the evidence **SHALL** raise the issue with

the Court outside the presence of the jury. Finally, the rulings made here are binding on all parties and their witnesses and not merely on the moving party.[1]

## III. DISCUSSION

### A. Motion in Limine No. 1: Exclusion of Plaintiff's Lay Opinion Regarding the Nature and/or Extent of His Injuries and Proper Medical Treatment

Defendants seek to preclude Plaintiff from testifying about the nature or extent of his alleged injuries and the adequacy of medical treatment he received for those injuries. (Doc. 382 at 2.) Opinions about medical causation, diagnosis, and prognosis can only be rendered based on specialized knowledge held by an expert qualified by medical education, experience, and training. *See* Fed. R. Evid. 702.

The Court finds that Plaintiff may testify as to what he felt and observed because of the alleged assault, such as his personal knowledge of the symptoms and sensations he experienced. Fed. R. Evid. 701 ("If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are rationally based on the perception of the witness, helpful to a clear understanding of the issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."); *Gilmore v. Lockard*, No. 1:12-cv-00925-SAB, 2017 WL 615155, at *1 (E.D. Cal. Feb. 14, 2017) ("Plaintiff may testify as to what happened to him, when it happened, how he felt, and other facts about what he personally observed and experienced."). And though Plaintiff may testify about his perceived cause of ailment, he may not offer a medical conclusion regarding the cause of injury. *See Sienze v. Kutz*, No. 1:17-cv-0736-AWI-SAB, 2019 WL 1332184, at *3 (E.D. Cal. Mar. 25, 2019) (finding that the plaintiff may opine as to how he thinks his injuries were caused because he has direct knowledge of his pain and function both before and after the events at issue) (citations omitted); *Calloway v. Contra Costa Cnty. Jail Corr. Officers*, No. C 01-2689-SBA, 2007 WL 134581, at *19 (N.D. Cal. Jan. 16, 2007) (sustaining objection to plaintiff's statement

[1] Rulings on motions in limine "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

that damage to the fistula in his arm was caused by county deputies during the incident in question, and that injury to his graft was caused by repeated handcuffing, because it constituted improper lay opinion as a medical conclusion under Rule 701).

However, Plaintiff is not a doctor and lacks medical expertise, training, or education to offer opinions or inferences as to the medical causes, nature, and extent of his alleged injuries. Fed. R. Evid. 702; *Calloway*, 2007 WL 134581, at *19. Plaintiff is not qualified to testify about his medical records, medical conditions, and medical diagnosis. *Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014) (lay witnesses not allowed to testify regarding medical diagnosis). In addition, to the extent Plaintiff seeks to introduce medical records, observations from medical records are hearsay and may not be admitted without a testifying medical professional. *See Clemente v. Carroll*, No. 2:25-cv-01583-HDV-AGR, 2026 WL 1850082, at *3 (C.D. Cal. June 5, 2026) (explaining that any testimony by the plaintiff of diagnoses received from treating physicians "are hearsay when offered to prove the truth of the diagnosis itself"). Plaintiff is precluded from offering any testimony in this regard. Thus, Motion in Limine No. 1 is **GRANTED IN PART**.

**B. Motion in Limine No. 2: Exclusion of Plaintiff's Testimony Regarding Matters and Claims that the Court has Already Dismissed**

Defendants seek to preclude Plaintiff from testifying or offering evidence regarding dismissed defendants and claims. (Doc. 382 at 3–4.) Reference to past motions which were ultimately granted in favor of Defendants and resulted in the dismissal of certain claims or parties is irrelevant and inadmissible. *Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-cv-01271-SAB, 2013 WL 5718882, at *9 (E.D. Cal. Oct. 18, 2013) (finding that the parties were precluded from mentioning that certain claims and defendants had been previously dismissed on summary judgment as "irrelevant" and "highly prejudicial"). For instance, reference to certain defendants such as medical personnel staff—namely, defendants Gill, Ibarra, Camacho, Aragon, Ramadan, and Boyd who Plaintiff alleges failed to administer prompt medical treatment after the prison assault—is irrelevant. (*See* Doc. 80 at 28–33.) These defendants have been dismissed. (*See* Doc. 299 at 3; Doc. 308 at 3.) The only Defendants that remain as to Plaintiff's medical indifference claim involve two sergeants, not prison medical staff. (Doc. 80 at 28.)

However, "to the extent that there are facts that relate to a claim that was dismissed and a claim that is still pending in this action, those facts and evidence are admissible." *Irvin v. City of Shaker Heights*, No. 1:06-cv-1779, 2012 WL 13028095, at *5 (N.D. Ohio May 17, 2012); Fed. R. Evid. 401 ("Evidence is relevant if: it has any tendency to make a fact more or less probable . . . and the fact is of consequence in determining the action"). As such, Motion in Limine No. 2 is **GRANTED IN PART**.

**C. Motion in Limine No. 3: Exclusion of Evidence Regarding Defendants' Involvement in Other Lawsuits, Claims, or Alleged Misconduct**

Defendants move to exclude evidence about other allegations of misconduct purportedly made against Defendants, including but not limited to, other lawsuits, prison grievances that have been filed against them, or other alleged incidents. (Doc. 382 at 4.) The Court finds that reference to such evidence is inadmissible under Rules 404(b)(1) and 403.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). While Rule 404(b)(2) allows for the admission of crimes, wrongs, or other acts to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Fed. R. Evid. 404(b)(2), such evidence may only be admitted if, "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (citation and quotation omitted). The proponent of the disputed evidence, in this case Plaintiff, bears the burden of demonstrating its admissibility under the foregoing test. *United States v. Montgomery*, 150 F.3d 983, 1001 (9th Cir. 1998) (citation omitted). Plaintiff has not identified a lawful purpose for which he intends to use such evidence, nor has he met his burden under the applicable test, as Plaintiff failed to oppose this motion in limine.

Evidence of prior lawsuits or complaints against Defendants does not tend to prove that Defendants violated Plaintiff's rights in this case. Thus, evidence of past complaints of misconduct would only serve to confuse or mislead the jury into thinking that Defendants must

have violated Plaintiff's rights because they were accused of wrongdoing in the past. The introduction of this evidence will waste time, confuse the issues, and be unduly prejudicial. Fed. R. Evid. 403. Accordingly, Plaintiff is precluded from arguing, eliciting testimony, or testifying about any other lawsuits, claims, or incidents alleging misconduct against Defendants. In conclusion, Motion in limine No. 3 is **GRANTED**.

**D. Motion in Limine No. 4: Exclusion of Evidence That the State May Pay a Judgment Rendered Against Defendants**

Defendants move to exclude evidence that the State may indemnify the Defendants in the event an adverse judgment is entered against them in this action. (Doc. 382 at 5.) Defendants argue this evidence is prejudicial as a jury may feel more inclined to find for Plaintiff if it believes the Defendant will be indemnified as opposed to being required to satisfy the judgment alone. (*Id*.) The Court finds that such evidence is inadmissible under Rules 411 and 403. Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control."); Fed. R. Evid. 403.

First, there is no indication that Plaintiff intends to use such evidence for a lawful purpose as this motion in limine is unopposed. *See* Fed. R. Evid. 411. Second, "[c]ourts have generally held that evidence of indemnity should be excluded under the balancing test of 403 because the evidence can be prejudicial and is generally not highly probative." *Armstrong v. Hawaiian Airlines*, *Inc.*, No. 18-00326-ACK-WRP, 2019 WL 13162437, at *11 (D. Haw. Oct. 29, 2019) (citing *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1190 (9th Cir. 1995)). Indeed, several courts within this district have held that evidence of indemnification is unduly prejudicial for the same reasons Defendants propose. *See Jacobs v. Alexander*, No. 1:05-cv-01625-SAB, 2015 WL 8010537, at *4 (E.D. Cal. Dec. 7, 2015) (excluding evidence relating to payment or reimbursement by the State of California under Rule 411 as irrelevant and prejudicial "because a jury is more inclined to deliver a verdict against a defendant if it believes that he is indemnified");

*Washington v. Samuels*, No. 1:12-cv-01404-SAB, 2016 WL 3999990, at *4–5 (E.D. Cal. July 25, 2016) (same). Therefore, Motion in limine No. 4 is **GRANTED**.

**E. Motion in Limine No. 5: Exclusion of Evidence Regarding Offers to Compromise**

Defendants move to preclude Plaintiff from offering or eliciting testimony or mentioning in front of the jury any offers to compromise or statements made during settlement negotiations. (Doc. 382 at 6.) Federal Rule of Evidence 408 provides that evidence of offers to compromise and conduct or statements made during settlement negotiations are inadmissible to prove liability or the amount of a claim, or to impeach a prior inconsistent statement. The parties sent each other written settlement communications on December 2025, and January 2026, which did not result in settlement of the case. (Doc. 382 at 6.)

To the extent Plaintiff seeks to use such evidence to prove that Defendants are liable because they expressed a willingness to settle the case, or to suggest that Defendants are unreasonable because they refused to settle with Plaintiff, such evidence is inadmissible under Rule 408. Nor does Plaintiff identify a legitimate purpose for the use of such evidence as this motion in limine is unopposed. *See* Fed. R. Evid. 408(b) ("The Court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."). As such, the Motion in Limine No. 5 is **GRANTED**.

**F. Motion in Limine No. 6: Exclusion of Evidence Regarding Plaintiff's Current Conditions of Confinement**

Defendants move to preclude Plaintiff from testifying about Defendant's alleged influence on his current detention conditions and his ability to access the law library at High Desert State Prison, his current place of confinement. (Doc. 382 at 7; *see also* Doc. 375 at 1–2.) Notably, Plaintiff's claims in this case arise out of conduct which occurred at Corcoran State Prison, from employees working at Corcoran State Prison at that time. (*See* Doc. 80.) As such, any reference to alleged misconduct affecting the Plaintiff's current prison conditions in High Desert State Prison is irrelevant and has the risk of confusing the issues, misleading the jury, and wasting time. Such

evidence is excluded under Fed. R. Evid. 401 and 403. Thus, Motion in Limine No. 6 is **GRANTED**.

### G. Motion in Limine No. 7: Admissibility of Plaintiff's Prior Felony Convictions for Impeachment Purposes

Defendants seek to admit Plaintiff's two prior felony convictions, namely, his 2004 felony convictions for murder and assault with a deadly weapon and his 2016 felony conviction for assault with a deadly weapon. (Doc. 382 at 9.) Plaintiff is currently incarcerated because of these convictions and is still carrying out his sentence in connection with these crimes. (*Id.*) The Court finds that evidence of these three felony convictions is admissible but is limited to referencing only the fact that Plaintiff has suffered three prior felony convictions, and the fact that he is currently serving an indeterminate prison sentence for these crimes. *See Puckett v. Zamora*, No. 1:12-cv-00948-JLT, 2015 WL 3871976, at *1 (E.D. Cal. June 23, 2015).

Rule 609 provides that a testifying witness's character for truthfulness may be attacked by evidence of a criminal conviction for a crime that is punishable by imprisonment for more than one year and for any crime proving a dishonest act or false statement. Fed. R. Evid. 609(a). The rule limits the use of convictions where it has been more than ten years since the conviction or release from confinement for it, whichever is later. Fed. R. Evid. 609(b). "[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (quoting *United States v. Rubio*, 727 F.2d 786, 797 n.5 (9th Cir. 1983)). Generally, "only the prior conviction, its general nature, and punishment of felony range are fair game for testing the [witness's] credibility." *Osazuwa*, 564 F.3d at 1175 (quoting *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996)).

Assuming Plaintiff takes the witness stand, admission of Plaintiff's three prior felony convictions unless the risk of unfair prejudice substantially outweighs the probative value.[2] *See*

---

[2] The Court notes that evidence of a conviction that is more than ten years old is subject to a different balancing test. *See* Fed. R. Evid. 609(b)(1) ("[I]f more than 10 years have passed since the witness's conviction or release from confinement, whichever is later. Evidence of the conviction is admissible only
(continued…)

Fed. R. Evid. 609(a)(1)(A) (explaining that evidence of a witness's prior conviction of a crime punishable by death or by imprisonment for over one year "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant."); Fed. R. Evid. 403. The Court finds that this evidence is admissible. First, that Plaintiff was convicted of three felonies is probative to understanding his character for truthfulness, which is often a central issue in civil rights actions under 42 U.S.C. § 1983. *See Puckett*, 2015 WL 3871976, at *1 (admitting evidence of plaintiff's prior felony convictions in a § 1983 action where plaintiff's credibility is a central issue in the case); *Bush v. Santoro*, No. 1:20-cv-00015-JLT-EPG, 2024 WL 363714, at *1, 12 (E.D. Cal. Jan. 31, 2024) (admitting evidence of plaintiff's prior murder conviction in a § 1983 action where plaintiff's character for truthfulness was at issue). Second, there is little prejudicial effect from admission of these felony convictions since the jury will be aware that Plaintiff has been incarcerated because he brings his claims as a prisoner. *Perez v. Dill*, No. 1:07-cv-01794-BAM, 2016 WL 8730761, at *4 (E.D. Cal. Jan. 29, 2016).

"However, evidence about the nature of Plaintiff's convictions, for [murder and assault with a deadly weapon] is highly prejudicial to Plaintiff, and there is no probative value of that evidence to the Eighth [and Fourteenth] Amendment claims . . . in this case." *Perez*, 2016 WL 8730761, at *4. Further, "evidence of the specific convictions," including the underlying facts and title or name of the offense at issue, "would be far more prejudicial than they are probative." *Puckett*, 2015 WL 3871976, at *1. Further, evidence about the length and terms of Plaintiff's conviction invites speculation from the jury regarding the nature of Plaintiff's convictions and there is a high

---

(…continued)
if: its <u>probative value . . . substantially outweighs its prejudicial effect</u>") (emphasis added). However, Rule 609(b)'s ten-year limit is inapplicable here because Plaintiff remains incarcerated for his 2004 murder and assault conviction, which means that more than ten years have not passed since his release from confinement. (Doc. 382 at 9); *see Petillo v. Jasso*, No. 1:21-cv-01401-SAB, 2023 WL 5596531, at *3 (E.D. Cal. Aug. 29, 2023) (citing *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) (noting that the ten-year clock under Rule 609(b) "starts at the witness's release from any physical confinement, or in the absence of confinement, the date of the conviction")). Plaintiff has not yet been released from confinement in connection with this offense; thus, his ten-year clock has not started. *See Perez v. Dill*, No. 1:07-cv-01794-BAM, 2016 WL 8730761, at *4 (E.D. Cal. Jan. 29, 2016) (rejecting plaintiff's argument that because his convictions are more than 10 years old, they are inadmissible and finding that since plaintiff is currently serving the sentence for the felony convictions at issue, his conviction qualifies under Rule 609(a)(1)(A) subject to Rule 403's balancing test).

risk of prejudice to him from introducing that evidence. *Perez*, 2016 WL 8730761, at *5; *see also Hernandez v. Constable*, No. 2:19-cv-02195-DC-SCR, 2025 WL 2946557, at *2 (E.D. Cal. Oct. 17, 2025) (finding that defendants may introduce evidence that plaintiff was convicted of a felony and that he is currently serving a sentence for that conviction, but excluding the admission of the nature of the crime and length of sentence because the probative value is substantially outweighed by unfair prejudice).

In conclusion, Motion in Limine No. 7 is **GRANTED IN PART**. Defendants may only introduce evidence of Plaintiff's 2004 and 2016 felony convictions and that he is currently serving an indeterminate prison sentence for those crimes. Defendants may not introduce evidence relating to the nature of the crimes, title or name of the offense, or length of criminal sentence.

**H. Motion in Limine No. 8: Exclusion of Evidence Regarding the Result of Plaintiff's Criminal Prosecution, Which Arose from the Same Incident at Issue in This Case**

Defendant seeks to exclude evidence of *the result* of Plaintiff's criminal prosecution in Kings County Superior Court related to the incident at issue in this case. (Doc. 382 at 10.) By way of background, Plaintiff was charged with battery and three counts of resisting a peace officer with force or violence, arising from the same incident which forms the basis for Plaintiff's § 1983 claims—namely, an altercation between Plaintiff and various correctional officers which occurred on June 12, 2019, at Corcoran State Prison. (*Id.*; *see also* Doc. 80 at 1–13.) Plaintiff's criminal charges were dismissed pursuant to a motion under Cal. Pen. Code § 1118 because the state court found, upon weighing the evidence before it, that defendant was not guilty of the crime charged. (Doc. 382 at 10); Cal. Pen. Code § 1118. The Court concludes that evidence that Defendant Sander's allegedly fabricated evidence which led to a criminal prosecution against Plaintiff is admissible, however, evidence of the *result* of the prosecution (e.g., acquittal) is inadmissible as minimally probative and unduly prejudicial.

"Evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'" *Borunda v.*

*Richmond*, 885 F.2d 1384, 1387 (9th Cir. 1988) (citation omitted); *Luna v. Cnty. of Los Angeles*, No. CV 07-04715-SJO, 2008 WL 11410093, at *2 (C.D. Cal. Sept. 25, 2008) ("[T]he rationale for . . . exclusion of such acquittal evidence is that the state's failure to prove guilt beyond a reasonable doubt in the previous criminal trial does not mean that it did not meet the 'lesser probable cause standard,' which requires an evaluation of whether the facts and circumstances within the police's knowledge were sufficient to warrant a reasonable belief that an offense has been or is being committed") (citations omitted).

Under Fed. R. Evid. 403, acquittal evidence in this context "is likely to unfairly prejudice the defendants because the jury might infer from the acquittal that the plaintiff should not have been arrested and that the allegations against the defendant are correct. . . . Another common concern is that the jury may be confused by the different standards of guilt and probable cause." *Luna*, 2008 WL 11410093, at *1–2, 3 (citations omitted) (dealing with § 1983 claims for false arrest, malicious prosecution, and violation of due process by presentation of fabricated evidence at criminal trial). Likewise, Plaintiff alleges that Defendant Sanders deliberately fabricated and altered evidence, which was then used as probable cause to prosecute Plaintiff for battery and assault on a peace officer, and serves as the basis for Plaintiff's § 1983 deliberate fabrication claim under the Fourteenth Amendment. (*See* Doc. 79 at 10.) Thus, the same risk of unfair prejudice applies. *Luna*, 2008 WL 11410093, at *4 ("[T]here is a realistic risk of juror confusion based on the different standards to convict in a criminal case and the probable cause determination in a § 1983 civil case, even with a limiting instruction.").

This is principally true whereas here, "the criminal charges directly involved the altercation between [Plaintiff] and the defendant police officers" and thus, the "jury might be more swayed by the acquittal." *Luna*, 2008 WL 11410093, at *4. For instance, from the acquittal evidence, the jury may believe that Plaintiff was not an aggressor or a threat and impermissibly use this inference when assessing Plaintiff's eight amendment claim for excessive force. *See* 9th Cir. Manual of Model Civil Jury Instr. 9.29 (explaining that the jury must assess whether the force was "excessive and unnecessary . . . under all the circumstances," which includes assessing "the need to use force" and "any threat reasonably perceived by the defendant").

Furthermore, Plaintiff does not argue that such acquittal evidence is relevant to the jury's assessment of damages (e.g., entitlement to attorney's fees in defending against criminal charges caused by the § 1983 violation) and even if he did, Plaintiff can present evidence that he defended against criminal charges without mentioning the acquittal. *See Luna*, 2008 WL 11410093, at *3–4 ("Judicial hesitance to admit acquittal evidence is particularly apparent where relevance of the acquittal is limited to damages.") Finally, any argument that the acquittal evidence is a necessary element of Plaintiff's fabrication claim is incorrect. *See Caldwell v. City & Cnty. of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018) ("As to what constitutes an injury, a § 1983 plaintiff need not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty—being criminally charged is enough.") (citing *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001)).[3]

In sum, evidence that Defendant Sander fabricated evidence, which ultimately led to a criminal prosecution against Plaintiff, is admissible to prove Plaintiff's Fourteenth Amendment claim for fabricated evidence. *See* 9th Cir. Manual of Model Civil Jury Instr. 9.38 ("For the plaintiff to prevail on his claim of deliberate fabrication of evidence, the plaintiff must prove the following element by a preponderance of the evidence: The defendant deliberately fabricated evidence that was used to criminally prosecute the plaintiff.") (emphasis added). However, evidence that the criminal prosecution ended in acquittal is not necessary for proving Plaintiff's *Devereaux* claim of fabricated evidence and is unduly prejudicial. *See Caldwell*, 889 F.3d at 1115; *Luna*, 2008 WL 11410093, at *3. As such, Motion in Limine No. 8 is **GRANTED**.

///

///

[3] It is true that, under *Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994), Plaintiff's claim for deliberate fabrication of evidence would be barred and dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if the criminal proceedings had not terminated in his favor. *See McDonough v. Smith*, 588 U.S. 109, 117 (2019) (adopting *Heck's* "favorable-termination" requirement from the malicious prosecution context to the fabricated evidence context and finding that the plaintiff could not bring his fabricated-evidence claim under § 1983 prior to a favorable termination of his prosecution); (Doc. 79 at 9–10). However, whether the criminal proceedings terminated in favor of Plaintiff is a legal issue to be addressed by the Court prior to trial under Fed. R. Civ. P. 12(b)(6), not an element that needs to be proved to and decided by a jury. *See Luna*, 2008 WL 11410093, at *4 (rejecting plaintiff's argument that the acquittal evidence was necessary to prove an element of his claim for false arrest and malicious prosecution).

**I. Motion in Limine No. 9: Exclusion of Evidence of the Rules Violation Proceedings Against Plaintiff**

Defendant moves to exclude evidence or testimony regarding the prison rules violation proceeding which was brought against the Plaintiff as irrelevant under Fed. R. Evid. 401 and as a waste of time under Fed. R. Evid. 403. (Doc. 382 at 12.) The Court agrees. This Court previously dismissed Plaintiff's Fourteenth Amendment due process claim regarding the Defendants' act of filing a false rules violation report against the Plaintiff. (*See* Doc. 18 at 22–27; Doc. 21.) In doing so, this Court explained that the filing of a false violation report by itself does not violate a prisoner's constitutional rights so long as the prisoner received adequate procedural due process and the false allegations were not made in retaliation for the prisoner exercising his constitutional rights. (Doc. 18 at 26.) The Court found that Plaintiff's second amended complaint failed to allege any procedural defect in connection with the disciplinary hearing and failed to allege that the false rules violation report was made in retaliation. (*Id*. at 25, 26.) Additionally, the SAC established that Plaintiff had been notified of the charges against him, and that although Plaintiff claimed he was not informed of the underlying facts of those charges, such allegation was insufficient to state a cognizable due process claim. (*Id*. at 25.)

Later, the Court allowed Plaintiff to amend his complaint to proceed on his Fourteenth Amendment due process claim, but solely as to the fabrication of evidence used to subject him to a criminal proceeding that resulted in his favor in accordance with *Devereaux*, 263 F.3d at 1074–75. (Doc. 79 at 9–10.) Therefore, any reference to the false rules violation report is irrelevant and runs the risk of confusing the issues, misleading the jury, and wasting time. Fed. R. Evid. 401; Fed. R. Evid. 403. As such, Motion in Limine No. 9 is **GRANTED**.

**J. Motion in Limine No. 10: Exclusion of Evidence or Testimony Regarding the "Code of Silence" or "Green Wall"**

Defendants move to exclude evidence or testimony regarding the "Code of Silence" and the "Green Wall" as irrelevant, unduly prejudicial, and a waste of time under Rules 401 and 403. (Doc. 382 at 12.) According to Defendants, twenty years ago, newspaper articles reported that a group of CDCR officers at Corcoran State Prison called themselves the "Green Wall" and

engaged in a "Code of Silence." (*Id.*) Defendants argue that there is no evidence in this case connecting these terms to any of the six Defendants in this case, or to any of the current staff at California State Prison, Corcoran and that these terms should thus be excluded from trial. (*Id.*)

In Plaintiff's third amended complaint, he repeatedly argues that prison officials "use their custom to interfere with inmates' rights to medical assistance" and "maintain a custom for the use of excessive force." (*See* Doc. 80 at 14–17.) However, first, this is not a "custom and policy" case because state officials have Eleventh Amendment immunity in federal court for actions taken in their official capacities. Second, asserting that there is a "Green Wall" or a "Code of Silence," based on a decades old newspaper article is improper and does not connect this custom to any defendant in this case. Thus, the motion is **GRANTED**.

**ORDER**

For the reasons set forth, the Court **ORDERS**:

1. Defendant's motion in limine No. 1 (Doc. 382 at 2–3) is **GRANTED IN PART**;
2. Defendant's motion in limine No. 2 (Doc. 382 at 3–4) is **GRANTED IN PART**;
3. Defendant's motion in limine No. 3 (Doc. 382 at 4–5) is **GRANTED**;
4. Defendant's motion in limine No. 4 (Doc. 382 at 5–6) is **GRANTED**;
5. Defendant's motions in limine No. 5 (Doc. 382 at 6–7) is **GRANTED**;
6. Defendant's motion in limine No. 6 (Doc. 382 at 7) is **GRANTED**;
7. Defendant's motion in limine No. 7 (Doc. 382 at 8–9) is **GRANTED IN PART**;
8. Defendant's motion in limine No. 8 (Doc. 382 at 10–11) is **GRANTED**;
9. Defendant's motion in limine No. 9 (Doc. 382 at 11–12) is **GRANTED**;
10. Defendant's motion in limine No. 10 (Doc. 382 at 12) is **GRANTED**.

IT IS SO ORDERED.

Dated: September 9, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE