**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS MANUEL GARCES,<br>Plaintiff,<br>v.<br>GAMBOA, et al.,<br>Defendants. | 1:21-cv-00392-JLT-EPG (PC)<br>ORDER DENYING PLAINTIFF'S FIFTH MOTION FOR APPOINTMENT OF COUNSEL AND APPOINTMENT OF AN EXPERT<br>(Doc. 391, 392) |

Plaintiff has filed four prior motions for appointment of counsel. (Docs. 29, 67, 131[1], 258, 343) The Court has denied these motions four times. (Docs. 30, 76, 142, 271, 345) He has now filed another such motion (Doc. 391) For the reasons already stated (Docs. 30, 76, 142, 271, 345), plaintiff's most recent motion for appointment of counsel (Doc. 341) is **DENIED**.

In addition, plaintiff moves the Court for appointment of experts. (Doc. 392) He does not indicate the topic on which he'd like an expert to testify but seems to say that it would be to address the issues that may be raised by the defense medical experts. *Id*. at 2.

The Court finds appointment of an expert witness to be inappropriate in this case for several reasons. First, the medical issues in this case are not so complex that appointment of an expert witness is necessary. A factfinder will be fully capable of understanding Plaintiff's claim that

[1] This request for appointment of counsel was in the guise of a motion for reconsideration of the Court's May 19, 2023 denial of plaintiff's second motion for appointment of counsel.

defendants' used excessive force and his additional claim that he was denied medical care thereafter without needing an expert. Plaintiff needs no expert to explain to the jury what happened, what on his body was hurt, when he started hurting, when it stopped hurting and why he thinks these hurts were inflicted by the defendants (as opposed to what anyone told him about the cause of his physical maladies).

Second, Federal Rules of Evidence Rule 706(b) requires that an appointed expert be reasonably compensated. Plaintiff, however, is proceeding *in forma pauperis* in this action, and the *in forma pauperis* statute does not authorize a district court to waive witness fees or pay expenses to witnesses. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989). The Court acknowledges that it could impose the costs of appointed experts on the defendants in an appropriate case, if the Court determined that more experts were required. Here, however, the defense has already secured experts, so if there is any uncertainty as to the meaning of medical evidence, these experts will be able to explain. Notably, the Court is authorized to appoint *neutral* experts, not expert-advocates. *Hernandez v. Ogbuehi*, No. 23-3306, 2025 WL 1276498, at *1 (9th Cir. May 2, 2025) Thus, Plaintiff's argument that he needs his "own" expert misses the mark.

Third, the Court will appoint experts only in exceptional cases and, while important, this case is not exceptional, as noted by the Court in its five rulings denying appointment of counsel (see above). *See Herrera v. Hall*, No. 1:08-cv-01882-LJO-SMS PC, 2011 U.S. Dist. LEXIS 68853, at *3-4 (E.D. Cal. June 27, 2011) (denying motion to appoint an expert witness where the case did not present particularly exceptional or complex legal issues). Indeed, the issues raised in this case are brought in this case frequently and regularly in this Court.

Third, the trial in this matter is scheduled to start in a little over a week. Experts could not be located and come up to speed quickly enough to preserve that trial date. This case is more than five years old already, and it relates to events that occurred seven years ago (Doc. 1 at 9) such that a further delay is not warranted or appropriate. In addition, should this trial date be lost, due to the Court's extremely heavy criminal trial schedule, it is unlikely that this case could be set for a trial again before the summer of 2027. Thus, the motion is untimely.

Fourth, plaintiff's argument that he was surprised by the need to have medical experts is belied by his objections to the defense experts, the first of which occurred in April 2026 (Doc. 341) and the second in early May 2026 (Doc. 346), and his "rebuttal" to the defense medical experts Dr. Finkenberg and Dr. Peterson (Doc. 350, at 27-139) filed on May 18, 2026. Even still, plaintiff he has always had the burden of proving in his case in chief—to the extent that he chooses—the physical injuries he claims he suffered due to wrongful conduct by the defendants. This is not a circumstance that has recently arisen. And, again, he needs no expert to explain to the jury what on his body hurt, when it started hurting and why he thinks these hurts were inflicted by the defendants. The jury and the Court will be able to understand this information without specialized assistance. On the other hand, the fact that plaintiff now realizes that he prefers to present his medical conditions through expert testimony does not change this.

Accordingly, for all the reasons set forth above, plaintiff's motion for the appointment of expert witnesses (Doc. 342) is **DENIED**.

IT IS SO ORDERED.

Dated: September 11, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE